Jennifer J. Middleton, OSB # 071510
jmiddleton@justicelawyers.com
JOHNSON JOHNSON LUCAS & MIDDLETON, PC
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Phone: 541/683-2506
Fax:    541/484-0882
    Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION**

| | |
|---|---|
| **JENNIFER JOY FREYD,** | Case No. 17-448 |
| Plaintiff, | **COMPLAINT** |
| vs. | Equal Pay Act, Title VII, Title IX, U.S. Constitution 14th Amendment; Or. Const. Equal Rights Amendment; ORS 659A.030; ORS 652.220; Breach of Contract |
| **UNIVERSITY OF OREGON,** | |
| Defendant. | _**Demand for Jury Trial**_ |

**INTRODUCTORY STATEMENT**

**1.**

Jennifer J. Freyd, who has been a full professor in the University of Oregon's Psychology Department for almost 25 years and is an internationally-recognized scholar, is paid substantially less than her male colleagues who hold the same positions, are junior to her, and are no more accomplished. The Psychology Department recognizes and acknowledges this gender-based disparity in her salary as well as the salaries of other female professors in the department. Despite forceful advocacy on her behalf by the head of her department and others, the University

of Oregon has not rectified its sex discrimination. This is an action arising under the Equal Pay Act, Title VII, Title IX, the Equal Protection Clause of the United States Constitution, the Equal Rights Amendment of the Oregon Constitution, and related state laws, challenging the UO's discrimination against Professor Freyd.

## PARTIES

2.

Jennifer J. Freyd is a Professor of Psychology at the University of Oregon and a resident of Eugene, Oregon. She is female.

3.

The University of Oregon (UO) is a state educational institution with its primary campus in Eugene, Oregon.

4.

UO receives federal funding and is subject to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

5.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## FACTS

7.

The UO Psychology Department (the Department) is the top ranked department in the College of Arts and Sciences according to the most recent National Research Council relative rankings.

8.

Salaries in the Psychology Department are supposed to be determined by seniority and by merit. Merit-based raises are awarded based on a consideration of research, teaching, and service.

**9.**

The UO Psychology Department conducted a Self Study in the spring of 2016 and provided the study to the Deans of the College of Arts & Sciences. Its purpose was to summarize the Department of Psychology's recent developments, current status, and plans for the future.

**10.**

According to the Self Study, "Psychology currently faces a significant equity problem with respect to salaries at the Full Professor level." Authors conducted a regression analysis and found that "the annual average difference between male and female Full Professors in Psychology is about $25,000. Over a period of 20 years, this means that women faculty receive what could approach at least a half million dollars less in salary than their male counterparts, and probably even more when considering retirement benefits."

**11.**

UO also commissioned an External Review Committee to evaluate the Department of Psychology in June, 2016. James Pennebaker, Regents Centennial Professor of Psychology at the University of Texas, and Richard Ivry, Professor of Psychology and Neuroscience at the University of California, Berkeley, authored the committee report. Their report took note of "the gender disparity in faculty salaries at the full professor level," and recommended that the department "should continue pressing for gender equity in terms of pay at the senior levels of the faculty."

**12.**

Both reports suggested that the disparity emerged mostly as a result of retention raises awarded to faculty who pursued outside offers. The Self Study commented, "This is particularly concerning as it is not obvious that the frequency of retention negotiations is a strong indicator of overall productivity. Rather, it is important to acknowledge that there is strong evidence of a gender bias both in the availability of outside offers and the ability to aggressively respond to such offers."

**13.**

Similarly, the external review committee wrote, "it is widely recognized that there is a difference between the genders in terms of seeking outside offers, and if this holds at Oregon, then the bias does have a gender basis."

**14.**

Throughout 2016, the Psychology Department discussed its gender equity problem in faculty meetings and attempted to come up with ways to rectify it. Acting Department Head Sanjay Srivastava and Department Head Ulrich Mayr both went to College of Arts and Sciences Associate Dean Hal Sadofsky to advocate for raises for female Professors. Dean Sadofsky told the attendees at a November 11, 2016 Psychology Department faculty meeting, "I can see that this is a real issue and I'm convinced that there's an issue there. The college is not in a position to address it right now."

