Paula A. Barran, OSB No. 803974
pbarran@barran.com
Shayda Zaerpoor Le, OSB No. 121547
sle@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Eugene

| | |
|---|---|
| JENNIFER JOY FREYD, | CV. 6:17-cv-448-MC |
| Plaintiff, | |
| v. | ANSWER AND AFFIRMATIVE DEFENSES |
| UNIVERSITY OF OREGON, | |
| Defendant. | |

In answer to plaintiff's complaint, the University of Oregon ("University" or "Defendant") responds as follows, including with the following general statement which is necessary to correct misstatements in the narrative of Plaintiff's complaint:

While tenure related faculty share many common characteristics, they often perform different duties, like serving as a department head or director of a research institute, or writing for grants and then supervising personnel hired to administer the grant. Those types of additional

Page 1 –ANSWER AND AFFIRMATIVE DEFENSES

duties often result in pay differences because faculty are compensated for those additional duties.

The complaint fails to acknowledge such differences and instead concludes that Plaintiff is paid less than several male counter-parts for discriminatory reasons. But when Plaintiff is compared to faculty with similar duties in her department, she is the highest paid faculty in that unit.[1]

Further, because Plaintiff is paid more than any other faculty member within her unit who performs comparable work, the University's practice of providing retention offers has not affected her. And even if it did, that would be consistent with the controlling collective bargaining agreement, the associated retention salary adjustment guidelines, and industry practice.[2]

Accordingly, Defendant University, in answer to Plaintiff's Complaint, admits, denies and alleges as follows:

## INTRODUCTORY STATEMENT

1.

In answer to paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff has been a full professor in the University's Psychology Department for almost 25 years, and that she is paid less than some of her male colleagues. Defendant states further that plaintiff is also paid more than some of her male colleagues. Defendant also admits that the Psychology Department has recognized some differences in salary within the Department, but states further that pay

---

[1] Plaintiff's salary from a university wide perspective is within the top 14% of salaries for all tenure related faculty

[2] It is widely accepted that universities would suffer if they did not respond to outside offers, and that losing faculty members at that level disrupts the students, affects the profile of the University, impacts its ability with future recruitment, and can result in a loss of significant grant funding, as those with retention offers often have large grants. That is equally applicable to males and females.

Page 2 –ANSWER AND AFFIRMATIVE DEFENSES

differences are based upon differing duties and a number of other factors unrelated to gender. Defendant denies the allegation that the University has engaged in discrimination towards Plaintiff, or that it has violated any federal or state laws. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 1.

## PARTIES

2.

Defendant admits the allegations contained in paragraphs 2 – 4 of Plaintiff's Complaint, which relate to employment and residency status and the fact that the University is subject to Title IX, subject to its Tenth Affirmative Defense.

3.

In answer to paragraphs 5 and 6 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction over Plaintiff's claims and that venue is proper, subject to Defendant's Tenth Affirmative Defense, below.

## FACTS

4.

In answer to paragraph 7 of Plaintiff's Complaint, Defendant admits that the University's Psychology Department is a top-ranked department in the College of Arts and Sciences according to the National Research Council's 2010 relative rankings.

5.

In answer to paragraph 8 of Plaintiff's Complaint, Defendant denies the allegation that salaries in the Psychology Department are to be determined solely by seniority and merit. Salaries are also determined based on job duties, which may be performed in the Psychology

Page 3 –ANSWER AND AFFIRMATIVE DEFENSES

Department and within other departments, the University's Collective Bargaining Agreement, and a given department or college's funding, amongst some of the factors. This means, for example, that a faculty member with the same number of years of experience may be paid more or less depending on whether the faculty member is also performing certain administrative duties, like acting as a department head, or performing supervisory and administrative duties associated with administering a grant, to the extent the faculty member has grant funding. In some instances, the difference in duties between faculty members is highlighted by the fact that some faculty members are in the bargaining unit and others, because they are supervisors or managers under PECBA, are not.

6.

In answer to paragraph 9 of Plaintiff's Complaint, Defendant admits that persons within the University Psychology Department conducted a Self Study in the spring of 2016, and that the resulting report summarized the Department's recent developments, current status, and plans for the future. While Defendant admits the existence of such a study it does not admit that the conclusions stated in that study are accurate.

7.

In answer to paragraph 10 of Plaintiff's Complaint, Defendant admits that the Self Study contained these statements, but does not admit that the statements or conclusions stated in that study are accurate.

