Paula A. Barran, OSB No. 803974
pbarran@barran.com
Shayda Zaerpoor Le, OSB No. 121547
sle@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| JENNIFER JOY FREYD, | CV. 6:17-cv-448-MC |
| Plaintiff, | |
| v. | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| UNIVERSITY OF OREGON, | |
| Defendant. | |

Defendant University of Oregon ("University" or "Defendant") opposes Plaintiff's Motion for Leave to File a First Amended Complaint ("Proposed Amendment") to amend her complaint to seek punitive damages and add two new parties in their individual as well as official capacities. The two new proposed parties are University President Michael Schill ("President Schill") and Divisional Dean for Natural Sciences in the College of Arts and Sciences, Hal Sadofsky ("Dean Sadofsky," collectively, "Proposed Defendants").

This lawsuit was filed more than a year ago and Defendant promptly notified Plaintiff that the 42 U.S.C. § 1983 claim was improperly asserted and requested that Plaintiff amend the Complaint back then. Since that time, the parties have engaged in extensive discovery and Defendant has taken Plaintiff's deposition. No other depositions have been taken.

//

Page 1 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

In addition to the new claims being without sufficient support, Plaintiff still fails to meet the requirements of 42 U.S.C. § 1983, because Plaintiff does not assert that President Schill and Dean Sadofsky were acting outside the scope of their official capacities or that either acted with intent to discriminate, both of which are necessary to plead and prove the claim. Nor are there sufficient allegations in the Proposed Amendment that support a claim for punitive damages.

Moreover, this is not just an amendment to modify or adjust a theory, but rather the addition of two new individual defendants who have not previously been parties. If the amendment is allowed at this late date, the Proposed Defendants will need to evaluate whether they must be separately represented (which may be necessary given the nature of the allegations). They will have the right to evaluate their own defenses and prepare a responsive pleading, answer, and initiate their own discovery, which will certainly include a further deposition of Plaintiff. All of this will ultimately require a further adjustment to all of the case deadlines.

Plaintiff's Proposed Amendment should therefore be denied.

## I. DISCUSSION

### A. The Standards for Consideration of Motions to Amend Support the Denial of Plaintiff's Proposed Amendment

In determining whether to grant motions to amend, the Court generally considers five factors: (1) undue delay; (2) bad faith; (3) futility of amendment; (4) prejudice to the opposing party; and (5) whether Plaintiff has previously amended the complaint. *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (internal citation omitted); *Roark v. United States,* No. 6:12-cv-01354-AA, 2013 U.S. Dist. LEXIS 36649, at *4 (D. Or. Mar. 12, 2013). The first four factors weigh heavily against Plaintiff's Proposed Amendment.

> *1. Plaintiff's Proposed Amendment should be denied because the undue delay in filing and the addition of two new defendants will make it impossible to adhere to the Court's scheduling order, and because the Proposed Amendment is futile and prejudicial.*

Plaintiff filed her Complaint on March 21, 2017, and shortly thereafter, Defendant notified Plaintiff that her 42 U.S.C. §1983 claim was legally insufficient because Defendant is not a

Page 2 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

"person" as required to plead such a claim, and because any policy or practice of Defendant is lawful. Defendant re-identified the legal deficiency of the claim, with particularity, in its Answer on May 18, 2017. Despite this, Plaintiff waited over a year to amend her Complaint. Plaintiff has not identified any newly discovered evidence nor any other obstacle that would have prevented her from seeking to amend at an earlier date.

The Proposed Amendment does not update the facts nor refine the legal claims against Defendant. Plaintiff similarly offers no reasonable explanation for why she waited until after her own deposition to add new defendants and claims.

In addition, Plaintiff's Proposed Amendment does not correct the 42 U.S.C. §1983 claim's deficiencies. Instead, Plaintiff proposes to add two new parties, sued as individuals as well as representatives, to a claim that remains unsupported and is legally insufficient as a matter of law

Procedurally, the timing of Plaintiff's Proposed Amendment is prejudicial to the case. If the amendment is allowed, the Proposed Defendants will require the time permitted by Rule 12 to respond to the Complaint, and to conduct their own discovery, inevitably changing the calendar dates of the case and requiring a substantial adjustment to the scheduling order. If the current scheduling order remains, the Proposed Defendants will be prejudiced in conducting meaningful discovery and preparing their defenses.

