Jennifer J. Middleton, OSB # 071510
jmiddleton@justicelawyers.com
JOHNSON, JOHNSON, LUCAS & MIDDLETON, PC
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Phone: 541/683-2506
Fax:   541/484-0882
    Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION**

| | |
|---|---|
| **JENNIFER JOY FREYD,**<br><br>    Plaintiff,<br><br>vs.<br><br>**UNIVERSITY OF OREGON,**<br><br>    Defendant. | Case No. 6:17-CV-00448-MC<br><br>**SECOND MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL DEADLINES** |

## Motion for Extension of Time

Pursuant to Fed. R. Civ. P. 16 and Local Rule 16-3, plaintiff moves this Court for an extension of certain pre-trial deadlines as outlined below, but no change in the trial date, which is currently set for December 3, 2018. Plaintiff's counsel and defense counsel have conferred on this motion and defendant opposes the requested extension.

The parties have asked the Court for a Rule 16 Conference to discuss the scheduling in this case and to resolve an outstanding discovery issue.

## Memorandum in Support

The current pretrial deadlines in this case are as follows:

1. Close of fact discovery: May 3, 2018;[1]
2. Dispositive motion deadline: July 2, 2018;
3. Joint ADR Report: August 13, 2018;
4. Close of expert discovery: October 15, 2018;
5. Pretrial Conference: November 26, 2018; and
6. Jury trial (estimated 5 day): December 3, 2018.

Plaintiff proposes extending the close of fact discovery to allow the parties to complete depositions and other fact discovery by the end of June. Other deadlines would require only minor adjustment and the parties and the Court could retain the same trial date. Plaintiff proposes:

1. Close of fact discovery: June 30, 2018;
2. Dispositive motion deadline: July 20, 2018;
3. Joint ADR Report: August 13, 2018 (unchanged);
4. Expert disclosures due: August 17, 2018;
5. Close of expert discovery: October 15, 2018 (unchanged);
6. Pretrial Conference: November 26, 2018 (unchanged);
7. Jury trial (estimated 5 day): December 3, 2018 (unchanged).

### I.    An Extension Is Necessary To Complete Discovery Because of Unforeseen Delays.

Despite the best efforts of the parties, the proposed adjustment of deadlines is necessary because collecting and producing the data and documents necessary to the resolution of this pay equity case has been unexpectedly slow. As explained in plaintiff's motion to amend the Complaint, plaintiff requested detailed salary data in September, 2017, but it was not produced until late February, 2018. That data did not include the individual merit scores of professors, however, which is a critical component of their salaries. Plaintiff did not receive the merit data

---

[1] In the last motion for extension the parties requested May 30, but the Court's Order read May 3.

until the end of April, 2018, nearly the close of discovery. Other requested documents are still being produced.

Plaintiff's counsel has worked with defendant's counsel Shayda Le throughout the winter and spring to identify missing documents and information and determine where they might be found within the University. It took several rounds of this before the missing merit and raise data was located and produced. We have exchanged numerous letters, emails, and phone calls to go over what has been produced and what remains outstanding. At one point, we sought the assistance of the Court, but ultimately were able to work out the problem without the Court's intervention. Some email discovery from plaintiff remains outstanding because of technical obstacles that remain unresolved. Despite our best efforts, the process has been slow.

Plaintiff waited to ask for depositions because taking depositions without a key piece of the salary data – the merit scores assigned to each professor – would have been a waste of everyone's time. In mid-March, she requested availability for deposition of the key management witnesses. She did not receive any available dates and so on April 10 she proposed deposition dates in early May. At this point plaintiff was still working with defendant to find the missing merit data. At that time the parties discussed extending discovery for only a few weeks beyond the May 3 deadline if needed to allow for the depositions to take place.

