Jennifer J. Middleton, OSB # 071510
jmiddleton@justicelawyers.com
JOHNSON, JOHNSON, LUCAS & MIDDLETON, PC
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Phone: 541/683-2506
Fax:    541/484-0882
    Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| **JENNIFER JOY FREYD,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNIVERSITY OF OREGON,**<br><br>Defendant. | Case No. 6:17-CV-00448-MC<br><br>**DECLARATION OF<br>JENNIFER J. MIDDLETON** |

I, JENNIFER J. MIDDLETON, declare under penalty of perjury of the laws of the State of Oregon that the following is true and correct:

1. Defendants' counsel Shayda Zaerpoor Le and I have conferred regarding the discovery schedule in this case. Defendant opposes any extension. I have requested defendant's input on the schedule proposed below, but at the time of filing have not received a response.

2. Plaintiff proposes the following adjustment to the current deadlines:

   2.1    Close of fact discovery: June 30, 2018 (currently May 3);

   2.2    Dispositive motion deadline: July 20, 2018 (currently July 2);

   2.3    Joint ADR Report: August 13, 2018 (unchanged);

   2.4    Expert disclosures due: August 17, 2018;

   2.5    Close of expert discovery: October 15, 2018 (unchanged);

   2.6    Pretrial Conference: November 26, 2018 (unchanged);

       2.7       Jury trial (estimated 5 day): December 3, 2018 (unchanged).

       3.       This Declaration is filed with Plaintiff's Second Motion for Extension of Discovery and Pretrial Deadlines. Despite the best efforts of the parties, the proposed adjustment of deadlines is necessary because collecting and producing the data and documents necessary to the resolution of this pay equity case has been unexpectedly slow.

       4.       For example, plaintiff requested detailed salary data in September, 2017 but the data was not produced until late February, 2018. That data did not include the individual merit scores of professors, however, which is a critical component of their salaries. Plaintiff did not receive the merit data until the end of April, 2018, nearly the close of discovery. Other requested documents are still being produced.

       5.       Plaintiff's counsel has worked with defendant's counsel Shayda Le throughout the winter and spring to identify missing documents and information and determine where they might be found within the University. It took several rounds of this before the missing merit and raise data was located and produced. We have exchanged numerous letters, emails, and phone calls to go over what has been produced and what remains outstanding. At one point, we sought the assistance of the Court, but ultimately were able to work out the problem without the Court's intervention. Some email discovery from plaintiff remains outstanding because of technical obstacles that remain unresolved.

       6.       Plaintiff waited to ask for depositions because taking depositions without a key piece of the salary data – the merit scores assigned to each professor – would have been a waste of everyone's time. In mid-March I asked for available dates for deposition of the key management witnesses. I did not receive any available dates, so on April 10 I proposed deposition dates in early May – even though Ms. Le and I were still working to find the missing merit data. At that time, Ms. Le and I discussed extending discovery for only a few weeks beyond the May 3 deadline if needed to allow for the depositions to take place.

       7.       After plaintiff filed her motion to amend the Complaint, however, Ms. Le informed me that defendant opposed any extension. She also indicated they defendant's counsel

was unavailable on the proposed dates in early May. As of today, Ms. Le has not offered specific dates in May when depositions could go forward with the requested witnesses, but she has indicated the witnesses have "some availability." Ms. Le has said that she does not have "discretion" to check witness schedules in June.

8. Plaintiff's counsel's and defense counsel's schedules in May have very limited overlapping availability, which is why plaintiff is asking to move the date to the end of June. Plaintiff's counsel is fully available in June and Ms. Le has said she is not aware of anything that would prohibit completion of the depositions by the end of June.

9. Plaintiff respectfully requests issuance of a Scheduling and Case Management Order reflecting the adjusted deadlines proposed above.

Respectfully submitted this 1st day of May, 2018.

_____
Jennifer J. Middleton, OSB # 071510