**Paula A. Barran,** OSB No. 803974
pbarran@barran.com
**Shayda Zaerpoor Le,** OSB No. 121547
sle@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| JENNIFER JOY FREYD, | CV. 6:17-cv-448-MC |
| Plaintiff, | |
| v. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL DEADLINES** |
| UNIVERSITY OF OREGON, | |
| Defendant. | |

Defendant University of Oregon ("University" or "Defendant") responds to Plaintiff's Second Motion for Extension of Discovery and Pretrial Deadlines to provide a more complete summary of the status of the case, to address some issues that it does not believe are accurately described, and to advise the Court of its concerns that Plaintiff's proposal takes the case off track and will make adhering to the established trial date something that is not feasible.

**I.    Plaintiff's Proposed Extensions Adversely Affect the Established Trial Calendar**

While the parties conferred in advance of Plaintiff's filing and Defendant did not agree to Plaintiff's request, Defendant believes that whether or not an extension of discovery is appropriate is dependent upon the overall posture of the case, and not simply Plaintiff's request for time to begin taking depositions.

00704151.1

Page 1 - DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL DEADLINES

### A. Plaintiff's Pending Motion to Amend and the Proposed Additional Defendants

As an initial matter, Plaintiff's pending motion to amend the Complaint and add two new individual defendants is highly relevant to this present request. Defendant will not repeat the arguments made in its response to that motion, but disputes Plaintiff's assertions that the addition of two new defendants will not merit broader or additional discovery beyond what the University has already undertaken. Prior to Plaintiff's motion to amend, at least one proposed defendant, President Schill, had scarcely been mentioned in the case and had only been in his role for two years before the lawsuit was filed. Similarly, discovery requests and questions posed to Plaintiff during her deposition were focused on her claims as previously outlined in her Complaint, and did not raise allegations against him.

Separately, and of considerable significance to Plaintiff's current proposal to adjust pretrial deadlines, Defendant notes that President Schill and Dean Sadosfky, if added as defendants to this case, may not be represented by the same counsel as the University; that fact has been shared with Plaintiff's Counsel. As separate parties with potentially separate counsel, they would be entitled to full and fair discovery in this case, and therefore the Court's ruling on Plaintiff's motion to amend the Complaint is an important factor to take into consideration in addressing this new request for adjusted pretrial deadlines. The time Plaintiff requests suits her needs, but does not build in time for the proposed defendants to conduct discovery.

### B. Adequate Time Would Be Required for Other Case Deadlines Besides Discovery

Defendant disagrees with Plaintiff's characterizations of the progress of discovery and whether Plaintiff needed to delay her depositions until receiving all information about merit increases. If Plaintiff's request for extended discovery is granted, corresponding adjustments will necessarily have to be made to all other case deadlines.

Plaintiff's Complaint contains ten separate legal claims; Defendant believes that a number of the claims can be appropriately narrowed and several concluded upon summary judgment. As

00704151.1

Page 2 - DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL DEADLINES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

reflected in the Answer, there are serious issues of timeliness and legal sufficiency of the claims. It is important for Defendant to have the opportunity to raise these issues through carefully prepared dispositive motions filed with the Court sufficiently in advance of trial. Plaintiff's proposed calendar requires Defendant to waste resources preparing for a full trial on ten separate claims going back a decade or more without having sufficient opportunity to first address deficiencies on summary judgment so that the parties know the case they are going to try. If Defendant is forced into Plaintiff's planned schedule, it will be incurring considerable fees as well as expenses for expert witnesses on all claims as stated.

Plaintiff's proposed extension suggests less than a month between the close of fact discovery and the deadline for dispositive motions, and less than a month between the deadline for dispositive motions and the due date for expert disclosures. This means that any experts Defendant retains will have to prepare a full analysis of all claims because that work cannot wait for a ruling under Plaintiff's proposed timeline. Therefore, if Plaintiff's request for extended fact discovery is granted, Defendant believes that corresponding adjustments will have to be made to all other case deadlines in order to protect its right, and the rights of any individual defendants, to prepare its case for trial.

## II.    Plaintiff's Discovery Was Not Hindered by Defendant's Production

### A. Defendant's Pace and Progress of Production Has Been Reasonable, Particularly in Light of the Extremely Broad Requests Plaintiff Has Made

Defendant disagrees with Plaintiff's characterizations of the progress of discovery and the potential impact to Plaintiff's depositions. Production of documents and information has been lengthy and involved, but both progress and communication between the parties have been reasonable and ongoing.

