**Paula A. Barran,** OSB No. 803974
pbarran@barran.com
**Shayda Zaerpoor Le,** OSB No. 121547
sle@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon  97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendants
University of Oregon and Hal Sadofsky

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Eugene

| | |
|---|---|
| JENNIFER JOY FREYD, | **CV. 6:17-cv-448-MC** |
| Plaintiff, | |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT** |
| UNIVERSITY OF OREGON, MICHAEL H. SCHILL and HAL SADOFSKY, | |
| Defendants. | |

In answer to Plaintiff's First Amended Complaint, the University of Oregon ("University") and Hal Sadofsky ("Dean Sadofsky"), collectively, "Defendants", respond as follows, including with the following general statement which is necessary to correct misstatements in the narrative of Plaintiff's First Amended Complaint:

While tenure related faculty share many common characteristics, they often perform different duties, like serving as a department head or director of a research institute, or writing

Page 1 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

for grants and then supervising personnel hired to administer the grant. Those types of additional duties and related accountabilities and responsibilities may result in legitimate and lawful pay differences and mean that jobs are not comparable or substantially equal, and faculty are compensated with a view to these differences.

The First Amended Complaint fails to acknowledge such differences and instead concludes that Plaintiff is paid less than several male counterparts for discriminatory reasons. But when Plaintiff is compared to faculty with equal or comparable duties in her department, she is the highest paid faculty in that unit, and those paid more than Plaintiff do not perform equal or comparable work.[1]

Further, because retention offers have repeatedly been held to be a lawful practice, because Plaintiff is paid more than any other faculty member within her unit who performs equal or comparable work, and because Plaintiff has not been restricted in her ability to seek and obtain outside offers, the University's practice of providing retention offers has not adversely affected her. And even if it did, that effect would fall upon both men and women in the Psychology Department, and would be consistent with the controlling collective bargaining agreement, the associated retention salary adjustment guidelines, business necessity, industry practice, and the decisions of this court and many others which have considered the practice.[2]

Accordingly, Defendants, in answer to Plaintiff's First Amended Complaint, admit, deny and allege as follows:

//

//

---

[1] Plaintiff's salary from a university wide perspective is within the top 14% of salaries for all tenure related faculty.
[2] It is widely accepted that universities would suffer if they did not respond to outside offers, and that losing faculty members at that level disrupts the students, affects the profile of the University, impacts its ability with future recruitment, and can result in a loss of significant grant funding, as those with retention offers often have large grants. That is equally applicable to males and females.

Page 2 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

## INTRODUCTORY STATEMENT

1.

In answer to paragraph 1 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff has been a full professor in the University's Psychology Department for almost 25 years, and that she is paid less than some of her male colleagues. Defendants state further that Plaintiff is also paid more than some of her male colleagues. Defendants also admit that the Psychology Department has recognized some differences in salary within the Department, but state further that pay differences are based upon differing duties, responsibilities and accountabilities and a number of other factors unrelated to gender. Defendants deny the allegation that the University has engaged in discrimination towards Plaintiff, or that it has violated any federal or state laws. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 1.

## PARTIES

2.

Defendants admit the allegations contained in paragraphs 2 – 4 of Plaintiff's First Amended Complaint, which relate to employment and residency status and the fact that the University is subject to Title IX, subject to its Tenth Affirmative Defense.

3.

In answer to paragraph 5 of Plaintiff's First Amended Complaint, Defendants do not represent and are not answering on behalf of defendant President Schill. President Schill has separate counsel to defend against this legal action. No response is required for the allegations against President Schill, who is responding separately.

//

//

//

Page 3 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

4.

In answer to paragraph 6 of Plaintiff's First Amended Complaint, Defendants admit that Hal Sadofsky is currently the Divisional Dean for Natural Sciences in the College of Arts and Sciences in the University of Oregon, and that he is a resident of Lane County, Oregon.

5.

