Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Cody M. Weston, OSB No. 984290
CWeston@perkinscoie.com
Nathan R. Morales, OSB No. 145763
NMorales@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Defendant
Michael H. Schill

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JENNIFER JOY FREYD,<br><br>                    Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF OREGON,<br>MICHAEL H. SCHILL, and HAL<br>SADOFSKY,<br><br>                    Defendants. | No. 6:17-cv-448-MC<br><br>ANSWER AND AFFIRMATIVE<br>DEFENSES OF DEFENDANT<br>MICHAEL H. SCHILL TO FIRST<br>AMENDED COMPLAINT |

In answer to Plaintiff's First Amended Complaint, Defendant Michael H. Schill

("Schill") responds as follows:

**INTRODUCTORY STATEMENT**

1.

In answer to Paragraph 1 of Plaintiff's First Amended Complaint, Schill admits that

Plaintiff has been a full professor in the University of Oregon's Psychology Department for

1 -   ANSWER AND AFFIRMATIVE DEFENSES OF
        DEFENDANT MICHAEL H. SCHILL TO FIRST
        AMENDED COMPLAINT

140029509.1

almost 25 years, and that she is paid less than some of her male colleagues.  Plaintiff also is paid more than some of her male colleagues.  Schill also admits that the Psychology Department has recognized salary differences within the department.  But those differences are based on a number of different factors wholly unrelated to gender.  Schill denies that the University of Oregon has engaged in sex discrimination.

**PARTIES**

2.

Schill admits the allegations contained in Paragraphs 2 - 4 of Plaintiff's First Amended Complaint.

3.

In answer to Paragraph 5 of Plaintiff's First Amended Complaint, Schill admits that, as of April 2015, he is the President of the University of Oregon and a resident of Eugene, Oregon. Because Plaintiff's First Amended Complaint does not contain any specific acts or omissions committed by Schill, Schill denies that his acts or omissions were taken under color of state law. Schill denies the allegation that he is "responsible for ensuring that UO complies with federal and state law" as vague.

4.

In answer to Paragraph 6 of Plaintiff's First Amended Complaint, Schill does not represent and is not answering for Hal Sadofsky.  No response is required for Defendant Sadofsky, who is responding separately.

5.

In answer to Paragraphs 7 and 8 of Plaintiff's First Amended Complaint, Schill admits that this Court has jurisdiction over Plaintiff's claims and that venue is proper, subject to Schill's Tenth Affirmative Defense below.

2 -   ANSWER AND AFFIRMATIVE DEFENSES OF
       DEFENDANT MICHAEL H. SCHILL TO FIRST
       AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## FACTS

6.

In answer to Paragraph 9 of Plaintiff's First Amended Complaint, Schill admits that the University's Psychology Department is a top-ranked department in the College of Arts and Sciences, according to the National Research Council's 2010 relative rankings.

7.

In answer to Paragraph 10 of Plaintiff's First Amended Complaint, Schill denies the allegation that salaries in the Psychology Department are determined solely based on seniority and merit.  Salaries are also based on job duties, which may be performed in the Psychology Department and within other departments, the University's Collective Bargaining Agreement, and a given department or college's funding, amongst some of the factors.

8.

In answer to Paragraph 11 of Plaintiff's First Amended Complaint, Schill admits that persons within the University Psychology Department conducted their own Self Study in Spring 2016.  Schill does not admit that the conclusions stated in that study are accurate.

9.

In answer to Paragraph 12 of Plaintiff's First Amended Complaint, Schill admits that the Self Study contained those statements, but does not admit that the statements or conclusions in the Self Study are accurate.

10.

In answer to Paragraph 13 of Plaintiff's First Amended Complaint, Schill admits that an External Review Committee evaluated the Department of Psychology in June 2016.  Schill denies the remaining allegations in Paragraph 13, to the extent they inaccurately suggest that the External Review Committee's report concluded that there is gender disparity in faculty salaries.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

11.

In answer to Paragraph 14 of Plaintiff's First Amended Complaint, Schill admits that the identified reports recognize that retention offers contribute to differences in salary levels.  The Expert Review Committee's report also concluded that "the gender difference is smaller when the number of years since hiring . . . or retention resolution is considered," and, thus, "this suggests that there is no overt bias."

