Jennifer J. Middleton, OSB # 071510
jmiddleton@justicelawyers.com
Caitlin V. Mitchell, OSB # 123964
cmitchell@justicelawyers.com
JOHNSON, JOHNSON, LUCAS & MIDDLETON, PC
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Phone: 541/683-2506
Fax:    541/484-0882

Whitney Stark, OSB # 090350
whitney@albiesstark.com
Albies & Stark, LLC
210 SW Morrison Street, Suite 400
Portland OR 97204-3189
Phone: 503/308-4770
Fax:    503/427-9292

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| JENNIFER JOY FREYD, | Case No. 6:17-CV-00448-MC |
| Plaintiff, | DECLARATION OF SARA HODGES |
| vs. | |
| UNIVERSITY OF OREGON, MICHAEL H. SCHILL and HAL SADOFSKY, | |
| Defendants. | |

I, Sara Hodges, declare as follows:

1. I am a full professor in the Psychology Department. I have been a faculty member at the University of Oregon since 1995.

2. In June 2017, near the end of my second year of a 3-year term as the Associate Dean of the University of Oregon Graduate school, the then (now previous) Dean of the Graduate School

told me that he had accepted a new job. The news was a big surprise and quite unsettling, as it created substantial uncertainty about who would lead the Graduate School (which at the time was experiencing a lot of turnover and some discord). I was told to meet with the Provost, who asked whether I would be interested in serving as interim dean. I said I would. I also made it clear that I was interested only in serving in the position for a year, because I had planned to take a sabbatical in 2018-19. Once I expressed interest, there was a rush to draw up and finalize my contract of service quickly – they would have liked me to sign the paperwork that very afternoon. I hurried to put together ideas about what would make the dean's job – a high responsibility, full-time position which I had not anticipated doing – doable for me for a year.

3. The salary I was offered to be Interim Dean for a year was considerably higher than my faculty salary. The Provost's office representative who negotiated with me seemed to anticipate that I would be impressed. It was in fact along the lines of what I expected (I had at some point known the previous dean's salary, and I knew the salary of another UO dean in a comparable role). I was also told that my permanent faculty salary would be raised by (I think) $5000. I told the representative that although the interim dean salary seemed generous, I would prefer that the offer be for a lower interim dean salary in exchange for a bigger raise to my faculty salary, to which I would be returning when my term as dean concluded. This was not an unusual request, as faculty who take on administrative roles are often given boosts to their permanent salaries.

4. In this discussion, I pointed out that my home department – Psychology – was struggling with a problem with its female full professors being paid less than its male full professors (a problem that included, but was not limited to, Jennifer Freyd's lawsuit). I also knew that I was at the time one of the two female full professors who was most below the department's salary regression line. I framed my request as a solution that would most certainly benefit me, but would also help

the university, by providing a reason for at least partially "fixing" one of the most discrepant data points on the department's regression line.

5. My suggestion was not taken. I tried to push back respectfully and was told that raising my permanent salary would create other problems. The representative told me that if my permanent Psychology salary was raised more, it would disturb the relationship of my salary to that of other Psychology colleagues. The specific example he offered was my colleague Elliot Berkman: If my permanent salary were raised more, it could result in me earning too much more than him. I was surprised that Dr. Berkman was the example that the representative used – he is an exceptionally talented psychologist, but he has been at the university for about 15 years fewer than I have and was an associate professor, while I had been a full professor since 2013. In my negotiation, I noted that I had been at the university significantly longer than Dr. Berkman and held a higher rank than he did, but my request to have my permanent salary raised more in exchange for a lower interim salary was not granted. My other requests, including a term of paid research leave and funding for one of my graduate students to serve as my lab manager, were granted.

6. I declare under penalty of perjury of the laws of the state of Oregon that the foregoing is true and correct.

Executed on December __13__, 2018.

_____
Sara Hodges