Paula A. Barran, OSB No. 803974
pbarran@barran.com
Shayda Zaerpoor Le, OSB No. 121547
sle@barran.com
Donovan L. Bonner, OSB No. 181929
dbonner@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
   Attorneys for Defendants
   University of Oregon and Hal Sadofsky

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| JENNIFER JOY FREYD,<br><br>                             Plaintiff,<br><br>v.<br><br>UNIVERSITY OF OREGON, MICHAEL H. SCHILL and HAL SADOFSKY,<br><br>                           Defendants. | **CV. 6:17-cv-448-MC**<br><br>**DECLARATION OF SCOTT COLTRANE IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF OREGON'S AND SADOFSKY'S MOTION FOR SUMMARY JUDGMENT** |

I, Scott Coltrane, declare as follows:

1. I am currently an emeritus professor at the University of Oregon. I was appointed dean of the College of Arts and Sciences in 2008, and held that role for five years. After that I served as interim provost and then was interim president for 11 months before I returned to the position of provost. I held the position of provost until July 2017. I have personal knowledge of the facts in this declaration.


Page 1 – DECLARATION OF SCOTT COLTRANE IN SUPPORT OF REPLY
        MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF
        OREGON'S AND SADOFSKY'S MOTION FOR SUMMARY JUDGMENT

00775073.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Paula A. Barran, OSB No. 803974
pbarran@barran.com
Shayda Zaerpoor Le, OSB No. 121547
sle@barran.com
Donovan L. Bonner, OSB No. 181929
dbonner@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
   Attorneys for Defendants
   University of Oregon and Hal Sadofsky

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| JENNIFER JOY FREYD,<br><br>                             Plaintiff,<br><br>v.<br><br>UNIVERSITY OF OREGON, MICHAEL H. SCHILL and HAL SADOFSKY,<br><br>                           Defendants. | **CV. 6:17-cv-448-MC**<br><br>**DECLARATION OF SCOTT COLTRANE IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF OREGON'S AND SADOFSKY'S MOTION FOR SUMMARY JUDGMENT** |

I, Scott Coltrane, declare as follows:

1. I am currently an emeritus professor at the University of Oregon. I was appointed dean of the College of Arts and Sciences in 2008, and held that role for five years. After that I served as interim provost and then was interim president for 11 months before I returned to the position of provost. I held the position of provost until July 2017. I have personal knowledge of the facts in this declaration.

Page 1 – DECLARATION OF SCOTT COLTRANE IN SUPPORT OF REPLY
        MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF
        OREGON'S AND SADOFSKY'S MOTION FOR SUMMARY JUDGMENT

00775073.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

2. I was deposed in this lawsuit and during my deposition described some of the circumstances surrounding the hiring of a new faculty member in the University's College of Education and, in particular, the challenge the University faced recruiting her in light of her high rate of pay at her then-current institution. I understand that my description of this hiring has been offered by Professor Freyd's counsel as a suggestion of an alternative way to address retention situations. The subject of my testimony, which is referenced as support for an "alternative practice" was recruitment of a new employee, not retention. Compensation questions differ when the University is hiring new faculty as compared to attempting to stave off a recruitment.

3. When the University seeks to hire excellent new faculty with expertise in a targeted area that will further our mission, we are sometimes in a position that requires us to pay higher salaries than those received by other UO faculty in order to recruit the new faculty to the University. When this occurs, we work with academic units to address equity issues, subject to the current collective bargaining agreement and the availability of financial resources. The most recent collective bargaining agreements with United Academics included across the board faculty salary increases along with merit-based salary increases based on performance evaluations, but did not include equity as a basis for increasing faculty salaries.

4. The practices associated with faculty retentions differ from practices associated with initial hiring of tenure-related faculty in several ways. In the case of hiring new faculty, search committees make recommendations on who to hire and academic programs/departments vote on the acceptability of specific candidates. Upon receiving and agreeing with such recommendations, department heads, deans, and the provost negotiate salary and other terms with the selected candidates based on averages for new hires among AAU institutions, the faculty member's current salary, and any competing offers currently being considered by the candidate. In the case of retentions, department heads gather information from current faculty members who are being recruited by another institution, and deans and the provost determine whether the faculty member's contributions to the department and the field are worthy of further investment

Page 2 – DECLARATION OF SCOTT COLTRANE IN SUPPORT OF REPLY
MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF
OREGON'S AND SADOFSKY'S MOTION FOR SUMMARY JUDGMENT

and whether the offer is serious and from an institution of a caliber similar to or exceeding that of the University of Oregon. Depending on the availability of resources, the dean makes a recommendation to the provost to extend a retention offer, usually comparable to the offer from the competing institution. In order for the faculty member to accept our retention offer, the salary typically must come close to that of the outside offer.

