Jennifer J. Middleton, OSB # 071510
jmiddleton@justicelawyers.com
Caitlin V. Mitchell, OSB # 123964
cmitchell@justicelawyers.com
JOHNSON, JOHNSON, LUCAS & MIDDLETON, PC
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Phone: 541/683-2506
Fax:    541/484-0882

Whitney Stark, OSB # 090350
whitney@albiesstark.com
Albies & Stark, LLC
210 SW Morrison Street, Suite 400
Portland OR 97204-3189
Phone: 503/308-4770
Fax:    503/427-9292

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **JENNIFER JOY FREYD,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNIVERSITY OF OREGON, MICHAEL H. SCHILL and HAL SADOFSKY,**<br><br>Defendants. | Case No. 6:17-CV-00448-MC<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

On February 25, 2019, the United States Supreme Court issued an order in *Rizo v. Yovino*, a recent Ninth Circuit, Equal Pay Act case that Plaintiff cited in her opposition to summary judgment. *Yovino v. Rizo*, 586 U.S. ___, No. 18-227 (Feb. 25, 2019). The opinion cited by

1 Page – NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, an *en banc* opinion written by Judge Reinhardt shortly before his death, was vacated on the grounds that the opinion was published after Judge Reinhard's death. The U.S. Supreme Court found that Judge Reinhardt's death rendered his vote in favor of his own opinion, prior to publication, moot. It remanded the case back to the Ninth Circuit. *Id*. The Ninth Circuit opinion was correctly decided and is unlikely to change significantly on reconsideration, as explained below.

The *en banc* court in *Rizo's* Ninth Circuit opinion consisted of eleven judges. Six, including Judge Reinhardt, voted in favor of Judge Reinhard's opinion. The remaining five all concurred in the judgment, but wrote separately to express differences with varying specifics of the opinion. None of the eleven voted against the judgment or wrote a dissent.

Ninth Circuit practice is to assign a case remanded from the Supreme Court back to the panel that previously heard it. *See* Ninth Circuit Rules of Appellate Procedure, "Court Structure and Processes" section (E)(4), p. xviii (http://cdn.ca9.uscourts.gov/datastore/uploads/rules/frap.pdf). If that rule applies such that the remaining ten will re-hear the case, joined by a new eleventh, this Court can expect the resulting judgment to be the same.

All ten of the prior panel agreed on the opinion's ultimate judgment, finding that prior salary alone is not a "factor other than sex" under the Equal Pay Act. Even those who concurred in the judgment, without joining the majority opinion, pointed out that continuing pay disparities between men and women in virtually every sector of the economy make it "highly likely that a woman's past pay will reflect, at least in part, some form of sex discrimination." *See Rizo*, 887 F.3d at 478 (Judge Watford concurring in the judgment); *see also* 887 F.3d at 470 (concurrence of Judges McKeown and Murgia) (noting that the gender wage gap persists and can reflect the very discrimination Congress sought to eradicate in the statute).

Two holdings of the *en banc* opinion hold particular relevance for this case, and those holdings are unlikely to be changed by the Ninth Circuit's reconsideration. They both enjoy strong support in the language and history of the statute, in prior precedent, and in holdings from other circuits.

The first pertinent holding is that any defense under the "catchall" exception to the Equal Pay Act must be job-related (as distinguished from business-related). The opinion shows that basic principles of statutory interpretation require this conclusion. It elucidates the legislative history of the exception, showing that Congress intended that it apply only to factors that were job related. It notes that the Eleventh Circuit has long held that the "factor other than sex" exception only applies when the disparity results from job-related factors like the unique characteristics of the job or other job-related reasons. *Citing Glenn v. Gen. Motors Corp.*, 841 F.2d 157, 171 (11th Cir. 1988) and cases at 887 F.3d 465 n. 15. Only one of the five Judges concurring in the opinion expressed any disagreement with the holding that any asserted catchall defense must be job-related. For all of these reasons, the Ninth Circuit was correct to so hold, and this Court should hold the same.

