**Paula A. Barran,** OSB No. 803974
pbarran@barran.com
**Shayda Zaerpoor Le,** OSB No. 121547
sle@barran.com
**Donovan L. Bonner,** OSB No. 181929
dbonner@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
   Attorneys for Defendants
   University of Oregon and Hal Sadofsky

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JENNIFER JOY FREYD, | Case No.: 6:17-cv-448-MC |
| Plaintiff, | |
| v. | **DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS** |
| UNIVERSITY OF OREGON, MICHAEL H. SCHILL and HAL SADOFSKY, | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 54(d)(1) and LR 54, defendants request costs as prevailing parties. Defendants' cost bill is supported by this memorandum and the Declaration of Paula A. Barran.

**INTRODUCTION**

On May 2, 2019, this Court granted defendants' motion for summary judgment and dismissed plaintiff's claims with prejudice. (*See* Dkt. 93.) As the prevailing party, "there is a strong presumption in favor of awarding costs." *Lyons v. Nike, Inc.*, 920 F. Supp. 2d 1161, 1167-68 (D. Or. 2013). The burden is on the losing party to demonstrate why the costs should not be

Page 1 – DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S
         MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS

awarded. *Bark v. Northrop*, No. 3:13-cv-00828-AA, 2019 U.S. Dist. LEXIS 48860, at *4 (D. Or. Mar. 22, 2019).

Defendants are entitled to the costs describe in the Bill of Costs as discussed below.

1. *Fees for printed or electronically recorded transcripts necessarily obtained for use in the case.* Pursuant to 28 U.S.C. § 1920(2), defendants request the costs of obtaining and printing transcripts necessarily obtained for use in this case. Defendants incurred the expense of $2,576.85 for plaintiff's deposition transcripts that were relied on heavily in defendants' motion for summary judgment.

The court reporters' invoices are attached to the Declaration of Paula A. Barran as Exhibits A and B.

2. Defendants also request, pursuant to 28 U.S.C. § 1920(2), costs for the transcripts of depositions taken by plaintiff: two individually named defendants (Dr. Hal Sadofsky and President Michael Schill), two University of Oregon administrators (Dr. Scott Coltrane and Dr. Andrew Marcus), the Psychology Department Head and Co-Department Head (Dr. Ulrich Mayr and Dr. Sanjay Srivastava), and the investigator retained by the University to respond to plaintiff's internal complaint (Jody Shipper). At the time the transcripts were obtained, defendants reasonably believed these transcripts would be necessary for trial and motion practice. *See Alfex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) ("[O]btaining copies of depositions taken by the opposing party may be considered necessary in certain instances."); *see T.L. v. Sherwood Charter Sch.*, No. 03:13-cv-01562-HZ, 2015 U.S. Dist. LEXIS 18564, at *6 (D. Or. Feb. 15, 2015) (permitting recovery of costs for obtaining deposition transcripts not used in summary judgment proceedings because "a deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition.").

Page 2 – DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S
MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS

00806179.2

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

The court reporters' invoices totaling $4,863.95 are attached to the Declaration of Paula A. Barran as Exhibits C-I.

3.  *Fees for exemplification and the costs of making copies of materials necessarily obtained for use in the case.* Pursuant to 28 U.S.C. § 1920(4), defendants seek $1,252.82 in costs associated with copies of documents necessarily obtained in response to plaintiff's discovery requests and produced to plaintiff. Defendants copied electronic documents from multiple custodians into a single database where the documents could be converted into a format from which defendants could make necessary redactions to preserve the confidentiality of education records, pursuant to the Family Educational Rights and Privacy Act. *See* 20 U.S.C. 1232g.

Applying Ninth Circuit law, the Federal Circuit recently explained that "[i]n the era of electronic discovery, courts have held that electronic production of documents can constitute 'exemplification' or 'making copies' under section 1920(4)." *Synopsys, Inc. v. Ricoh Co.*, 661 F.3d 1361, 1365 (Fed. Cir. 2011) (reviewing the Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110-406, § 6, 122 Stat. 4291, 4292 (2008), and finding legislative intent supports the conclusion that the cost of electronically producing information is recoverable). See also *In re Online Dvd-Rental Antitrust Litig.*, 779 F.3d 914, 928 (9th Cir. 2015). Similarly, copying documents from custodians into an electronic discovery database is a taxable cost. *Colosi v. Jones Lang LaSalle Ams., Inc.*, 781 F.3d 293, 298 (6th Cir. 2015) (imaging a laptop and copying its hard drive is a taxable cost because it is analogous to "more typical—and taxable—cost of a party delivering an image file in response to an opponent's production request").

In response to plaintiff's discovery requests, defendants produced in electronic form 12,294 pages of documents. Plaintiff demanded the production of emails in native format. The record of costs of $140.52 for producing emails in native format is attached to the Declaration of Paula A. Barran as Exhibit J. The record of costs of $1,112.30 for electronic production of documents in response to plaintiff's discovery requests is attached to the Declaration of Paula A. Barran as Exhibit K.

Page 3 – DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S
MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS

4. *Docket fee.* Pursuant to 28 U.S.C. §§ 1920(5) and 1923, defendants are entitled to a docket fee of $20.00.

DATED this 15th day of May, 2019.

BARRAN LIEBMAN LLP

By *s/Paula A. Barran*
Paula A. Barran, OSB No. 803974
pbarran@barran.com
Shayda Zaerpoor Le, OSB No. 121547
sle@barran.com
Donovan L. Bonner, OSB No. 181929
dbonner@barran.com
Attorneys for Defendants University of Oregon and Hal Sadofsky

Page 4 – DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS

00806179.2

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May, 2019, I served the foregoing **DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS** on the following parties at the following addresses:

Jennifer J. Middleton
Caitlin V. Mitchell
Johnson Johnson Lucas & Middleton, PC
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
jmiddleton@justicelawyers.com
cmitchell@justicelawyers.com
Attorneys for Plaintiff

Whitney Stark
Albies & Stark, LLC
210 SW Morrison Street, Suite 400
Portland, OR 97204-3189
whitney@albiesstark.com
Attorneys for Plaintiff

Stephen F. English
Cody Weston
Nathan R. Morales
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
senglish@perkinscoie.com
cweston@perkinscoie.com
nmorales@perkinscoie.com
Attorneys for Defendant Michael H. Schill

by the following indicated method or methods set forth below:

- ☒ **Electronic Filing using the Court's ECF System**
- ☐ **First-class mail, postage prepaid**
- ☐ **Hand-delivery**
- ☐ **Overnight courier, delivery prepaid**
- ☐ **E-mail**

*s/Paula A. Barran*
_____
Paula A. Barran
Shayda Zaerpoor Le
Donovan Bonner

Page 1 – CERTIFICATE OF SERVICE
00806179.2

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212