Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Cody M. Weston, OSB No. 984290
CWeston@perkinscoie.com
Nathan R. Morales, OSB No. 145763
NMorales@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Defendant
Michael H. Schill

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JENNIFER JOY FREYD,<br><br>        Plaintiff,<br><br>v.<br><br>UNIVERSITY OF OREGON, MICHAEL H. SCHILL, and HAL SADOFSKY,<br><br>        Defendants. | No. 6:17-cv-448-MC<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT MICHAEL H. SCHILL'S BILL OF COSTS** |

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54-1, the University of Oregon (the "University") seeks the costs it incurred for the defense of Michael H. Schill ("Schill") as set forth in the concurrently filed Bill of Costs.[1] Because the University paid Schill's costs pursuant to its bylaws and the Oregon Tort Claims Act, the University is the entity seeking reimbursement.

---

[1] The exhibits to the Bill of Costs that are referenced in this memorandum are attached to the Bill of Costs itself.

1 - MEMORANDUM IN SUPPORT OF DEFENDANT MICHAEL H. SCHILL'S BILL OF COSTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

144372108.1

# I. INTRODUCTION

On May 2, 2019, this court entered judgment in favor of defendants by granting Summary Judgment. (Dkt. No. 94). Pursuant to Fed. R. Civ. P. 54(d)(1), the University is seeking costs other than attorney's fees associated with this matter.

In total, and as reflected on the accompanying Bill of Costs, the University seeks an award of taxable costs in the amount of $3,873.95. *See* Bill of Costs, Ex. A. Part of this request is an award of a prevailing party fee in the amount of $20 pursuant to 28 U.S.C. § 1923. In addition, the University seeks to recover other taxable costs in the category of expenses available under 28 U.S.C. § 1920, including those discussed in greater detail below:

- Fees for printed or electronically recorded transcripts necessarily obtained for use in the case: $3,853.95. *See* Bill of Costs, Ex. A

# II. ARGUMENT

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." This rule creates a presumption that costs will be awarded to the prevailing party. *See, e.g., Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). The categories of costs that a prevailing party is entitled to recover are identified in 28 U.S.C. § 1920. These categories include, among others, fees of the clerk, witness fees, fees for service of subpoenas, fees for the court reporter for all or part of transcripts necessarily obtained for use in the case, fees for printing, and fees for exemplification of papers necessarily obtained for use in the case. 28 U.S.C. § 1920; *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987).

It should also be noted that a cost item "need not be absolutely indispensable to justify an award of costs," but rather only reasonably necessary at the time the cost was incurred. *See Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995); *Kelley v. Sears, Roebuck & Co.*, No. CV-01-1423-ST, 2004 WL 1824121, at *4 (D. Or. Aug. 10, 2004). Further, the Ninth

2 - MEMORANDUM IN SUPPORT OF DEFENDANT MICHAEL H. SCHILL'S BILL OF COSTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

144372108.1

Circuit has made clear that district courts have broad discretion in their interpretation of the categories enumerated under 28 U.S.C. § 1920, stating that "courts are free to interpret what constitutes taxable costs" under the statute. *Alflex Corp. v. Underwriters Labs.*, Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam).

A prevailing party is entitled to recover the costs of obtaining depositions, including court reporter fees and transcripts. See 28 U.S.C. § 1920(2); *Alflex*, 914 F.2d at 177 ("[t]he cost of deposition copies is 'encompassed' by section 1920(2)"). *See also Wash. State Dep't of Transp. v. Wash. Natural Gas Co.*, 59 F.3d 793, 806 (9th Cir. 1995). The only limitation to this rule is that the transcripts for which costs are recovered must have been "necessarily obtained for use in the case." *Alflex*, 914 F.2d at 176. The cost of videotaping depositions, i.e. "electronically recorded transcripts," is similarly recoverable under 28 U.S.C. § 1920(2). *See Little v. Mitsubishi Motors N.A., Inc.*, 514 F.3d 699 (7th Cir. 2008). *See also Williams v. Rockwell Int'l Corp.*, 116 F.3d 488 (9th Cir. 1997) (affirming district court's award of costs for videotaped depositions). In complex litigation, the cost of multiple copies of a deposition transcript is also recoverable. *See In re Melridge, Inc. Sec. Litig.*, 154 F.R.D. 260, 261 (D. Or. 1994) (allowing prevailing party to recover cost of two additional deposition transcript copies in view of the "complex and extended litigation").

In this case, the Bill of Costs seeks to recover the costs of court reporter fees and depositions necessarily obtained for use in the case. *See* Bill of Costs, Ex. A. To properly defend Schill, it was necessary to engage court reporter services to stenographically and videographically record three (3) depositions. Accordingly, the costs of these depositions should be taxed against plaintiff. Copies of the invoices or billing records for each deposition are attached. *See* Bill of Costs, Ex. A.

In total, the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" is $3,853.95. *See* Bill of Costs, Ex. A. And, for the reasons set forth above,

3 -  MEMORANDUM IN SUPPORT OF DEFENDANT
MICHAEL H. SCHILL'S BILL OF COSTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

144372108.1

the University should be awarded the full $3,853.95 it seeks for fees of the court reporter, costs incident to taking depositions, and preparation of transcripts.

### III. CONCLUSION

For the reasons set forth above and as detailed in the concurrently filed Bill of Costs, we respectfully request that this Court enter an award of costs in the total amount of $3,873.95.

DATED: May 15, 2019          **PERKINS COIE LLP**

By: s/ Cody M. Weston
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Cody M. Weston, OSB No. 984290
CWeston@perkinscoie.com
Nathan R. Morales, OSB No. 145763
NMorales@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Defendant
Michael H. Schill

4 - MEMORANDUM IN SUPPORT OF DEFENDANT MICHAEL H. SCHILL'S BILL OF COSTS

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

144372108.1

# CERTIFICATE OF COMPLIANCE
## PURSUANT TO LR 7-2(B) AND LR 54-1(C)

This brief complies with the applicable word-count limitation under LR 7-2(b) and LR 54-1(c) because it contains 913 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of authorities, signature block, and any certificates of counsel.

DATED: May 15, 2019

**PERKINS COIE LLP**

By: s/ Cody M. Weston
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Cody M. Weston, OSB No. 984290
CWeston@perkinscoie.com
Nathan R. Morales, OSB No. 145763
NMorales@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Defendant
Michael H. Schill

1 - CERTIFICATE OF COMPLIANCE

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

144372108.1