**15.**

Faculty suggested using money available to the department for raises to address gender inequity. Deans Sadofsky and Marcus were unwilling either to use available monies or to search out additional funds from other sources to address gender discrimination in salaries.

**16.**

Professor Freyd has been a Full Professor in the Psychology Department since 1992. She is a pioneer in her field of the psychology of trauma. She developed the influential concept of betrayal trauma. Freyd and her students have discovered and documented the profound impact of betrayal trauma on mental and physical health. Freyd and her graduate students have expanded the theory of betrayal trauma to institutional betrayal – exploring the effects on mental health of betrayal by the government, the health care system, the military, and institutions of higher education. The UO has lauded her with its Research Innovation Award in 2009, its Excellence Award for Outstanding Mentorship in Graduate Studies in 2012, and its Faculty Research Award in 2014.

**17.**

Professor Freyd's work has had a major impact. Special issues of scholarly journals focus on her work. An entire scholarly conference is scheduled in April 2017 around the theme of institutional betrayal. She is the subject of significant national and international news coverage that generally reflects well on the UO. She has twice been invited to the White House because of her research.

**18.**

Professor Freyd's 2015 post-tenure review described her as "a major figure in her field" whose research has "flourish[ed], generating a wealth of data and publications on topics related to psychological trauma." The review noted that Prof. Freyd "continues to garner major honors and awards" including the Award for Outstanding Contributions to Science in Trauma Psychology from the American Psychological Association. She is a Fellow of numerous scholarly and scientific organizations including the American Association for the Advancement of Science. She is the editor of a leading scholarly journal in her field. In 2016 the International Society for the Study of Trauma & Dissociation honored her with a Lifetime Achievement Award.

**19.**

As a Full Professor in the Psychology Department, Prof. Freyd holds a substantially equal job, demanding the same skill, effort and responsibility, as six men and three other women. She has the highest seniority in the Department based on years in rank.

**20.**

Professor Freyd's salary has been infected by sex discrimination from early in her career at the UO. For example, a few years after she joined the Psychology Department she advocated at a faculty meeting for a parental leave policy. A male professor, Steve Keele, opposed the proposal by saying to the entire group that Professor Freyd did not need a better salary because her husband earned a good income.

**21.**

In May 2014, Professor Freyd provided department leadership with a statistical analysis of full professor salaries. It showed a statistically significant gender disparity in pay, with women paid significantly less than men. No corrective action was taken.

**22.**

In April 2015, Prof. Freyd and two colleagues provided another detailed analysis of Full Professor salaries to the Department Chair, Associate Chair, and members of the Executive Committee. Again it showed statistically significant disparities in pay for women, even though the Psychology Department had seen notable retirements and other changes among Full Professors over the prior year.

**23.**

Also in 2015, Department Head Ulrich Mayr carried out Professor Freyd's 6th-year review. At that time, policy and practice in the College of Arts & Sciences allowed for an eight percent raise to faculty who exceeded expectations, and an additional four percent raise "if there is a strong case this is necessary to address equity issues with faculty of comparable merit and time-in-rank within the department."

**24.**

The additional four percent was not well publicized and Department Head Mayr did not know it was available. The UO awarded Professor Freyd an eight percent merit raise for her outstanding contributions and nothing more to address the inequity of her salary relative to her male peers.

**25.**

After that merit raise, Professor Freyd's salary was still $18,000 less than her closest male peer, who was seven years her junior. When taking into consideration relative impact of publications or 2016 merit rankings, the disparity in her pay compared to junior male peers

ballooned to as much as $50,000 per year, according to her Department Head. That wage gap was even greater when considering associated benefits.

**26.**

In preparation for merit raises available in January 2017, the Department asked all professors to prepare a merit report detailing their accomplishments. Professor Freyd provided the requested information and also took the opportunity to reiterate the problem of sex discrimination in pay within the department. She gave a history of her considerable efforts to bring the issue to the attention of the University. She provided a conservative model of what her salary should be if she were paid only the amount predicted by the regression line for her years in rank – without even taking into account her impact on the field and merit rankings. She asked UO to give her a raise that would bring her in line with what she should be paid considering her merit, seniority, and equity with her male peers.