8.

In answer to paragraph 11 of Plaintiff's Complaint, Defendant admits that an External Review Committee evaluated the Department of Psychology in June, 2016, which report Plaintiff

00649252.2

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

selectively quotes. Defendant denies Plaintiff's allegation to the extent it has been drafted so as to suggest inaccurately that this report concluded that there is gender disparity in faculty salaries; such reference in the report was made to ensure that it was reporting the nature of an expressed concern that it was considering, not the results of the review.

9.

In answer to paragraph 12 of Plaintiff's Complaint, Defendant admits that both reports recognize that retention offers contribute to the differences in salary levels. Defendant further responds that the External Review Committee made a number of points about the retention offer approach, including that "[a]dmittedly, the numbers are small," "the gender difference is smaller when the number of years since hiring date … or retention resolution date is considered," and that "this suggests there is no overt bias[.]"

10.

In answer to paragraph 13 of Plaintiff's Complaint, Defendant admits that these statements were noted, but does not admit that the statements or conclusions are accurate.

11.

In answer to paragraph 14 of Plaintiff's Complaint, Defendant admits that Department Heads have advocated for raises for female Professors, including Jennifer Freyd, however, such Heads have also specifically stated the personal belief that Plaintiff's salary is not based on her gender and that other male professors in the department doing similar work are paid less than her.

12.

In answer to paragraph 15 of Plaintiff's Complaint, Defendant denies the allegation that

Page 5 –ANSWER AND AFFIRMATIVE DEFENSES

00649252.2

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Deans Sadofsky and Marcus were unwilling to use available money to address salary increases. Departments are bound by the Collective Bargaining Agreement as well as the University's overall financial position, both of which change from time to time, as well as other important considerations. Equity raises have at times been available in the past; however, because Plaintiff is the highest-paid faculty member in her unit when she is appropriately compared to faculty members with similar duties to herself, she has not been affected by the availability of equity raises one way or another.

13.

In answer to paragraph 16 of Plaintiff's Complaint, Defendant admits that Plaintiff has been a Full Professor in the Psychology Department since 1992, has worked on the concept of betrayal trauma, and was given the listed awards in 2009, 2012, and 2014. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 16, and further denies the implication that her accomplishments are superior to her male peers.

14.

In answer to paragraph 17 of Plaintiff's Complaint, Defendant lacks sufficient knowledge and therefore denies the allegations.

15.

In answer to paragraph 18 of Plaintiff's Complaint, Defendant lacks sufficient knowledge at this time and therefore denies the allegations.

16.

In answer to paragraph 19 of Plaintiff's Complaint, Defendant responds that professors within the Psychology Department have different duties, experience levels, education, grant-

Page 6 – ANSWER AND AFFIRMATIVE DEFENSES

00649252.2

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

funding, research, and performance, amongst other factors, in addition to years of service. Defendant denies the allegation that Plaintiff holds the same responsibility, effort, or skill as all of the other full professors in the Psychology Department. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 19.

17.

In answer to paragraph 20 of Plaintiff's Complaint, Defendant denies the allegation that Plaintiff's salary has been impacted by discrimination. Defendant lacks sufficient knowledge about the remaining allegations in paragraph 20 and therefore denies the same. Defendant also denies that a single comment by a male peer more than two decades ago has any bearing on Plaintiff's salary.

18.

In answer to paragraph 21 of Plaintiff's Complaint, Defendant admits that in May 2014, Plaintiff provided the Head of the Psychology Department with her own analysis of full professor salaries, which Plaintiff claimed showed a statistically significant gender disparity in pay. Defendant further states that Plaintiff's analysis was based on insufficient and inaccurate data in that it omitted several male faculty members and significantly overstated the salary of another male faculty member. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 21.

19.

In answer to paragraph 22 of Plaintiff's Complaint, Defendant admits that in April 2015, Plaintiff and two colleagues provided their own statistical analysis of full professor salaries, which Plaintiff and her colleagues claimed showed a statistically significant gender disparity in

00649252.2

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

pay. Defendant does not admit the accuracy of their analysis.

20.

In answer to paragraph 23 of Plaintiff's Complaint, Defendant lacks sufficient knowledge at this time and therefore denies the allegations.

21.