   2. ***Plaintiff's claims against the Proposed Defendants in their individual capacities for violation of the Equal Protection Clause of the 14th Amendment through 42 U.S.C. §1983 are insufficient and fail as a matter of law.***

Plaintiff has failed to plead facts that are sufficient to state that the Proposed Defendants intentionally discriminated against her in violation of 42 U.S.C. §1983. A pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Proposed Amendment has failed to state a claim for relief that is facially plausible or could reasonably infer that the Proposed Defendants are liable for the misconduct alleged.

//

Page 3 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
     FIRST AMENDED COMPLAINT

Plaintiff alleges, "Defendant Schill at all times had responsibility for ensuring that UO complied with federal and state law. He knew of the salary inequities described above and failed to take action to rectify them" (Proposed Amended Complaint, ¶ 5). Plaintiff's claim against President Schill appears to rely solely on his position as President of the University, without any additional facts or allegations tying him to the alleged wrong. In fact, President Schill did not begin his tenure as President of the University until July 1, 2015, whereas this lawsuit complains of events as early as 1992. In addition, Plaintiff has not alleged, nor can she establish, that President Schill was even aware of any alleged inequity in Plaintiff's salary prior to the filing of the Complaint.[1] Plaintiff's Proposed Amendment rests squarely on a "the defendant-unlawfully-harmed-me" type of accusation which is not permitted under *Ashcroft v. Iqbal*. It is the type of conclusory allegation that fails to properly state a basis for relief.

Plaintiff's allegation against Dean Sadofsky is similarly deficient; she says only that he was "unwilling either to use available monies or to search out additional funds" (Proposed Amended Complaint, ¶ 17). In similar fashion, Plaintiff's claim against Dean Sadofsky relies on a general assertion, and primarily upon his position as Divisional Dean for Natural Sciences in the College of Arts and Sciences at the University. Plaintiff has not presented any facts or allegations tying his alleged unwillingness to search out additional funds to any alleged inequity in Plaintiff's salary, nor to any illegal act or omission. Furthermore, Plaintiff has not put forth any facts or allegations identifying what funds may have been available, nor is there any basis to support an allegation that failing to "search out additional funds" is a legal wrong.

//

//

//

---

[1] At most, Plaintiff might be able to show that President Schill was aware of salary differences. But there are a number of reasons why salary differences may be lawful. Whether such differences constitute an "inequity" is a legal conclusion.

Page 4 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

### 3. President Schill and Dean Sadofsky are state officials alleged to be acting under the color of the state and not "persons" under 42 U.S.C. § 1983 for purposes of monetary relief; therefore Plaintiff's sparse allegations against them as individuals are entirely without foundation.

Plaintiff alleges that President Schill and Dean Sadofsky are necessary parties under the doctrine of *Will v. Mich. Dep't. of State Police*, 491 U.S. 58 (1989), because the University is not a "person" within the meaning of 42 U.S.C. § 1983, and therefore, an individual state official must be identified to support such a claim. To state a claim for liability under 42 U.S.C. § 1983, Plaintiff must show both "(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1149 (9th Cir. 2011). It is undisputed that public universities in Oregon are "arms of the state" and not "persons" within the meaning of 42 U.S.C. § 1983. *Brainard v. W. Or. Univ.*, 2017 U.S. Dist. LEXIS 63455 (2017).

In addition, the doctrine of *Will v. Michigan* explicitly holds that state "officials acting in their official capacities are not 'persons' under § 1983" with respect to retrospective relief because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan*, at 71. Thus, the only relief available from a state official acting in his official capacity is prospective relief. When sued for prospective relief, a state official is considered to be a person under 42 U.S.C. § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Id.* at 71, n.10 (*citing Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Ex parte Young*, 209 U.S. 123, 159-160 (1908).

Therefore, the doctrine of *Will v. Michigan* only permits individual state officials to be named in a 42 U.S.C. § 1983 claim if prospective relief is sought. Plaintiff's Proposed Amendment names President Schill in his individual capacity for retrospective relief and in his official capacity for prospective relief, and names Dean Sadofsky only in his individual capacity.

//

Page 5 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

00699442.1

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

The claim for retrospective relief is futile, and leave to amend may be denied upon a showing that the proposed amendment would be "futile." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991). "A proposed amended complaint is futile if it would be immediately 'subject to dismissal.'" *Fulton v. Advantage Sales & Mktg., LLC*, No. 3:11-cv-01050-MO, 2012 U.S. Dist. LEXIS 150151, at *7 (D. Or. Oct. 18, 2012) (quoting *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011)). Plaintiff's claims would be subject to dismissal because she has not put forth sufficient allegations or offered a factual basis for her allegations against President Schill or Dean Sadofsky in their personal capacities.