After plaintiff filed her motion to amend, however, defendant's counsel informed plaintiff that defendant opposed any extension. Defendant's counsel also indicated they were unavailable on the proposed dates in early May. As of today, defendant has not offered specific dates in May when depositions could go forward with the requested witnesses, but they have indicated the witnesses have "some availability." Defendant has said it does not have "discretion" to check witness schedules in June.

In the meantime, plaintiff's counsel's and defense counsel's schedules in May have very limited overlapping availability, which is why plaintiff is asking to move the date to the end of June. Plaintiff's counsel is fully available in June and defendant's counsel is not aware of anything that would prohibit completion of the depositions by the end of June.

PAGE 3 – SECOND MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL DEADLINES

**II.     The Proposed Extension Need Not Change the Trial Date.**

The proposed schedule outlined above adjusts only the deadline for fact discovery and dispositive motions. It does not require changing the trial date. The dispositive motions deadline would move only 18 days. Briefing would be completed by late August, allowing sufficient time for argument and a decision before pretrial disclosures are due in early November. The proposed schedule also adds a deadline for expert disclosures, which was not specified in the prior Scheduling Order. The proposed deadline for expert disclosures (August 17) is earlier than the date the disclosures would currently be due under default rules (September 4).

**III.    The Proposed Schedule Allows Adequate Time to Add Proposed New Defendants, Sadofsky and Schill.**

Pending before the Court is plaintiff's motion to amend the Complaint which, if granted, would add two new individual defendants. The proposed Amended Complaint adds no new claims, new facts, or new theories, however, so there is no need for President Schill or Dean Sadofsky to undertake broader or additional discovery beyond what the University has already undertaken. Nevertheless, if they should choose to ask for supplemental discovery beyond what the University has already done, they would have time to issue requests and receive responses. Both will have their depositions taken during the extended time.

Extending the deadline for fact discovery and dispositive motions as proposed will not alter the overall dates for completion of this case. Denial of the motion, however, would be devastating to plaintiff's ability to prove her claims and would unfairly reward defendant for delay in producing necessary evidence. There is no prejudice in the schedule adjustment proposed, and it should be granted.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

Plaintiff respectfully requests issuance of a Scheduling and Case Management Order adjusting pending deadlines as proposed above.

Respectfully submitted this 1st day of May, 2018.

        **JOHNSON, JOHNSON, LUCAS & MIDDLETON, PC**

By:   *s/ Jennifer J. Middleton*
     Jennifer J. Middleton, OSB # 071510
     jmiddleton@justicelawyers.com
     975 Oak Street, Suite 1050
     Eugene, OR 97401-3124
     Telephone: 541/683-2506
     Fax: 541/484-0882
         Attorneys for Plaintiff Jennifer Joy Freyd

## CERTIFICATE OF SERVICE

I certify that on May 1, 2018, I caused to be served a true and correct copy of **SECOND MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL DEADLINES** on the following person in the manner indicated below at the following address:

Shayda Zaepoor Le
Attorney at Law
Barran Liebman LLP
601 SW 2nd Avenue, Suite 2300
Portland, OR  97204-3159
sle@barran.com

*Of Attorneys for Defendant University of Oregon*

| | |
|---|---|
| __X__ | by CM/ECF system transmission on May 1, 2018. |
| __X__ | by U.S. Postal Service to the address indicated above on May 1, 2018. |
| _____ | by email to the address indicated above on _____, 2018. |
| _____ | by email via Drop Box on _____, 2018. |
| _____ | by email via the Court's electronic filing system on _____, 2018. |
| _____ | by facsimile to the facsimile number indicated above on _____, 2018. |
| _____ | by hand delivery on _____, 2018. |

**JOHNSON, JOHNSON, LUCAS & MIDDLETON, PC**

By: *Pattie J Jenkins*
Pattie J. Jenkins, Legal Assistant
541/683-2506
541/484-0882 fax
pjenkins@justicelawyers.com

**JOHNSON, JOHNSON, LUCAS & MIDDLETON, PC**
**975 Oak Street, Suite 1050**
**Eugene, OR  97401**
**541/683-2506**