Plaintiff's extensive requests for detailed salary and merit data have been much broader than the department in which she works and which she says includes all her potential comparators. Her requests included, by way of example: "For each individual who has served as an associate

00704151.1

professor, assistant professor, or full professor in the College of Arts and Sciences at any time since 1992 … gender; department; rank; hire date; years in rank; PhD year; tenure or promotion date, FTE designation by department; base salary; each stipend including identification of the stipend and what it is for; any other monetary (non-benefit) compensation (such as additional pay for holding a named professorship, for example); retirement contribution made by UO; administrative assignment, if any; FTE allocation for any administrative assignment and compensation for that assignment; sabbaticals taken and dates; date of separation; reason for separation; years of service with UO; and indicate whether the individual was subject to any disciplinary action that affected their compensation." This broad request was made despite the fact that Plaintiff has identified her universe of comparators to be full professors in the Psychology Department, and even more narrowly to just four identified male professors, and has made clear she is not comparing herself to departments elsewhere in the College of Arts and Sciences. This is not a class action; it is a very narrow dispute about specific considerations – mostly about the University's efforts to retain a small number of highly productive world class scientists. Nevertheless, Defendant has been responding to requests of this nature and therefore gathering and assessing significant amounts of information.

Much of the detailed information that Plaintiff requested does not exist within a centralized location at the University, and therefore, as different files, spreadsheets, and sources of information were obtained and produced, those components of Plaintiff's requests for production were necessarily received on a rolling basis. Defendant's Counsel also invited Plaintiff's Counsel to notify us of any additional information she might need, gave her leave to specify any particular order of priority for those items requested, and worked to be responsive to any of those requests.

### B. Plaintiff's Proposed Depositions Were Not Delayed or Hindered by Defendant's Production

Defendant has worked over the course of many months to provide Plaintiff with documents responsive to her many and broad requests. Defendant disagrees with the assertion that Plaintiff

00704151.1

Page 4 - DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL DEADLINES

was unable to take or schedule depositions prior to receiving all of the information requested or referenced.

The merit scores (which Plaintiff asserts have required delaying depositions) are set by a rotating group of professors within the Department of Psychology who serve on an executive committee. Plaintiff has always known the process and who has been involved in setting merit scores, and in fact she was provided a copy of an internal investigation of her complaint early in this dispute. Plaintiff is not new to the University, has herself participated as a member of the executive committee which recommends faculty merit scores, knows each of the department faculty against whom she does, or does not, compare herself, and has always had the information needed to decide which witnesses should be deposed. She has not been prevented from asking to schedule depositions within the limits of discovery and could have requested dates in time for those witnesses to keep their calendars clear so that discovery could be completed within the deadlines set by the court and so that the parties could adhere to the remainder of the calendar.

In addition, Plaintiff initially asked for five depositions, three of whom are not even involved with setting merit scores – so plainly more than half her planned depositions did not relate to those merit scores.

Similarly, while merit scores are a component of each professor's ongoing evaluations, Plaintiff's Complaint and proposed amended complaint focus this dispute in a different direction; it is largely based on the assertion that the primary cause of significant differences in salaries at the professor level are due to retention offers, not merit scores. Plaintiff's assertion that it "would have been a waste of everyone's time" to even ask for depositions without all of these merit scores is unrealistic.

### C. Defendant Proceeded With Deposition in the Absence of Full Production From Plaintiff

A deposition is one of many kinds of discovery. Certainly a party can elect to delay taking a deposition in order to have all the document discovery completed, but that is a strategic choice

00704151.1

and the Rules do not provide that a party must delay depositions. Plaintiff elected to make such a choice, without a guarantee that depositions could be scheduled after the May 3, 2018 close of discovery. That was not a reasonable choice given that this lawsuit was filed well over a year ago and given that Plaintiff waited so long to even identify possible deponents (most of whom have active and full calendars). Defendant had received very little discovery from Plaintiff when it took her deposition on February 14, 2018; she did not provide a major part of her document production until March 15, 2018, and still owes Defendant considerable discovery as of this writing.

Plaintiff requested, and Defendant provided, proposed search terms to aid her in her search of her email accounts. Only as of March 19, 2018 did Plaintiff request a separate download of her University email files to begin this search, at which point a discussion took place between the parties regarding the faculty and student privacy requirements the University is bound to follow which prohibit it from providing the requested electronic database of Plaintiff's work emails external to the University. Because of the nature of the types of information contained in Plaintiff's email account, she would be required to search her emails and first filter out or sufficiently de-identify any student or faculty information implicated by these legal requirements before submitting the remainder of the emails to her attorney for review and production. Plaintiff has evidently not completed a search of her work or personal email accounts. Nevertheless, Defendant conducted Plaintiff's deposition without completed document production from Plaintiff, where such emails were likely to be a main and critical area of Plaintiff's discovery obligations.

### D. Defendant Disputes Plaintiff's Reasons for Her Delay in Scheduling Depositions

Defendant does not believe that Plaintiff's request accurately describes the communications and timing surrounding her requests for depositions.