In answer to paragraphs 7 and 8 of Plaintiff's First Amended Complaint, Defendants admit that this Court has jurisdiction over Plaintiff's claims and that venue is proper, subject to Defendant's Tenth Affirmative Defense, below.

**FACTS**

6.

In answer to paragraph 9 of Plaintiff's First Amended Complaint, Defendants admit that the University's Psychology Department is a top-ranked department in the College of Arts and Sciences according to the National Research Council's 2010 relative rankings.

7.

In answer to paragraph 10 of Plaintiff's First Amended Complaint, Defendants deny the allegation that salaries in the Psychology Department are to be determined solely by seniority and merit. Salaries are also determined based on job duties, which may be performed in the Psychology Department and within other departments, the University's Collective Bargaining Agreement, and a given department or college's funding, amongst some of the factors. This means, for example, that a faculty member with the same number of years of experience may be paid more or less depending on whether the faculty member is also performing certain administrative duties, like acting as a department head, or performing supervisory and administrative duties associated with administering a grant, to the extent the faculty member has grant funding. In some instances, the difference in duties between faculty members is

Page 4 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON
AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

highlighted by the fact that some faculty members are in the bargaining unit and others, because they are supervisors or managers under PECBA, are not.

8.

In answer to paragraph 11 of Plaintiff's First Amended Complaint, Defendants admit that persons within the University Psychology Department conducted a Self Study in the spring of 2016, and that the resulting report summarized the Department's recent developments, current status, and plans for the future. While Defendants admit the existence of such a study, they do not admit that the conclusions stated in that study are accurate.

9.

In answer to paragraph 12 of Plaintiff's First Amended Complaint, Defendants admit that the Self Study contained these statements, but do not admit that the statements or conclusions stated in that study are accurate.

10.

In answer to paragraph 13 of Plaintiff's First Amended Complaint, Defendants admit that an External Review Committee evaluated the Department of Psychology in June, 2016, which report Plaintiff selectively quotes. Defendants deny Plaintiff's allegation to the extent it has been drafted so as to suggest inaccurately that this report concluded that there is gender disparity in faculty salaries; such reference in the report was made to ensure that it was reporting the nature of an expressed concern that it was considering, not the results of the review.

11.

In answer to paragraph 14 of Plaintiff's First Amended Complaint, Defendants admit that both reports recognize that retention offers contribute to the differences in salary levels. Defendants further respond that the External Review Committee made a number of points about the retention offer approach, including that "[a]dmittedly, the numbers are small," "the gender

Page 5 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

difference is smaller when the number of years since hiring date … or retention resolution date is considered," and that "this suggests there is no overt bias[.]"

12.

In answer to paragraph 15 of Plaintiff's First Amended Complaint, Defendants admit that these statements were noted, but do not admit that the statements or conclusions are accurate.

13.

In answer to paragraph 16 of Plaintiff's First Amended Complaint, Defendants admit that Department Heads have advocated for raises for female Professors, including Jennifer Freyd, however, such Heads have also specifically stated the personal belief that Plaintiff's salary is not based on her gender and that other male professors in the department doing similar work are paid less than her.  Defendants further state that Dean Sadofsky discussed pay-related issues at a Department faculty meeting, as they related to the Department, though not solely in relation to Plaintiff.  Upon more detailed review of the data provided to him, he believed that the pay differentials presented to him were explained by retention events and were unrelated to gender.

14.

In answer to paragraph 17 of Plaintiff's First Amended Complaint, Defendants deny the allegation that Deans Sadofsky and Marcus were unwilling to use available money to address salary increases.  Departments are bound by the Collective Bargaining Agreement as well as the University's overall financial position, both of which change from time to time, as well as other important considerations.  Equity raises have at times been available in the past; however, because Plaintiff is the highest-paid faculty member in her unit when she is appropriately compared to faculty members with similar duties to herself, she has not been affected by the availability of equity raises one way or another.

//

//

Page 6 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

15.

In answer to paragraph 18 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff has been a Full Professor in the Psychology Department since 1992, has worked on the concept of betrayal trauma, and was given the listed awards in 2009, 2012, and 2014. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 18, and further deny the implication that her accomplishments are superior to her male peers.