12.

In answer to Paragraph 15 of Plaintiff's First Amended Complaint, Schill admits that the identified statements were noted, but does not admit that the statements or conclusions are accurate.

13.

In answer to Paragraph 16 of Plaintiff's First Amended Complaint, Schill admits that certain department heads have advocated for raises for female professors.  Those department heads also have specifically stated that Plaintiff's salary is not based on her gender, and that other male psychology professors doing work similar to Plaintiff are paid less.

14.

In answer to Paragraph 17 of Plaintiff's First Amended Complaint, Schill denies that Deans Sadofsky and Marcus were unwilling to use available money to address salary increases.

15.

In answer to Paragraph 18 of Plaintiff's First Amended Complaint, Schill admits that Plaintiff has been a full professor in the Psychology Department since 1992, has worked on the concept of betrayal trauma, and was given the listed awards.  Except as expressly admitted, Schill denies the remaining allegation in Paragraph 18.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

16.

In answer to Paragraph 19 of Plaintiff's First Amended Complaint, Schill admits that a conference was scheduled in April 2017.  Schill lacks sufficient knowledge about the remaining allegations in Paragraph 19, and, therefore, denies the same.

17.

In answer to Paragraph 20 of Plaintiff's First Amended Complaint, Schill admits that Plaintiff's 2015 post-tenure review included the quoted statement.  Schill lacks sufficient knowledge about the remaining allegations in Paragraph 20, and, therefore, denies the same.

18.

In answer to Paragraph 21 of Plaintiff's First Amended Complaint, Schill denies the allegation that Plaintiff holds the same responsibility, effort, or skill as all the other full professors in the Psychology Department.  Except as expressly admitted, Schill denies the remaining allegations in Paragraph 21.

19.

In answer to Paragraph 22 of Plaintiff's First Amended Complaint, Schill denies that Plaintiff's salary has been impacted by discrimination.  Schill lacks sufficient knowledge about the remaining allegations in Paragraph 22, and, therefore, denies the same.

20.

In answer to Paragraph 23 of Plaintiff's First Amended Complaint, Schill admits that, in May 2014, Plaintiff provided the head of the Psychology Department with her own analysis of full professor salaries.  Schill alleges that Plaintiff's analysis is flawed and based on insufficient data.  Except as expressly admitted, Schill denies the remaining allegations in Paragraph 23.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

140029509.1

21.

In answer to Paragraph 24 of Plaintiff's First Amended Complaint, Schill admits that, in April 2015, Plaintiff and two colleagues provided their own statistical analysis of full professor salaries.  Schill denies the accuracy of their analysis.

22.

In answer to Paragraph 25 of Plaintiff's First Amended Complaint, Schill lacks sufficient knowledge at this time, and, therefore, denies the allegations.

23.

In answer to Paragraph 26 of Plaintiff's First Amended Complaint, Schill lacks sufficient knowledge about Department Head Mayr's knowledge, and, therefore, denies the same.  Schill admits that Plaintiff was given an eight-percent raise after her 2015 review.  Except as expressly admitted, Schill denies the remaining allegations in Paragraph 26.

24.

In answer to Paragraph 27 of Plaintiff's First Amended Complaint, Schill denies the allegations about Plaintiff's salary in relation to her male peers.  Schill lacks sufficient knowledge about the remaining allegations in Paragraph 27, and, therefore, denies the same.

25.

In answer to Paragraph 28 of Plaintiff's First Amended Complaint, Schill admits that, in 2017, Plaintiff reiterated some of her beliefs and personal calculations about her salary, but denies that her beliefs and suggested analyses were accurate.  Schill lacks sufficient knowledge about the remaining allegations in Paragraph 28, and, therefore, denies the same.

26.

In answer to Paragraph 29 of Plaintiff's First Amended Complaint, Schill admits that a memo from Department Head Mayr states the quoted wording.  Schill further alleges that the memo also notes that retention offers can and do impact salaries of male professors.  Schill lacks

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

sufficient knowledge about the remaining allegations in Paragraph 29, and, therefore, denies the same.