5. If we were to approach retention the way that plaintiff has suggested in her papers, it would not offer a workable alternative to our present treatment of retentions. For example, if the University were to offer one of our faculty members being recruited a salary increase that was fifty percent of a competing offer's increase, it is extremely unlikely that we would be able to retain the highly-ranked faculty member with the outside offer. Additionally, to require the University to commit to raising the salary of every UO faculty member in a department whose salary was surpassed due to a retention offer would use more of a finite resource intended to further the mission of the University by increasing our overall research excellence and productivity. That means that the University's interests would not be served the same way as the present processes. In addition, the policies and practices associated with faculty performance reviews dictate that we should consider the relative merits of each person's individual scholarly contributions and not increase salaries simply based on time spent in the employ of the University or the fact of being housed in a department that includes faculty who receive outside offers. In other words, plaintiff argues that every retention should result in a raise to other faculty. It is highly unlikely that the University would ever have the funding to do something like that and, in addition, it is not a practice that is consistent with the collectively bargained approach.

6. I am also familiar with the University's strategic planning and vision. The analysis and determination of how to position the state's flagship University for its future – which programs to develop, which facilities to build and invest in, where to find staff, which faculty can best grow the programs of the future – are not everyday ministerial choices. They are decisions that set the path the University will take into the future. These decisions grow out of

Page 3 – DECLARATION OF SCOTT COLTRANE IN SUPPORT OF REPLY
MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF
OREGON'S AND SADOFSKY'S MOTION FOR SUMMARY JUDGMENT

00775073.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

the institution's purpose and vision. This University is one of the premiere institutions of higher learning in the nation, one of just 32 US public research universities holding membership in the prestigious Association of American Universities (AAU) and one of only two AAU members in the entire Pacific Northwest. It is that vision that drove the Knight Campus for Accelerating Scientific Impact, which is designed to "reshape the state's public higher education landscape by training new generations of scientists, engaging in new interdisciplinary research, forging tighter ties with industry and entrepreneurs, and creating new educational opportunities for graduate and undergraduate students." The University of Oregon is a Tier 1 national Public Research University at which most students are engaged in some form of research activity. The University's sponsored research and innovation activity contribute tens of millions of dollars to Oregon's economy each year and its research creates jobs for the community. Having faculty who can secure outside funding is important to retaining the position of the University, providing the benefits to the community, and even providing the kind of funding that can support the research of faculty who have not been able to secure their own external funding.

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 28th day of December, 2018.

_____
Scott Coltrane

Page 4 – DECLARATION OF SCOTT COLTRANE IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF OREGON'S AND SADOFSKY'S MOTION FOR SUMMARY JUDGMENT

00775073.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2019, I served the foregoing **DECLARATION OF SCOTT COLTRANE IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF OREGON'S AND SADOFSKY'S MOTION FOR SUMMARY JUDGMENT** on the following parties at the following addresses:

| | |
|---|---|
| Jennifer J. Middleton<br>Caitlin V. Mitchell<br>Johnson Johnson Lucas & Middleton, PC<br>975 Oak Street, Suite 1050<br>Eugene, OR 97401-3124<br>jmiddleton@justicelawyers.com<br>cmitchell@justicelawyers.com<br>Attorneys for Plaintiff | Whitney Stark<br>Albies & Stark, LLC<br>210 SW Morrison Street, Suite 400<br>Portland, OR 97204-3189<br>whitney@albiesstark.com<br>Attorneys for Plaintiff |

Stephen F. English
Cody Weston
Nathan R. Morales
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
senglish@perkinscoie.com
cweston@perkinscoie.com
nmorales@perkinscoie.com
Attorneys for Defendant Michael H. Schill

by the following indicated method or methods set forth below:

☒ **Electronic Filing using the Court's ECF System**

☐ **First-class mail, postage prepaid**

☐ **Hand-delivery**

☐ **Overnight courier, delivery prepaid**

☐ **E-mail**

*s/Paula A. Barran*
_____
Paula A. Barran
Shayda Zaerpoor Le

Page 1 – CERTIFICATE OF SERVICE

00775073.1