The second pertinent holding is the opinion's rejection of business rationales such as the "market forces theory" – the idea that paying men more than women for the same work is permissible because men command more in the external market. That notion was soundly rejected in *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974), as the *en banc* opinion explains. Variations on the same theme have also been discredited in *Riser v. QEP Energy*, 776 F.3d 1191, 1199 (10th Cir. 2015); *Drum v. Leeson Elec. Corp.*, 565 F.3d 1071, 1073 (8th Cir. 2009); *Siler-Khodr v. University of Texas Health Science Center San Antonio*, 261 F.3d 542, 549 (5th Cir. 2001) ("[T]he University's market forces argument is not tenable and simply perpetuates the discrimination that Congress wanted to alleviate when it enacted the EPA."); *Glenn, supra*;

*Marshall v. Georgia Sw. Coll.*, 489 F. Supp. 1322, 1330 (M.D. Ga. 1980), *aff'd and remanded in part sub nom. Brock v. Georgia Sw. Coll.*, 765 F.2d 1026 (11th Cir. 1985) (holding that the fact that "each professor or instructor was paid what he or she was worth in the market place of higher education. . . . is not the kind of factor included within the catchall exception in the Act, especially when it appears that females have been willing to accept lower salaries than males") and others.

The UO's argument – that because men receive large offers on the external market, the University is justified in paying them more than women – is simply another version of the prohibited "market forces" theory and should be rejected. Plaintiff has shown that such offers are less available to women and that the University responds to women's offers differently, reinforcing and amplifying the existing gender wage gap in the academic market. At best, the University's defense is a business strategy that takes advantage of existing market forces that favor men, prohibited under the Equal Pay Act.

In short, the *en banc* panel's holdings in *Rizo v. Yovino* rest on sound legal bases and should be adopted by this Court. The Ninth Circuit's reconsideration of the case, which should include

/ / /


/ / /

ten of the original eleven panel members, is unlikely to alter significantly the holdings at the core of the opinion.

Respectfully submitted this 11th day of March, 2019.

   JOHNSON, JOHNSON, LUCAS & MIDDLETON, PC

By:   /s/ *Jennifer J. Middleton*
  Jennifer J. Middleton, OSB # 071510
  jmiddleton@justicelawyers.com
  Caitlin V. Mitchell, OSB # 123964
  cmitchell@justicelawyers.com
  975 Oak Street, Suite 1050
  Eugene, OR 97401-3124
  Telephone: 541/683-2506
  Fax:   541/484-0882

ALBIES & STARK, LLC
  Whitney Stark, OSB # 090350
  whitney@albiesstark.com
  210 SW Morrison Street, Suite 400
  Portland OR 97204-3189
  Phone: 503/308-4770
  Fax:  503/427-9292

    Of Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I certify that on March 11, 2019, I caused to be served a true and correct copy of **NOTICE OF SUPPLEMENTAL AUTHORITY** on the following persons in the manner indicated below at the following addresses:

Paula A. Barran
Shayda Zaepoor Le
Donovan L. Bonner
Barran Liebman LLP
601 SW 2nd Avenue, Suite 2300
Portland, OR  97204-3159
pbarran@barran.com
sle@barran.com
dbonner@barran.com
    *Of Attorneys for Defendant University of Oregon and Hal Sadofsky*

**AND**

Stephen F. English
Cody Weston
Nathan R. Morales
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
senglish@perkinscoie.com
cweston@perkinscoie.com
nmorales@perkinscoie.com
    *Of Attorneys for Defendant Michael H. Schill*

__X__   by CM/ECF system transmission on March 11, 2019.

_____   by U.S. Postal Service to the address indicated above on _____, 2019.

_____   by email to the address indicated above on _____, 2019.

_____   by email via the Court's electronic filing system on _____, 2019.

JOHNSON, JOHNSON, LUCAS & MIDDLETON, PC

By: /s/ Elise K. Balesteri
Elise K. Balesteri, Paralegal
541/484-2434
541/484-0882 fax
ebalesteri@justicelawyers.com

JOHNSON, JOHNSON, LUCAS & MIDDLETON, PC
975 Oak Street, Suite 1050
Eugene, OR  97401
541/683-2434

**CERTIFICATE OF SERVICE**