**27.**

In December 2016, Department Head Mayr sent a memo to Associate Dean Hal Sadofsky and Dean of the College of Arts and Sciences (CAS) Andrew Marcus entitled, "Gender Pay Equity in Psychology." He described the "considerable gender inequality among our full professor salaries" and decried the threat it posed to overall morale in the department. He noted the "structural differences and actual biases that make it harder for women to participate" in retention negotiations, concluding that, "retentions should be viewed as one of the mechanisms that produce gender disparities."

**28.**

Department Head Mayr then asked CAS to address "our most glaring inequity case," Professor Freyd. He wrote that her salary is as much as $50,000 below where it should be compared to her male colleagues, and that if he had known money was available in 2015 to address equity issues, he would have pushed to award it to her. He asked for a retroactive promotion raise for her.

**29.**

On January 6, 2017, Department Head Mayr sent an email to the full Psychology Department acknowledging that there were "blatant gender inequities" in pay in the Department. He said that he was lobbying the College of Arts and Sciences for direct and immediate interventions to deal with them.

**30.**

The College of Arts & Sciences announced raises in early January 2017. UO gave Prof. Freyd no additional salary increase beyond the standard across-the-board and merit raises in response to her requests for salary equity. It gave Professor Freyd no retroactive promotion raise in response to Department Head Mayr's entreaty.

**31.**

Instead, Deans Marcus and Sadofsky asked to meet with Professor Freyd. In that January 18, 2017 meeting, the Deans told Professor Freyd that they would not address the sex discrimination in her pay. They belittled her complaints by saying that "only" three men were paid more than she was in her department.

**32.**

There are six male Full Professors in the Department. All are junior to Prof. Freyd and none has a higher h-index than she has. H-index is a widely-used metric in academia to measure the impact of an individual's publications in their academic field. According to the Deans, Professor Freyd is paid less than three of her male colleagues who are junior to her and similarly or less accomplished. She is paid nearly the same as a fourth who is substantially junior.

**33.**

Professor Freyd has filed a verified complaint with the Oregon Bureau of Labor & Industries and cross-filed with the EEOC.

## First Claim for Relief
## Equal Pay Act, 29 U.S.C. § 206(d).

Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

**34.**

UO is an employer subject to the Equal Pay Act, 29 U.S.C. §206(d).

**35.**

UO is discriminating against plaintiff by paying her less than it pays men in the Psychology Department who hold the same job of Full Professor.

**36.**

UO's sex discrimination is willful.

**37.**

This difference in pay is not based on seniority, merit, quality or quantity of production, or any factor other than sex.

**38.**

Paying retention raises to men who seek outside offers is not a factor other than sex because it reflects, amplifies, and capitalizes on existing gender bias in the availability of outside offers, ability to seek them out, and ability to aggressively respond to them. Moreover, use of this factor lacks an acceptable business reason in light of the employer's purposes.

**39.**

As a result of UO's discriminatory practices, plaintiff is entitled to her lost salary and benefits and an additional equal amount as liquidated damages. Plaintiff is further entitled to equitable relief to raise her salary to a non-discriminatory level in the future, and payment of her reasonable attorney fees and costs.

## Second Claim for Relief
## Title VII – Disparate Treatment

Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

**40.**

UO has knowingly and intentionally paid Jennifer Freyd less than men in the same job because of her sex in violation of 42 U.S.C. § 2000e-2. It has failed and refused to rectify this sex discrimination when made aware of it.

**41.**

This difference in pay is not based on seniority, merit, quality or quantity of production, or any factor other than sex.

**42.**

Paying retention raises to men who seek outside offers is not a factor other than sex because it reflects, amplifies, and capitalizes on existing gender bias in the availability of outside offers, ability to seek them out, and ability to aggressively respond to them.

**43.**

Professor Freyd has lost valuable wages and benefits because of UO's discrimination. She has also suffered humiliation, injustice, and other emotional distress because of UO's knowing disregard of and refusal to remedy its discrimination.

**44.**

Professor Freyd is entitled to full backpay, compensatory damages in an amount to be determined by the jury, and equitable relief to raise her salary to non-discriminatory levels in the future.