In answer to paragraph 24 of Plaintiff's Complaint, Defendant lacks sufficient knowledge about Department Head Mayr's knowledge of availability of raises and therefore denies the same. Defendant further states, however, that Department Head Mayr himself stated that he gave Plaintiff the maximum possible raise he could provide, or as close as he could get. Defendant admits that Plaintiff was given an eight percent raise after her 2015 review. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 24.

22.

In answer to paragraph 25 of Plaintiff's Complaint, Defendant denies the allegations about Plaintiff's salary in relation to her male peers. Defendants also state that Department Head Mayr did advocate for Plaintiff to receive an increase, but he has acknowledged that several types of analyses could be used to highlight her salary and that he attempted to argue for her in a way that was most impactful, rather than scientifically. In particular, the analysis he used did not include another highly-paid female in the department, and did not control for merit and other duties, which would have increased Plaintiff's position with respect to the regression line and demonstrated Plaintiff was not underpaid. He also noted, as did all others who were interviewed, that regression analyses can be of limited value when conducted with a sample size as small as that in the Psychology Department. Department Head Mayr also acknowledged that there are

Page 8 –ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

inequities in the Psychology Department, but said they are not due to gender, as there are two others in the department who are underpaid, who are male. Defendant lacks sufficient knowledge about the remaining allegations in paragraph 25 and therefore denies the same.

23.

In answer to paragraph 26 of Plaintiff's Complaint, Defendant responds that when merit raises were given in January 2017, Plaintiff received the standard across-the-board merit raise. Plaintiff did not receive an equity adjustment, because she was already highly-paid in relation to her position, and such adjustments were not then available by the terms of the applicable Collective Bargaining Agreement.

24.

Defendant admits the allegations in paragraph 27 of Plaintiff's Complaint. Defendant further states that the memo referenced in this paragraph, which was sent by Department Head Mayr to Associate Dean Hal Sadofsky and Dean of the College of Arts and Sciences (CAS) Andrew Marcus, also notes that retention offers can and do impact salaries of male professors, stating "there are two (highly meritorious) male faculty with relatively low salaries. What distinguishes these from their higher-paid counterparts is the fact that—as the majority of female colleagues—they have not had recent salary negotiations due to a senior hire or retentions."

25.

In answer to paragraph 28 of Plaintiff's Complaint, Defendant lacks sufficient knowledge and therefore denies the allegations.

26.

In answer to paragraph 29 of Plaintiff's Complaint, Defendant lacks sufficient knowledge

Page 9 – ANSWER AND AFFIRMATIVE DEFENSES

at this time and therefore denies the allegations. However, Defendant further responds that Department Head Mayr states that he has no evidence that the University is less likely to respond to an outside offer for a woman rather than for a man, and that the greater number of outside offers for men may relate directly to the fact that there are simply more men in the department. He recounts a few instances of outside offers for male faculty where the department simply declined to make a retention offer, whereas all women in the department who have presented outside offers have been met with a retention offer by the University.

27.

In answer to paragraph 30 of Plaintiff's Complaint, Defendant admits that Plaintiff did not receive an equity adjustment, because she was already highly-paid in relation to her position, and such adjustments were not then available by the terms of the applicable Collective Bargaining Agreement.

28.

In answer to paragraph 31 of Plaintiff's Complaint, Defendant lacks sufficient knowledge at this time and therefore denies the allegations.

29.

In answer to paragraph 32 of Plaintiff's Complaint, Defendant lacks sufficient knowledge at this time and therefore denies the allegations.

30.

In answer to paragraph 33 of Plaintiff's Complaint, Defendant admits that Plaintiff has filed a complaint with the Oregon Bureau of Labor & Industries and the EEOC, but further states that she elected to withdraw it before she was required to present any evidence.

## FIRST CLAIM FOR RELIEF
## EQUAL PAY ACT, 29 U.S.C. §206(d)

Defendant incorporates paragraphs 1 – 30 above as if fully set forth herein.

31.

In answer to paragraph 34 of Plaintiff's Complaint, Defendant admits that the University is an employer subject to the Equal Pay Act, 29 U.S.C. §206(d).

32.

In answer to paragraphs 35 – 39 of Plaintiff's Complaint, Defendant denies the allegations.

## SECOND CLAIM FOR RELIEF
## TITLE VII – DISPARATE TREATMENT

Defendant incorporates paragraphs 1 – 32 above as if fully set forth herein.

33.

In answer to paragraphs 40 – 46 of Plaintiff's Complaint, Defendant denies the allegations.