Plaintiff's proposed claim against President Schill fails for the same reasons as the current claim against the University, because naming the President in his official capacity "is no different from a suit against the State itself." *Id.* at 71. Plaintiff admits "[a]ll acts and omissions by [Proposed] Defendant President Schill…were taken under color of state law," and therefore within the scope of his employment or duties (Proposed Amended Complaint, ¶ 5). As such, with respect to the 42 U.S.C. §1983 claim, Plaintiff appears to admit President Schill, was acting in his official capacity. As outlined above, a state official acting in an official capacity is not a "person" under 42 U.S.C. §1983. Therefore, President Schill may not be named in his personal capacity.

Dean Sadofsky was also a person alleged to have been acting under color of state law and within the scope of his employment duties. His acts and omissions as Divisional Dean for Natural Sciences in the College of Arts and Sciences were taken under color of state law and in accordance with University policies. The only specific factual allegation Plaintiff alleges against Dean Sadofsky is that he was "unwilling either to use available monies or to search out additional funds" (Proposed Amended Complaint, ¶ 17). This allegation, on its face, is directly related to his official duties as Dean. Therefore, the Court should not permit Plaintiff to name Dean Sadofsky in his personal capacity because his actions were taken under the color of the state.

//

//

### 4. Even if the Proposed Defendants were not acting in their official capacities as alleged, Plaintiff has not alleged any factual predicate to name President Schill and Dean Sadofsky; they are protected under qualified immunity.

Plaintiff must provide some factual basis for alleging the Proposed Defendants not only discriminated against her, but were involved in setting her compensation. Plaintiff must plead facts supporting the essential elements of her claims. "Mere recitation of the elements of a particular claim for relief, without more, is not a statement of ultimate facts sufficient to constitute that claim for relief." *Huang v. Claussen,* 147 Or. App. 330, 334, 936 P.2d 394, 395 (1997); *Lawver v Lawvor*, 86 Or. App. 721, 726, 740 P.2d 1220 (1987). In alleging that President Schill and Dean Sadofsky violated 42 U.S.C. § 1983, Plaintiff fails to comply with these requirements.

Plaintiff's Proposed Amendment is devoid of any reference to evidence pertaining to President Schill's involvement in Plaintiff's compensation decisions. In fact, Plaintiff's sworn deposition testimony did not include any mention of President Schill at all, nor does she provide or suggest any evidence to support her theory that he took adverse action against her; therefore, the proposed claim against President Schill is frivolous.

In addition, Plaintiff has not alleged a connection between the statements allegedly made by Dean Sadofsky and any cognizable legal wrong. Plaintiff's only suggestion of intentional discrimination is one statement by Dean Sadofsky: "I can see that this is a real issue and I'm convinced that there's an issue there. The college is not in a position to address it right now" (Proposed Amended Complaint, ¶ 16). This statement is insufficient support for Plaintiff's claim that Dean Sadofsky intentionally discriminated against her because of her gender, nor even that he was reacting to anything more than the fact that she was complaining, or that he even knew any of the underlying facts. Plaintiff has failed to plead facts supporting the essential elements of her claim.

Lastly, President Schill and Dean Sadofsky are entitled to qualified immunity as a matter of law. Qualified immunity shields federal and state officials from civil liability under 42 U.S.C. § 1983 if "their conduct does not violate clearly established statutory or constitutional rights of

Page 7 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

00699442.1

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). State officials acting in their individual capacities will not be liable for "violating someone's 'clearly established' rights if at the time of the challenged conduct, the contours of a right are not sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Doe v. Univ. of Or.*, No. 6:17-cv-01103-AA, 2018 U.S. Dist. LEXIS 49431, at *31 (D. Or. Mar. 26, 2018) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Although "caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional questions beyond debate. In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law. [The Supreme Court] has repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality." *Kisela v. Hughes*, No. 17-467, 2018 U.S. LEXIS 2066, 2018 WL 1568126 (April 2, 2018) (internal citations omitted). Neither President Schill nor Dean Sadofsky acted unreasonably in light of clearly established law nor caused an alleged Constitutional violation. President Schill, who joined the University only two years before the lawsuit was filed, had no involvement in Plaintiff's compensation determinations and Dean Sadofsky's practices were consistent with applicable laws, the controlling collective bargaining agreement, the associated retention salary adjustment guidelines, and industry practice.