Plaintiff's first communication to Defendant about proposed deponents was on March 19, 2018, at which time she noted that she would want to depose those individuals identified in Plaintiff's RFP 19, but not all. There was no conversation about any particular date ranges or date

00704151.1

Page 6 - DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL DEADLINES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

suggestions for these depositions, nor did Plaintiff provide any information about her schedule or anticipated scheduling limitations. At the same time, as of March 1, 2018, the Court had granted the parties' joint motion for extension of time, setting the close of discovery for May 3, 2018.[1]

Plaintiff's first mention of any particular deposition dates was an email on April 10, 2018, less than a month before the close of discovery, in which she asked for five depositions and proposed only five potential dates, the majority of which were already past the current cutoff for the close of discovery; at that time there was no conversation or request as to whether the Court would extend the deadlines. On April 20, 2018, Plaintiff and Defendant held a phone conference, during which Defendant reported that all open scheduling availability had been requested for May dates for the requested deponents and was being gathered, at which time Plaintiff stated that her schedule was already filling up in May and could Defendant ask about dates in June. Defendant's Counsel stated only that she would try.

On April 23, 2018, Defendant emailed Plaintiff that "upon further follow up, we don't have the discretion to look at dates in June … Local Rule 16-2(e) says all depositions must be taken before the discovery completion date set by the court, 16-3(b) covers stipulations to extend deadlines, and LR 29(a) says that the parties alone are not permitted to stipulate to extend any deadline established by the case scheduling order. To that end, close of fact discovery, including depositions, is currently set for May 3rd."

In continued correspondence, Defendant wrote that while Plaintiff did raise the fact that she would likely need an extension to start her depositions, there was no discussion at all about Defendant's agreement or disagreement on that point. With respect to requesting deposition dates in June, Defendant specifically stated that "we do not have the discretion to extend deadlines without the Court's approval. We have been gathering availability in May, but your current request is to supply dates in June, more than a month after the close of discovery instead of a few

---

[1] The Court did not grant the parties' the full discovery extension requested, which indicated to all parties that any additional discovery requests should be commenced and concluded promptly.

Page 7 - DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL DEADLINES

days. At the same time, we have been responding with references to our goal of meeting the Court's established deadlines. Certainly you can raise the need for an extension separately with the Court, but it would be inaccurate to state or suggest that we have changed our position or that you were somehow unable to ask to schedule these depositions earlier in the case." There was no mention of not having the discretion to check deposition dates with witnesses.[2]

Plaintiff made clear that she would seek an extension from the Court. Defendant has been waiting for that motion; an outcome on a possible extension would impact how depositions could be planned or scheduled. Similarly, possible deposition dates in May have not gone forward to the extent that Plaintiff indicated that her schedule in May was filling up and that she would be seeking permission from the Court to extend deadlines. In addition, on April 30, 2018, Plaintiff for the first time stated she would like a 30(b)(6) deposition, and that she would like to take the depositions of four other individuals in the Psychology Department who she alleges are her appropriate salary comparators.

Plaintiff had initially asked to schedule depositions in early May; while that would still have required permission from the Court, it would have had far less impact on the overall trial schedule. The proposed addition of additional parties, and the request to extend by two months imposes considerable hardship on Defendant. Accordingly, Defendant asks the Court: (1) to deny Plaintiff's motion to amend the Complaint and adhere to the current case deadlines ordered on March 1, 2018; or (2) if the motion to amend is granted, to set new case deadlines to accommodate

//
//
//
//

---

[2] These communications were by email and Defendant can supply copies of the correspondence if the Court wishes.

Page 8 - DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL DEADLINES

the addition of new parties; or (3) if the motion to amend is denied but additional discovery is permitted, to extend all case deadlines accordingly.

DATED this 7th day of May, 2018.

BARRAN LIEBMAN LLP

By  *s/Shayda Zaerpoor Le*
_____
Paula A. Barran, OSB No. 803974
pbarran@barran.com
Shayda Zaerpoor Le, OSB No. 121547
sle@barran.com
Attorneys for Defendant

00704151.1

Page 9 - DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL DEADLINES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May, 2018, I served the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL DEADLINES** on the following parties at the following addresses:

> Jennifer J. Middleton
> Johnson Johnson Lucas & Middleton, PC
> 975 Oak Street, Suite 1050
> Eugene, OR  97401-3124
> jmiddleton@justicelawyers.com

by the following indicated method or methods set forth below:

- ☒ **Electronic Filing using the Court's ECF System**
- ☐ **Facsimile**
- ☐ **First-class mail, postage prepaid**
- ☐ **Hand-delivery**
- ☐ **Overnight courier, delivery prepaid**
- ☐ **E-mail**

*s/Shayda Zaerpoor Le*

Paula A. Barran
Shayda Zaerpoor Le

00704151.1

Page 10 - DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF DISCOVERY AND PRETRIAL DEADLINES