16.

In answer to paragraph 19 of Plaintiff's First Amended Complaint, Defendants admit that a conference was scheduled in April 2017 relating to institutional betrayal. Defendants lack sufficient knowledge about the remaining allegations in paragraph 19 and therefore deny the same.

17.

In answer to paragraph 20 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff's 2015 post-tenure review included the statements quoted. Defendants lack sufficient knowledge about the remaining allegations in paragraph 20 and therefore deny the same.

18.

In answer to paragraph 21 of Plaintiff's First Amended Complaint, Defendants respond that professors within the Psychology Department have different duties, experience levels, education, grant-funding, research, and performance, amongst other factors, in addition to years of service. Defendants deny the allegation that Plaintiff holds the same responsibility, effort, or skill as all of the other full professors in the Psychology Department. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 21.

19.

In answer to paragraph 22 of Plaintiff's First Amended Complaint, Defendants deny the allegation that Plaintiff's salary has been impacted by discrimination. Defendants lack sufficient

Page 7 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

knowledge about the remaining allegations in paragraph 22 and therefore deny the same. Defendants also deny that a single comment by a male peer more than two decades ago has any bearing on Plaintiff's salary.

20.

In answer to paragraph 23 of Plaintiff's First Amended Complaint, Defendants admit that in May 2014, Plaintiff provided the Head of the Psychology Department with her own analysis of full professor salaries, which Plaintiff claimed showed a statistically significant gender disparity in pay. Defendants further state that Plaintiff's analysis was based on insufficient and inaccurate data in that it omitted several male faculty members and significantly overstated the salary of another male faculty member. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 23.

21.

In answer to paragraph 24 of Plaintiff's First Amended Complaint, Defendants admit that in April 2015, Plaintiff and two colleagues provided their own statistical analysis of full professor salaries, which Plaintiff and her colleagues claimed showed a statistically significant gender disparity in pay. Defendants do not admit the accuracy of their analysis.

22.

In answer to paragraph 25 of Plaintiff's First Amended Complaint, Defendants respond that the 2013 Collective Bargaining Agreement held that the College of Arts and Sciences would recommend a 4% raise for faculty who met expectations and an 8% raise to faculty who exceeded expectations. In "rare cases" the College of Arts and Sciences would "recommend awarding larger raises up to 12% if there is a strong case that this is necessary to address equity issues with faculty of comparable merit and time-in-rank within the department[.]"

//

//

Page 8 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

23.

In answer to paragraph 26 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge about Department Head Mayr's knowledge of availability of raises and therefore deny the same. Defendants further state, however, that Department Head Mayr himself stated that he gave Plaintiff the maximum possible raise he could provide, or as close as he could get. Defendants admit that Plaintiff was given an 8% raise after her 2015 review. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 26.

24.

In answer to paragraph 27 of Plaintiff's First Amended Complaint, Defendants deny the allegations about Plaintiff's salary in relation to her male peers. Defendants also state that Department Head Mayr did advocate for Plaintiff to receive an increase, but he has acknowledged that several types of analyses could be used to highlight her salary and that he attempted to argue for her in a way that was most impactful, rather than scientifically. In particular, the analysis he used did not include another highly-paid female in the department, and did not control for merit and other duties, which would have increased Plaintiff's position with respect to the regression line and demonstrated Plaintiff was not underpaid. He also noted, as did all others who were interviewed, that regression analyses can be of limited value when conducted with a sample size as small as that in the Psychology Department. Department Head Mayr also acknowledged that there are inequities in the Psychology Department, but said they are not due to gender, as there are two others in the department who are underpaid, who are male. Defendants lack sufficient knowledge about the remaining allegations in paragraph 27 and therefore deny the same.

25.

In answer to paragraph 28 of Plaintiff's First Amended Complaint, Defendants respond that when merit raises were given in January 2017, Plaintiff received a reasonable merit raise.

Page 9 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Plaintiff did not receive an equity adjustment, because she was already highly-paid in relation to her position, and such adjustments were not then available by the terms of the applicable Collective Bargaining Agreement. Defendants admit that at this time, Plaintiff reiterated some of her beliefs and personal calculations about her salary, but do not agree that her suggested analyses or her beliefs were accurate.

26.

Defendants admit the allegations in paragraph 29 of Plaintiff's First Amended Complaint. Defendants further state that the memo referenced in this paragraph, which was sent by Department Head Mayr to Associate Dean Hal Sadofsky and Dean of the College of Arts and Sciences (CAS) Andrew Marcus, also notes that retention offers can and do impact salaries of male professors, stating "there are two (highly meritorious) male faculty with relatively low salaries. What distinguishes these from their higher-paid counterparts is the fact that—as the majority of female colleagues—they have not had recent salary negotiations due to a senior hire or retentions."

27.

In answer to paragraph 30 of Plaintiff's First Amended Complaint, Defendants admit that Department Head Mayr asked for an additional raise for Plaintiff, but do not agree that the suggested figures or analysis were accurate. Defendants further state that Department Head Mayr has acknowledged that several types of analyses could be used to highlight Plaintiff's salary, that he attempted to argue for her in a way that was most impactful, rather than scientifically, and that he acknowledged that there are inequities in the Psychology Department but said they are not due to gender.

28.

In answer to paragraph 31 of Plaintiff's First Amended Complaint, Defendants admit that Department Head Mayr sent an email to the Psychology Department discussing a number of

Page 10 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

topics relating to the department's review, including pay equity and lobbying the College of Arts and Sciences. The same email stated that "[at]the same time it is important for us to also try to influence the broader discussion on internal equity both on the side of the administration and the union[.]" He identified a "first step" as establishing a "union liaison person who can attend the critical meetings and keep us informed about the ongoing discussions." Defendants further respond that Department Head Mayr states that he has no evidence that the University is less likely to respond to an outside offer for a woman rather than for a man, and that the greater number of outside offers for men may relate directly to the fact that there are simply more men in the department. He recounts a few instances of outside offers for male faculty where the department simply declined to make a retention offer, whereas all women in the department who have presented outside offers have been met with a retention offer by the University.

29.

In answer to paragraph 32 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff did not receive an equity adjustment, because she was already highly-paid in relation to her position, and such adjustments were not then available by the terms of the applicable Collective Bargaining Agreement.

30.

In answer to paragraph 33 of Plaintiff's First Amended Complaint, Defendants admit that Deans Marcus and Sadofsky met with Professor Freyd and afforded her an opportunity to discuss her pay, during which they stated that she was very highly paid within the College of Arts and Sciences. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 33.

31.

In answer to paragraph 34 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff is paid less than some of the male Professors in the Psychology Department.

Page 11 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON
AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Defendants further state that h-index is one type of metric used in academia, but one which changes over time, and which Plaintiff herself has admitted is not without its limitations. Defendants deny the allegation that those male individuals who are paid more than Plaintiff are similarly or less accomplished as to issues that are pertinent to those comparisons to be performed under the laws which Plaintiff cites, and further denies the implications that they are proper comparators to her.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 34.

32.

In answer to paragraph 35 of Plaintiff's First Amended Complaint, Defendants respond that President Schill was aware the Plaintiff submitted a complaint to the Oregon Bureau of Labor and Industries on or around February 9, 2017 which related to her allegations of gender-based inequities in pay.  Defendants further state that the University hired an outside investigator to evaluate pay practices and specific salaries within the Psychology Department, but before that investigation was completed, Plaintiff withdrew her complaint from the Oregon Bureau of Labor and Industries and filed this lawsuit.  Defendants further state that President Schill is represented by separate counsel and Defendants are not answering on his behalf.  Defendants lack sufficient knowledge about the remaining allegations in paragraph 35 and therefore deny the same.

33.

In answer to paragraph 36 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff has filed a complaint with the Oregon Bureau of Labor and Industries and the EEOC and was issued notices of right to sue, but further states that she elected to withdraw the complaint before she was required to present any evidence of her claims.

**FIRST CLAIM FOR RELIEF**
**EQUAL PAY ACT, 29 U.S.C. §206(d)**
**(AGAINST UO)**

Defendants incorporate paragraphs 1 – 33 above as if fully set forth herein.

Page 12 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

34.

In answer to paragraph 37 of Plaintiff's First Amended Complaint, Defendants admit that the University is an employer subject to the Equal Pay Act, 29 U.S.C. §206(d).

35.

In answer to paragraphs 38 – 42 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

**SECOND CLAIM FOR RELIEF**
**TITLE VII – DISPARATE TREATMENT**
**(AGAINST UO)**

Defendants incorporate paragraphs 1 – 35 above as if fully set forth herein.

36.

In answer to paragraphs 43 – 49 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

**THIRD CLAIM FOR RELIEF**
**TITLE VII – DISPARATE IMPACT**
**(AGAINST UO)**

Defendants incorporate paragraphs 1 – 36 above as if fully set forth herein.

37.

In answer to paragraphs 50 – 53 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

**FOURTH CLAIM FOR RELIEF**
**TITLE IX, 20 U.S.C. §1681(A)**
**(AGAINST UO)**

Defendants incorporate paragraphs 1 – 37 above as if fully set forth herein.

38.

In answer to paragraph 54 of Plaintiff's First Amended Complaint, Defendants admit the University receives federal funds and is subject to Title IX of the Education Amendments of 1972.

Page 13 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

39.

In answer to paragraphs 55 – 59 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

**FIFTH CLAIM FOR RELIEF**
**EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION,**
**14TH AMENDMENT**
**(AGAINST DEFENDANTS SCHILL AND SADOFSKY)**

Defendants incorporate paragraphs 1 – 39 above as if fully set forth herein.

40.

In answer to paragraphs 60 – 66 of Plaintiff's First Amended Complaint, Defendants deny the allegations.  Defendants further state that President Schill is represented by separate counsel and Defendants are not answering on his behalf.

**SIXTH CLAIM FOR RELIEF**
**EQUAL RIGHTS AMENDMENT OF THE OREGON CONSTITUTION**
**ARTICLE 1, SECTION 46**
**(AGAINST UO)**

Defendants incorporate paragraphs 1 – 40 above as if fully set forth herein.

41.

In answer to paragraphs 67 – 69 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

**SEVENTH CLAIM FOR RELIEF**
**ORS 659A.030 – DISPARATE TREATMENT**
**(AGAINST UO)**

Defendants incorporate paragraphs 1 – 41 above as if fully set forth herein.

42.

In answer to paragraphs 70 – 74 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

//

//

Page 14 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## EIGHTH CLAIM FOR RELIEF
## ORS 659A.030 – DISPARATE IMPACT
## (AGAINST UO)

Defendants incorporate paragraphs 1 – 42 above as if fully set forth herein.

### 43.

In answer to paragraphs 75 – 78 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

## NINTH CLAIM FOR RELIEF
## ORS 652.220 – WAGE DISCRIMINATION
## (AGAINST UO)

Defendants incorporate paragraphs 1 – 43 above as if fully set forth herein.

### 44.

In answer to paragraphs 79 – 82 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

## TENTH CLAIM FOR RELIEF
## BREACH OF CONTRACT – COVENANT OF GOOD FAITH AND FAIR DEALING
## (AGAINST UO)

Defendants incorporate paragraphs 1 – 44 above as if fully set forth herein.

### 45.

In answer to paragraph 83 of Plaintiff's First Amended Complaint, Defendants admit that a contract of employment contains an implied covenant of good faith and fair dealing.

### 46.

In answer to paragraphs 84 – 86 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof except where required by law, Defendants state as follows:

//

Page 15 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM

47.

Plaintiff's First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

48.

Plaintiff's Equal Pay Act allegations fail to state a claim for relief because the basis for any pay disparities is not unlawful nor is it gender-based, and Plaintiff's allegations fail to take into account that there is no legal basis to challenge a retention raise as being a violation of the law. Plaintiff further admits that she earned more than the average of males in her department, and further states that her compensation was higher than several male full professors and substantially higher than other males. Defendants also state that for all years relevant hereto until her retirement, Helen Neville, a female, was the highest paid full professor in the Psychology Department.

49.

Plaintiff's claim for disparate treatment is insufficient as a matter of law as she admits that any disparity between her pay and the small number of male faculty who were paid more is the result of a retention raise, which is a lawful compensation practice. Plaintiff further admits that she, as well as anyone else in the Psychology Department at the University of Oregon, would have been able to obtain an outside offer from another institution, which is the precursor event which allows the possibility of a retention offer.

50.

Plaintiff's disparate impact claim fails to state a claim for relief because Plaintiff has never been individually affected nor denied consideration for an adjustment, because it fails to identify any statistical disparity, because any complained of practice affected men and women equally, because Plaintiff has not identified a specific practice with any reasonable particularity,

Page 16 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

and because by Plaintiff's admission any faculty member in her department could choose to consider outside offers.

### 51.

Plaintiff's Title VII claim fails to state a claim for relief because she has not complied with the administrative exhaustion requirements of that law.

### 52.

Plaintiff's Title IX claim is legally insufficient because the pay disparity of which Plaintiff complains was the result of a lawful employment practice. and because Title VII supplants Title IX in employment matters.

### 53.

Plaintiff's claim for punitive damages under Title IX is legally insufficient because such damages may not be recovered under Title IX.

### 54.

Plaintiff's claim for violation of the Equal Protection Clause of the 14th Amendment, through 42 U.S.C. §1983 is legally insufficient because Plaintiff does not assert and cannot establish that Dean Sadofsky was acting outside the scope of his official capacities or that he acted with intent to discriminate, and because officials acting in their official capacities are not "persons" under §1983 with respect to retrospective relief.

### 55.

To the extent Plaintiff's fifth claim for relief incorporates her disparate impact theories, those claims are insufficient as a matter of law and do not identify a specific practice Plaintiff alleges to have resulted in the alleged impact.

//

//

//

Page 17 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

56.

Plaintiff has failed to state a claim for breach of contract because she alleges an implied covenant which does not reinforce the terms of any agreement, or which would alter the terms thereof, or which contradicts the collective bargaining agreement.

## SECOND AFFIRMATIVE DEFENSE
## FACTOR OTHER THAN SEX

57.

The differentials in pay underlying Plaintiff's action arise from a factor other than sex, in that they are not based on or derived from a sex-based differential in compensation, they are job-related with respect to the position in question, they are consistent with business necessity, and are used reasonably in light of their purpose and the University's practices.  Consistent with both established precedent and case law in the Ninth Circuit, even pay structures based upon market factors can alone constitute a "factor other than sex" if reasonable and effectuating a business policy, as Defendants do here.

## THIRD AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE

58.

Plaintiff has failed to exercise reasonable care and diligence to mitigate alleged damages, if any.  In the event Plaintiff establishes any claims, Defendants are entitled to an offset in the amount that Plaintiff could have earned in the exercise of reasonable diligence.

## FOURTH AFFIRMATIVE DEFENSE
## GOOD FAITH EFFORTS

59.

At all times, Defendants made good faith efforts to comply with all applicable state and federal laws.

//

//

Page 18 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## FIFTH AFFIRMATIVE DEFENSE
## DUPLICATIVE REMEDIES

60.

Plaintiff is not entitled to duplicative remedies for the same underlying action or omission under the various statutes invoked in this action.

## SIXTH AFFIRMATIVE DEFENSE
## ESTOPPEL

61.

Plaintiff is estopped from the relief sought by having failed to seek out and/or secure competitive outside offers in order to seek a retention offer from the University, consistent with the colleagues against whom she compares her salary, and consistent with her belief and assertion that she would have been able to secure such an offer.

## SEVENTH AFFIRMATIVE DEFENSE
## COMPLIANCE WITH LAW

62.

Defendants' policies and actions were at all times taken as a result of their reasonable good faith understanding of state and federal law.

## EIGHTH AFFIRMATIVE DEFENSE
## TIMELINESS

63.

To the extent that any or all of Plaintiff's claims seek recovery for acts preceding the applicable statutes of limitation, those claims are untimely.

## NINTH AFFIRMATIVE DEFENSE
## CONTROLLING COLLECTIVE BARGAINING AGREEMENT

64.

Defendants' practice of providing retention-related salary adjustments is protected against any challenge that would impair the obligation of contract.

Page 19 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

65.

Plaintiff's claims and challenges are barred by the provisions of the applicable Collective Bargaining Agreement.

66.

Plaintiff failed to exhaust her grievance and other remedies under the provisions of the Collective Bargaining Agreement.

## TENTH AFFIRMATIVE DEFENSE
## ELEVENTH AMENDMENT

67.

Defendants allege that this court lacks subject matter jurisdiction over Plaintiff's claims, and that Defendants are immune from suit, in whole or in part, pursuant to the Eleventh Amendment to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE
## DISCRETIONARY IMMUNITY

68.

For Plaintiff's state law tort claims, at all material times, Defendants were acting in the performance or omission of duties or functions that were discretionary, such that they are immune from liability and damages pursuant to ORS 30.265(6)(c).

## TWELFTH AFFIRMATIVE DEFENSE
## QUALIFIED IMMUNITY

69.

Plaintiff's Section 1983 claims are barred by the doctrine of qualified immunity. Dean Sadofsky is entitled to qualified immunity from liability under 42 U.S.C. § 1983 because he acted in good faith, and it not the case that a reasonable public official in Dean Sadofsky's position would have known that the actions alleged would have violated a clearly established Constitutional right of Plaintiff's.

//

Page 20 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## THIRTEENTH AFFIRMATIVE DEFENSE
## RESERVATION OF RIGHTS

70.

Defendants reserve the right to allege additional affirmative defenses and to add counterclaims should they become apparent during discovery

WHEREFORE, Defendants pray for judgment as follows:

1.     For judgment against Plaintiff on all claims for relief;

2.     For an award of Defendants' reasonable costs, attorneys' fees, and disbursements incurred herein; and

3.     For all other and further relief as the Court deems just, equitable, and proper.

DATED this 21st day of May, 2018.

BARRAN LIEBMAN LLP

*s/Paula A. Barran*
By _____
Paula A. Barran, OSB No. 803974
pbarran@barran.com
Shayda Zaerpoor Le, OSB No. 121547
sle@barran.com
Attorneys for Defendants University of Oregon
and Hal Sadofsky

Page 21 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON
AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2018, I served the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT** on the following parties at the following addresses:

> Jennifer J. Middleton
> Johnson Johnson Lucas & Middleton, PC
> 975 Oak Street, Suite 1050
> Eugene, OR  97401-3124
> jmiddleton@justicelawyers.com
> Attorneys for Plaintiff

> Stephen F. English
> Perkins Coie LLP
> 1120 N.W. Couch Street, 10th Floor
> Portland, Oregon  97209-4128
> senglish@perkinscoie.com
> Attorneys for Defendant Michael H. Schill

by the following indicated method or methods set forth below:

☒ **Electronic Filing using the Court's ECF System**

☐ **Facsimile**

☐ **First-class mail, postage prepaid**

☐ **Hand-delivery**

☐ **Overnight courier, delivery prepaid**

☐ **E-mail**

*s/Paula A. Barran*
_____
Paula A. Barran
Shayda Zaerpoor Le

Page 22 – ANSWER AND AFFIRMATIVE DEFENSES OF UNIVERSITY OF OREGON AND HAL SADOFSKY TO FIRST AMENDED COMPLAINT