27.

In answer to Paragraph 30 of Plaintiff's First Amended Complaint, Schill admits that Department Head Mayr asked for an additional raise for Plaintiff, but denies that the suggested figures or analysis was correct.

28.

In answer to Paragraph 31 of Plaintiff's First Amended Complaint, Schill admits that Department Head Mayr sent an email to the Psychology Department discussing pay equity. Defendants deny the accuracy of any suggestion in Mayr's email that "blatant gender inequities" in pay in the Psychology Department exist.

29.

In answer to Paragraph 32 of Plaintiff's First Amended Complaint, Schill admits that Plaintiff did not receive an equity adjustment.

30.

In answer to Paragraph 33 of Plaintiff's First Amended Complaint, Schill admits that Deans Marcus and Sodofsky met with Plaintiff and afforded her an opportunity to discuss her pay, during which they stated that she was very highly paid within the College of Arts and Sciences.  Except as expressly admitted, Schill denies the remaining allegations in Paragraph 33.

31.

In answer to Paragraph 34 of Plaintiff's First Amended Complaint, Schill admits that Plaintiff is paid less than some of the male professors in the Psychology Department.  But Schill denies that those male professors are similarly or less accomplished than Plaintiff, and further denies that they are proper comparators.  Schill admits that h-index is one available type of

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

metric used in academia, but alleges that it has limitations.  Except as expressly admitted, Schill denies the remaining allegations in Paragraph 34.

32.

In answer to Paragraph 35 of Plaintiff's Amended Complaint, Schill admits that he was aware that Plaintiff submitted a complaint to the Oregon Bureau of Labor and Industries on or around February 9, 2017, which related to her allegations of gender-based inequities in pay. Schill denies the existence of gender-based inequities in Plaintiff's pay, and, therefore, that he has failed to take corrective action to remedy those alleged inequities.

33.

In answer to Paragraph 36 of Plaintiff's First Amended Complaint, Schill admits that Plaintiff has filed complaints with the Oregon Bureau of Labor and Industries and the EEOC, and was issued notices of right to sue, but alleges that Plaintiff elected to withdraw those complaints before presenting any evidence of her claims.

**FIRST CLAIM FOR RELIEF**
**EQUAL PAY ACT, 29 U.S.C. § 206(d)**
**(AGAINST UO)**

34.

Schill incorporates Paragraphs 1 - 33 above as if fully set forth herein.

35.

In answer to Paragraphs 37 - 42 of Plaintiff's First Amended Complaint, Schill incorporates by reference Paragraphs 34 -35 of Answer and Affirmative Defenses of University of Oregon and Hal Sadofsky to First Amended Complaint.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**SECOND CLAIM FOR RELIEF**
**TITLE VII - DISPARATE TREATMENT**
**(AGAINST UO)**

36.

Schill incorporates Paragraphs 1 - 35 above as if fully set forth herein.

37.

In answer to Paragraphs 43 - 49 of Plaintiff's First Amended Complaint, Schill denies the

allegations.

**THIRD CLAIM FOR RELIEF**
**TITLE VII DISPARATE IMPACT**
**(AGAINST UO)**

38.

Schill incorporates Paragraphs 1 - 37 above as if fully set forth herein.

39.

In answer to Paragraphs 50 - 53 of Plaintiff's First Amended Complaint, Schill denies the

allegations.

**FOURTH CLAIM FOR RELIEF**
**TITLE IX, 20 U.S.C. § 1681(A)**
**(AGAINST UO)**

40.

Schill incorporates Paragraphs 1 - 39 above as if fully set forth herein.

41.

In answer to Paragraphs 54 - 59 of Plaintiff's First Amended Complaint, Schill

incorporates by reference Paragraphs 38 - 39 of Answer and Affirmative Defenses of University

of Oregon and Hal Sadofsky to First Amended Complaint.

9 -   ANSWER AND AFFIRMATIVE DEFENSES OF
      DEFENDANT MICHAEL H. SCHILL TO FIRST
      AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## FIFTH CLAIM FOR RELIEF
## EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION,
## 14TH AMENDMENT
## (AGAINST DEFENDANTS SCHILL AND SADOFSKY)

42.

Schill incorporates Paragraphs 1 - 41 above as fully set forth herein.

43.

In answer to Paragraphs 60 - 66 of Plaintiff's First Amended Complaint, Schill denies the allegations.

## SIXTH CLAIM FOR RELIEF
## EQUAL RIGHTS AMENDMENT OF THE OREGON CONSTITUTION
## ARTICLE I, SECTION 46
## (AGAINST UO)

44.

In answer to Paragraphs 67 - 69 of Plaintiff's First Amended Complaint, Schill neither admits nor denies the allegations contained in Paragraphs 67 - 69, stating in support thereof that no response is required.

## SEVENTH CLAIM FOR RELIEF
## ORS 659A.030 - DISPARATE TREATMENT
## (AGAINST UO)

45.

In answer to Paragraphs 70 - 74 of Plaintiff's First Amended Complaint, Schill neither admits nor denies the allegations contained in Paragraphs 70 - 74, stating in support thereof that no response is required.

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT MICHAEL H. SCHILL TO FIRST
AMENDED COMPLAINT

140029509.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## EIGHTH CLAIM FOR RELIEF
## ORS 659A.030 - DISPARATE IMPACT
## (AGAINST UO)

46.

In answer to Paragraphs 75 - 78 of Plaintiff's First Amended Complaint, Schill neither admits nor denies the allegations contained in Paragraphs 75 - 78, stating in support thereof that no response is required.

## NINTH CLAIM FOR RELIEF
## ORS 652.220 - WAGE DISCRIMINATION
## (AGAINST UO)

47.

In answer to Paragraphs 79 - 82 of Plaintiff's First Amended Complaint, Schill neither admits nor denies the allegations contained in Paragraphs 79 - 82, stating in support thereof that no response is required.

## TENTH CLAIM FOR RELIEF
## BREACH OF CONTRACT - COVENANT OF GOOD FAITH & FAIR DEALING
## (AGAINST UO)

48.

In answer to Paragraphs 83 - 86 of Plaintiff's First Amended Complaint, Schill neither admits nor denies the allegations contained in Paragraphs 83 - 86, stating in support thereof that no response is required.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof except where required by law, Schill states as follows:

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM

49.

Schill incorporates Paragraphs 1 - 48 above as fully set forth herein.

11 - ANSWER AND AFFIRMATIVE DEFENSES OF
  DEFENDANT MICHAEL H. SCHILL TO FIRST
  AMENDED COMPLAINT

140029509.1

50.

Plaintiff's First Amended Complaint, in whole or in part, fails to state a claim against Schill upon which relief can be granted.

51.

Plaintiff's claim for violation of the Equal Protection Clause of the 14th Amendment, through 42 U.S.C. § 1983, is legally insufficient because Plaintiff does not assert and cannot establish that Schill was acting outside the scope of his official capacities or that he acted with intent to discriminate, and because officials acting in their official capacities are not "persons" under § 1983 with respect to retrospective relief.

52.

To the extent Plaintiff's Fifth Claim for Relief incorporates her disparate-impact theories, those claims are insufficient as a matter of law and do not identify a specific practice by Schill that Plaintiff alleges to have resulted in the alleged impact.

## SECOND AFFIRMATIVE DEFENSE
## FACTORS OTHER THAN SEX

53.

Schill incorporates Paragraphs 1 - 52 above as fully set forth herein.

54.

Any differential in pay underlying Plaintiff's action arises from factors other than her sex. They are not based on or derived from a sex-based differential in compensation. Instead, they are job-related with respect to the position in question, consistent with business necessity, and reasonable in light of their purpose.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### THIRD AFFIRMATIVE DEFENSE
### FAILURE TO MITIGATE

55.

Schill incorporates Paragraphs 1 - 54 above as fully set forth herein.

56.

Plaintiff has failed to exercise reasonable care and diligence to mitigate any alleged damages.  In the event that Plaintiff establishes her claim against Schill, Schill is entitled to an offset in the amount that Plaintiff could have earned in the exercise of reasonable diligence.

### FOURTH AFFIRMATIVE DEFENSE
### GOOD-FAITH EFFORTS

57.

Schill incorporates Paragraphs 1 - 56 above as fully set forth herein.

58.

At all times, Schill made good-faith efforts to comply with all applicable state and federal laws.

### FIFTH AFFIRMATIVE DEFENSE
### DUPLICATIVE REMEDIES

59.

Schill incorporates Paragraphs 1 - 58 above as fully set forth herein.

60.

Plaintiff is not entitled to duplicative remedies for the same underlying action or omission under the various statutes invoked in this action.

### SIXTH AFFIRMATIVE DEFENSE
### ESTOPPEL

61.

Schill incorporates Paragraphs 1 - 60 above as fully set forth herein.

13 - ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT MICHAEL H. SCHILL TO FIRST
AMENDED COMPLAINT

140029509.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

62.

Plaintiff is estopped from the relief sought, by having failed to seek out and/or secure competitive outside offers in order to seek a retention offer, consistent with her belief and assertion that she would have been able to secure such an offer.

## SEVENTH AFFIRMATIVE DEFENSE
## COMPLIANCE WITH LAW

63.

Schill incorporates Paragraphs 1 - 62 above as fully set forth herein.

64.

Schill's actions were at all times taken as a result of his reasonable and good-faith understanding of the applicable law.

## EIGHTH AFFIRMATIVE DEFENSE
## STATUTE OF LIMITATIONS

65.

Schill incorporates Paragraphs 1 - 64 above as fully set forth herein.

66.

To the extent that any or all of Plaintiff's claims seek recovery for acts preceding the applicable statutes of limitations, those claims are untimely.

## NINTH AFFIRMATIVE DEFENSE
## CONTROLLING COLLECTIVE BARGAINING AGREEMENT

67.

Schill incorporates Paragraphs 1 - 66 above as fully set forth herein.

68.

Plaintiff's claims and challenges are barred by the provisions of the applicable Collective Bargaining Agreement.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

69.

Plaintiff failed to exhaust her grievance and other remedies under the provisions of the Collective Bargaining Agreement.

## TENTH AFFIRMATIVE DEFENSE
## ELEVENTH AMENDMENT

70.

Schill incorporates Paragraphs 1 - 69 above as fully set forth herein.

71.

To the extent that Plaintiff asserts claims over Schill in his official capacity, Schill is immune from suit, in whole or in part, pursuant to the Eleventh Amendment to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE
## QUALIFIED IMMUNITY

72.

Schill incorporates Paragraphs 1 - 71 above as fully set forth herein.

73.

To the extent that Plaintiff asserts a claim under section 1983 in Schill's personal capacity, he is immune from suit because he acted in good faith, and a reasonable person in Schill's position would not have known that the alleged actions would have violated a clearly established constitutional right of Plaintiff's.

WHEREFORE, Schill prays for judgment as follows:

1.     For judgment against Plaintiff on her Fifth Claim for Relief;

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

2.      For an award of Schill's reasonable costs, attorney fees, and disbursements incurred herein, pursuant to 42 U.S.C. § 1988(b);

3.      For all other and further relief as the Court deems just, equitable, and proper.

DATED:  June 1, 2018                    **PERKINS COIE LLP**


By: _s/ Stephen F. English_
       Stephen F. English, OSB No. 730843
       SEnglish@perkinscoie.com
       Cody M. Weston, OSB No. 984290
       CWeston@perkinscoie.com
       Nathan R. Morales, OSB No. 145763
       NMorales@perkinscoie.com
       1120 N.W. Couch Street, 10th Floor
       Portland, OR  97209-4128
       Telephone:  503.727.2000
       Facsimile:  503.727.2222

       Attorneys for Defendant
       Michael H. Schill

16 -  ANSWER AND AFFIRMATIVE DEFENSES OF
      DEFENDANT MICHAEL H. SCHILL TO FIRST
      AMENDED COMPLAINT
140029509.1