**45.**

The UO's discrimination is intentional or taken in reckless disregard for plaintiff's rights. Punitive damages in an amount to be determined by the jury should be awarded to punish defendant and deter it and others from acting in a similar manner in the future.

**46.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

## THIRD CLAIM FOR RELIEF
## TITLE VII – DISPARATE IMPACT

Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

**47.**

Defendant's practice in its Psychology Department of paying retention raises when presented with competing offers has a disparate impact on women.

**48.**

Defendant's practice is not job related and consistent with business necessity because, among other reasons, the ability to obtain outside job offers does not correlate with productivity, merit or seniority. Further, an alternative employment practice exists that would eliminate the discrimination, but defendant has refused to adopt the alternative employment practice.

**49.**

Professor Freyd is entitled to full backpay, compensatory damages in an amount to be determined by the jury, and equitable relief to raise her salary to non-discriminatory levels in the future.

**50.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

## FOURTH CLAIM FOR RELIEF
## TITLE IX, 20 U.S.C. § 1681(A)

Plaintiff repeats and realleges paragraphs 1 through 50 as though fully set forth herein.

**51.**

UO receives federal funds and is subject to Title IX of the Education Amendments of 1972.

**52.**

UO has knowingly and intentionally paid Professor Freyd less than men in the same job because of her sex in violation of 20 USC § 1681(a). It has failed and refused to rectify this sex discrimination when made aware of it.

**53.**

Professor Freyd has lost valuable wages and benefits because of UO's discrimination. She has also suffered humiliation, injustice, and other emotional distress because of UO's knowing disregard of and refusal to remedy its discrimination.

**54.**

Professor Freyd is entitled to full backpay, compensatory damages in an amount to be determined by the jury, and equitable relief to raise her salary to non-discriminatory levels in the future.

**55.**

The UO's discrimination is intentional or taken in reckless disregard for plaintiff's rights, and punitive damages in an amount to be determined by the jury should be awarded to punish defendant and deter it and others from acting in a similar manner in the future.

**56.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

**FIFTH CLAIM FOR RELIEF**
**EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION, 14TH AMENDMENT**

Plaintiff repeats and realleges paragraphs 1 through 56 as though fully set forth herein.

**57.**

By the acts and omissions described above, defendants have intentionally discriminated against Jennifer Freyd because of sex.

**58.**

This discrimination has no exceedingly persuasive justification.

**59.**

Defendant's unjustified discrimination violates plaintiff's right to equal protection of the laws enshrined in the 14th Amendment to the United States Constitution and enforced through 42 U.S.C. § 1983.

**60.**

Professor Freyd has lost valuable wages and benefits because of UO's discrimination. She has also suffered humiliation, injustice, and other emotional distress because of UO's knowing disregard of and refusal to remedy its discrimination.

**61.**

Professor Freyd is entitled to full backpay, compensatory damages in an amount to be determined by the jury, and equitable relief to raise her salary to non-discriminatory levels in the future.

**62.**

The UO's discrimination is intentional or taken in reckless disregard for plaintiff's rights, and punitive damages in an amount to be determined by the jury should be awarded to punish defendant and deter it and others from acting in a similar manner in the future.

**63.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

### SIXTH CLAIM FOR RELIEF
### EQUAL RIGHTS AMENDMENT OF THE OREGON CONSTITUTION
### ARTICLE I, SECTION 46

Plaintiff repeats and realleges paragraphs 1 through 63 as though fully set forth herein.

**64.**

By the acts and omissions described above, UO has denied Prof. Freyd equality of rights on account of sex, in violation of Or. Const. Art. I § 46.

**65.**

Professor Freyd is entitled to equitable relief to raise her salary to non-discriminatory levels in the future.

**66.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

## SEVENTH CLAIM FOR RELIEF
## ORS 659A.030 – DISPARATE TREATMENT

Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

**67.**

UO has knowingly and intentionally paid Professor Freyd less than men in the same job because of her sex in violation of ORS 659A.030.

**68.**

Professor Freyd has lost valuable wages and benefits because of UO's discrimination. She has also suffered humiliation, injustice, and other emotional distress because of UO's knowing disregard of and refusal to remedy its discrimination.

**69.**

Professor Freyd is entitled to full backpay, compensatory damages in an amount to be determined by the jury, and equitable relief to raise her salary to non-discriminatory levels in the future.

**70.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

## EIGHTH CLAIM FOR RELIEF
## ORS 659A.030 – DISPARATE IMPACT

Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

**71.**

Defendant's practice in its Psychology Department of paying retention raises when presented with competing offers has a disparate impact on women.

**72.**

Defendant's practice is not job related and consistent with business necessity because, among other reasons, the ability to obtain outside job offers does not correlate with productivity, merit or seniority. Further, an alternative employment practice exists that would eliminate the discrimination, but defendant has refused to adopt the alternative employment practice.

**73.**

Professor Freyd is entitled to full backpay, compensatory damages in an amount to be determined by the jury, and equitable relief to raise her salary to non-discriminatory levels in the future.

**74.**

Plaintiff is further entitled to her reasonable attorney fees and costs.

### NINTH CLAIM FOR RELIEF
### ORS 652.220 – WAGE DISCRIMINATION

Plaintiff repeats and realleges paragraphs 1 through 74 as though fully set forth herein.

**75.**

UO is paying plaintiff at a rate less than it pays to men for work of comparable character, the performance of which requires comparable skills, in violation of ORS 652.220.

**76.**

This difference in pay is not based on seniority, merit, or any differential that is based in good faith on factors other than sex.

**77.**

Paying retention raises to men who seek outside offers is not a differential that is based in good faith on factors other than sex. It reflects, amplifies, and capitalizes on existing gender bias in the availability of outside offers, ability to seek them out, and ability to aggressively respond to them. UO is aware of the gender bias inherent in its use of this factor and its continued use is not use in good faith.

**78.**

As a result of UO's discriminatory practices, plaintiff is entitled to her lost salary and benefits as well as equitable relief to raise her salary to a non-discriminatory level in the future. She is further entitled to payment of her reasonable attorney fees and costs.

## TENTH CLAIM FOR RELIEF
### BREACH OF CONTRACT – COVENANT OF GOOD FAITH & FAIR DEALING

Plaintiff repeats and realleges paragraphs 1 through 78 as though fully set forth herein.

**79.**

Plaintiff and defendant are bound by an employment contract. That contract contains an implied covenant of good faith and fair dealing whereby no party shall deprive the other of the benefits of the contract. This implied covenant encompasses the duty to follow all applicable laws governing the employment relationship as well as the employer's own stated policies.

**80.**

By paying plaintiff less than her male colleagues performing the same job because of her sex, UO is breaching the implied covenant of good faith and fair dealing in its employment contract with plaintiff.

**81.**

As a result of defendant's breach, plaintiff has suffered lost pay and benefits throughout her tenure at the University.

**82.**

Plaintiff is entitled to back wages and benefits for the prior six years in an amount that secure equitable treatment with male faculty based on her seniority, merit, service and other accomplishments.

WHEREFORE, plaintiff requests that this Court enter judgment in her favor and award the following relief:

1.   Declare that the University of Oregon has engaged in unlawful sex discrimination against Professor Freyd;

2. Issue an injunction elevating Professor Freyd's salary and benefits to the levels they would be in the absence of discrimination; requiring defendant to maintain her salary and benefits at that level with all appropriate future raises throughout the remainder of her tenure; and prohibiting defendant from retaliating against Professor Freyd in the future;

3. Award back pay to compensate Professor Freyd for the difference in her salary and benefits for the past six years;

4. Award an additional three years' back pay as liquidated damages under the Equal Pay Act;

5. Award compensatory damages in an amount to be determined by the jury;

6. Award punitive damages in an amount to be determined by the jury; and

7. Grant all other relief as this Court deems just and proper.

Respectfully submitted this 21st day of March, 2017.

**JOHNSON JOHNSON LUCAS & MIDDLETON, PC**

By: *[signature]*
Jennifer J. Middleton, OSB # 071510
jmiddleton@justicelawyers.com
JOHNSON JOHNSON LUCAS & MIDDLETON, P.C.
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Telephone: 541/683-2506
Fax: 541/484-0882
Attorneys for Plaintiff