## THIRD CLAIM FOR RELIEF
## TITLE VII – DISPARATE IMPACT

Defendant incorporates paragraphs 1 – 33 above as if fully set forth herein.

34.

In answer to paragraphs 47 – 50 of Plaintiff's Complaint, Defendant denies the allegations.

## FOURTH CLAIM FOR RELIEF
## TITLE IX, 20 U.S.C. §1681(A)

Defendant incorporates paragraphs 1 – 34 above as if fully set forth herein.

00649252.2

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

35.

In answer to paragraph 51 of Plaintiff's Complaint, Defendant admits the University receives federal funds and is subject to Title IX of the Education Amendments of 1972.

36.

In answer to paragraphs 52 – 56 of Plaintiff's Complaint, Defendant denies the allegations.

## FIFTH CLAIM FOR RELIEF
## EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION, 14TH AMENDMENT

Defendant incorporates paragraphs 1 – 36 above as if fully set forth herein.

37.

In answer to paragraphs 57 – 63 of Plaintiff's Complaint, Defendant denies the allegations.

## SIXTH CLAIM FOR RELIEF
## EQUAL RIGHTS AMENDMENT OF THE OREGON CONSTITUTION
## ARTICLE 1, SECTION 46

Defendant incorporates paragraphs 1 – 37 above as if fully set forth herein.

38.

In answer to paragraphs 64 – 66 of Plaintiff's Complaint, Defendant denies the allegations.

## SEVENTH CLAIM FOR RELIEF
## ORS 659A.030 – DISPARATE TREATMENT

Defendant incorporates paragraphs 1 – 38 above as if fully set forth herein.

Page 12 –ANSWER AND AFFIRMATIVE DEFENSES

39.

In answer to paragraphs 67 – 70 of Plaintiff's Complaint, Defendant denies the allegations.

### EIGHTH CLAIM FOR RELIEF
### ORS 659A.030 – DISPARATE IMPACT

Defendant incorporates paragraphs 1 – 39 above as if fully set forth herein.

40.

In answer to paragraphs 71 – 74 of Plaintiff's Complaint, Defendant denies the allegations.

### NINTH CLAIM FOR RELIEF
### ORS 652.220 – WAGE DISCRIMINATION

Defendant incorporates paragraphs 1 – 40 above as if fully set forth herein.

41.

In answer to paragraphs 75 – 78 of Plaintiff's Complaint, Defendant denies the allegations.

### TENTH CLAIM FOR RELIEF
### BREACH OF CONTRACT – COVENANT OF GOOD FAITH AND FAIR DEALING

Defendant incorporates paragraphs 1 – 41 above as if fully set forth herein.

42.

In answer to paragraph 79 of Plaintiff's Complaint, Defendant admits that a contract of employment contains an implied covenant of good faith and fair dealing.

43.

In answer to paragraphs 80 – 82 of Plaintiff's Complaint, Defendant denies the

00649252.2

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

allegations.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof except where required by law, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

44.

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

45.

Plaintiff's Equal Pay Act allegations fail to state a claim for relief because the basis for any pay disparities is not unlawful nor is it gender-based, and Plaintiff's allegations fail to take into account that there is no legal basis to challenge a retention raise as being a violation of the law.

46.

Plaintiff's claim for disparate treatment is insufficient as a matter of law as she admits that any disparity between her pay and the small number of male faculty who were paid more is the result of a retention raise, which is a lawful compensation practice.

47.

Plaintiff's disparate impact claim fails to state a claim for relief because it fails to identify any statistical disparity with any reasonable particularity.

///

00649252.2

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

48.

Plaintiff's Title VII claim fails to state a claim for relief because she fails to allege compliance with the administrative exhaustion requirements of that law.

49.

Plaintiff's Title IX claim is legally insufficient because the pay disparity of which Plaintiff complains was the result of a lawful employment practice.

50.

Plaintiff's claim for punitive damages under Title IX is legally insufficient because such damages may not be recovered under Title IX.

51.

Plaintiff's claim for violation of the Equal Protection Clause of the 14th Amendment, through 42 U.S.C. §1983 is legally insufficient because Defendant is not a "person" as required to plead such a claim, and any policy or practice of Defendant is lawful.

52.

To the extent Plaintiff's fifth claim for relief incorporates her disparate impact theories those claims are insufficient as a matter of law and don't identify a specific practice Plaintiff alleges to have resulted in the alleged impact.

53.

Plaintiff has failed to state a claim for breach of contract because she seeks to interpose an implied covenant to alter the terms of her contract.

**SECOND AFFIRMATIVE DEFENSE
FACTOR OTHER THAN SEX**

54.

The differentials in pay underlying Plaintiff's action arise from a factor other than sex, in

Page 15 –ANSWER AND AFFIRMATIVE DEFENSES

00649252.2

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

that they are not based on or derived from a sex-based differential in compensation, they are job-related with respect to the position in question, they are consistent with business necessity, and are used reasonably in light of their purpose and the University's practices. Consistent with both established precedent and recent case law in the Ninth Circuit, even pay structures based solely upon employees' prior salaries can alone constitute a "factor other than sex" if reasonable and effectuating a business policy, as Defendant does here.

### THIRD AFFIRMATIVE DEFENSE
### FAILURE TO MITIGATE

55.

Plaintiff has failed to exercise reasonable care and diligence to mitigate alleged damages, if any. In the event Plaintiff establishes any claims, Defendant is entitled to an offset in the amount that Plaintiff could have earned in the exercise of reasonable diligence.

### FOURTH AFFIRMATIVE DEFENSE
### GOOD FAITH EFFORTS

56.

At all times, Defendant made good faith efforts to comply with all applicable state and federal laws.

### FIFTH AFFIRMATIVE DEFENSE
### DUPLICATIVE REMEDIES

57.

Plaintiff is not entitled to duplicative remedies for the same underlying action or omission under the various statutes invoked in this action.

///

00649252.2

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## SIXTH AFFIRMATIVE DEFENSE
## ESTOPPEL

58.

Plaintiff is estopped from the relief sought by having failed to seek out and/or secure competitive outside offers in order to seek a retention offer from the University, consistent with the colleagues against whom she compares her salary.

## SEVENTH AFFIRMATIVE DEFENSE
## COMPLIANCE WITH LAW

59.

Defendant's policies and actions were at all times taken as a result of its reasonable good faith understanding of state and federal law.

## EIGHTH AFFIRMATIVE DEFENSE
## TIMELINESS

60.

To the extent that any or all of Plaintiff's claims seek recovery for acts preceding the applicable statutes of limitation, those claims are untimely.

## NINTH AFFIRMATIVE DEFENSE
## PROPER PARTY

61.

The University is not a proper party in relation to Plaintiff's fifth claim for relief.

## TENTH AFFIRMATIVE DEFENSE
## ELEVENTH AMENDMENT

62.

Defendant alleges that this court lacks subject matter jurisdiction over Plaintiff's claims, and that Defendant is immune from suit, in whole or in part, pursuant to the Eleventh

00649252.2

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Amendment to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE
## RESERVATION OF RIGHTS

63.

Defendant reserves the right to allege additional affirmative defenses and to add counterclaims should they become apparent during discovery.

WHEREFORE, Defendant prays for judgment as follows:

1. For judgment against Plaintiff on all claims for relief;

2. For an award of Defendant's reasonable costs, attorneys' fees, and disbursements incurred herein; and

3. For all other and further relief as the Court deems just, equitable, and proper.

DATED this 18th day of May, 2017.

BARRAN LIEBMAN LLP


By _____*s/Paula A. Barran*_____
Paula A. Barran, OSB No. 803974
pbarran@barran.com
Shayda Zaerpoor Le, OSB No. 121547
sle@barran.com
Attorneys for Defendant

Page 18 –ANSWER AND AFFIRMATIVE DEFENSES

00649252.2

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2017, I served the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** on the following parties at the following addresses:

> Jennifer J. Middleton
> Johnson Johnson Lucas & Middleton, PC
> 975 Oak Street, Suite 1050
> Eugene, OR 97401-3124
> jmiddleton@justicelawyers.com

by the following indicated method or methods set forth below:

- ☒ **Electronic Filing using the Court's ECF System**
- ☐ **Facsimile**
- ☐ **First-class mail, postage prepaid**
- ☐ **Hand-delivery**
- ☐ **Overnight courier, delivery prepaid**
- ☐ **E-mail**

*s/ Paula A. Barran*
Paula A. Barran
Shayda Zaerpoor Le

Page 19 – ANSWER AND AFFIRMATIVE DEFENSES

00649252.2

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212