   5. ***Plaintiff's Proposed Amendment will unjustifiably and unfairly prejudice Defendant and the Proposed Defendants.***

The Proposed Defendants would be unfairly prejudiced if Plaintiff is granted leave to amend at this date. First, Defendant noted in its Answer and communications with Plaintiff that the 42 U.S.C. §1983 claim was without merit by May 18, 2017. Second, Plaintiff did not make any attempt to correct or remove the deficient claim until after her deposition, during which no mention was made of facts or circumstances which would support the addition of the Proposed Defendants. Plaintiff has not provided any other newly discovered fact or obstacle which would

Page 8 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

00699442.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

explain this delay. Third, Plaintiff has not presented any facts or allegations connecting the Proposed Defendants to the alleged wrongs, but simply makes conclusory assertions of their involvement based solely on their positions as President and Dean at the University. Although Defendant opposes the addition of President Schill and Dean Sadosfky, it is also clear that if their addition were to be proper, Plaintiff could have and should have requested their addition almost a year ago. To allow their addition at this late stage is prejudicial to the Proposed Defendants, who have not been afforded the opportunity to participate in the defense of the claims or the conduct of discovery. Lastly, Defendant would also incur potentially significant legal expenses in reevaluating the legal theories and strategies of the case over a year into its progress, as well as revisiting discovery and reopening deposition.

### B. The Claim for Punitive Damages Fails on its Face Because There Were no Intentional or Reckless Acts by the University

For the same reasons outlined above, the Proposed Amendment to add a claim for punitive damages (not normally cognizable in the case of a public defendant) should be denied. "Eleventh hour additions . . . [are] bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants." *Perrian v. O'Grady,* 958 F.2d 192, 195 (7th Cir. 1992) (quoting *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990)). To establish liability for a punitive damages claim Plaintiff must show: "(1) that the employer acted with the requisite mental intent, i.e. the employer knew it was acting in violation of the law; and (2) that the employees who discriminated against the plaintiff were managerial agents of the employer acting within the scope of their employment." *Erickson v. Daimler Trucks N. Am., Ltd. Liab. Co.,* No. CV-10-0132-ST, 2011 U.S. Dist. LEXIS 119862, at *58 (D. Or. July 20, 2011). Plaintiff has not referenced any evidence, nor has she even alleged any facts in support of the allegation that any University employees discriminated against her intentionally or recklessly. Plaintiff's Complaint and Proposed Amendment allege that pay discrepancies arose as the result of her department's practice of responding to outside competitive offers with internal retention

Page 9 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

00699442.1

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

offers; the practice of making retention offers was not inconsistent with applicable laws, the controlling collective bargaining agreement, the associated retention salary adjustment guidelines, or industry practice.[2]

### C. If the Court Grants the Proposed Amendment, it Should Impose Conditions, Limitations and Requirements

The Court, in the exercise of its discretion, may grant the Proposed Amendment conditionally. If the Court grants the Proposed Amendment, in addition to adjusting the case timelines and allowing the Proposed Defendants to conduct full discovery, the Court should order that Plaintiff pay costs incurred by Defendant as a result of the delay and redoing discovery. The Court may, under Rule 15(a), impose costs as a condition of granting leave to amend in order to compensate Defendant and avoid any prejudice caused by the amendment. *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995).

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Proposed Amendment should be denied.

DATED this 13th day of April, 2018.

          BARRAN LIEBMAN LLP

          *s/Shayda Zaerpoor Le*
By _____
    Paula A. Barran, OSB No. 803974
    pbarran@barran.com
    Shayda Zaerpoor Le, OSB No. 121547
    sle@barran.com
Attorneys for Defendant

---

[2] Even if the Court accepted Plaintiff's new legal theory that salary differences cannot be justified by the business need to make retention offers, that would be a new expansion of the law, the violation of which could not support punitive damages.

Page 10 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

00699442.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2018, I served the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** on the following parties at the following addresses:

> Jennifer J. Middleton
> Johnson Johnson Lucas & Middleton, PC
> 975 Oak Street, Suite 1050
> Eugene, OR 97401-3124
> jmiddleton@justicelawyers.com

by the following indicated method or methods set forth below:

- ☒ **Electronic Filing using the Court's ECF System**
- ☐ **Facsimile**
- ☐ **First-class mail, postage prepaid**
- ☐ **Hand-delivery**
- ☐ **Overnight courier, delivery prepaid**
- ☐ **E-mail**

*s/Shayda Zaerpoor Le*
_____
Paula A. Barran
Shayda Zaerpoor Le

Page 11 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT