**Paula A. Barran,** OSB No. 803974
pbarran@barran.com
**Shayda Zaerpoor Le,** OSB No. 121547
sle@barran.com
**Donovan L. Bonner,** OSB No. 181929
dbonner@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
   Attorneys for Defendants
   University of Oregon and Hal Sadofsky

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JENNIFER JOY FREYD, | Case No.: 6:17-cv-448-MC |
| Plaintiff, | |
| v. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S BILL OF COSTS** |
| UNIVERSITY OF OREGON, MICHAEL H. SCHILL and HAL SADOFSKY, | |
| Defendants. | |

Defendants University of Oregon and Sadofsky file this memorandum in response to plaintiff's objections to their cost bill.

Defendants are prevailing parties in this litigation. *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 742 (9th Cir. 2009); *D'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977). FRCP 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, which in turn requires the losing party to show why costs should not be awarded. *Save Our Valley v. Sound Transit*, 944-45 (9th Cir. 2003); *Dawson v. City of Seattle*,

Page 1 – REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S BILL OF COSTS

435 F.3d 1054, 1070 (9th Cir. 2006). Plaintiff has not made the kind of showing necessary to overcome the presumption in favor of awarding costs.

## DISCUSSION

### A. Plaintiff Has Not Presented Evidence That She Lacks Resources to Pay Costs.

Plaintiff argues that the court should deny costs or reduce any award because of the economic disparity between defendants and the plaintiff. In support of this argument, however, she has not provided any information about her own resources. She has cited only the compensation paid to the University's president. This is insufficient. In *Hoppman v. Liberty Mut. Ins. Co.*, No. 3:17-cv-00402, 2018 U.S. Dist. LEXIS 89664, at *7 (D. Or. May 30, 2018), the Court explained that:

> It is clear that there is economic disparity between Plaintiff and Defendant. Economic disparity, however, is inherent in employment cases because employers generally have greater resources than their individual employees. To recognize this disparity without more as constituting an exception to the presumption that the prevailing party is entitled to an award of costs would render the presumption meaningless and likely eliminate any award of costs to employers in virtually every case.

In this case, it is true that the University has resources and that its total budget is greater than plaintiff's salary, which is approximately $160,000 per year for a nine-month appointment. But the University's operating expenses come from a beleaguered state budget and student tuition. And it is public knowledge that the University is facing a multi-million dollar operating deficit due largely to PERS and other expenses over which the University has no control, which is directly causing tuition increases and lay-offs of personnel. As to Dr. Sadofsky, plaintiff has not supported her argument with any information.

Plaintiff remains among the highest paid faculty at the University of Oregon, and her curriculum vitae shows that she has additional resources and compensation through her work as an expert witness. She has presented no information to suggest that she cannot pay an award of costs, particularly one as modest as defendants request here. Her personal circumstances contrast with those of the plaintiff in *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069 (9th Cir. 1999). That

Page 2 – REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S BILL OF COSTS

00806179.2

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

plaintiff was and had been unemployed and presented evidence that paying the requested costs – $46,710.97 – would lead to her indigency. *Id.* at 1080. The plaintiff in this case has not made a similar showing, and defendants University and Sadofsky are requesting $8,713.62, a considerably smaller amount than what was requested in *Stanley*. *See Hoppman*, 2018 U.S. Dist. LEXIS 89664, at *7 (awarding $4695.20 in costs and noting that the plaintiff was employed and earning $75,000 per year). Plaintiff's own submissions to the court reflect her earning more than $150,000 per year. (*See* Cahill Decl. Ex. A, ECF No. 71.)

As an additional consideration, defendants had a reasonable basis to seek attorney fees for the costs of defending against the claims alleged against Dr. Sadofsky in his individual capacity because it was clear that he was acting in good faith throughout his interactions with plaintiff, and was therefore, at a minimum, entitled to qualified immunity. But defendants elected not to seek any attorney fees, even though they prevailed on all of the fee-bearing statutory claims asserted by plaintiff.

**B.      Plaintiff Has Not Demonstrated That an Award of Costs Would Have a "Chilling Effect" Sufficient to Overcome the Presumption in Favor of Awarding Costs.**

Although the court ruled that plaintiff was not the victim of discrimination, plaintiff offers statements from two of her students that continue to argue that she is a victim of discrimination, and that awarding costs would be a form of punishment and retribution for someone who has been the victim of discrimination. But the right to costs is presumed, and claims of compensation discrimination are not an exception. In addressing a similar "chilling effect" argument raised by the non-profit public interest plaintiffs in *Bark v. Northrop*, No. 3:13-cv-00828, 2019 U.S. Dist. LEXIS 48860, at *6-7 (D. Or. Mar. 22, 2019), for example, this court awarded $7,030.41 in favor of federal government defendants and observed that "Plaintiffs have brought and continue to bring similar lawsuit despite similar costs being awarded in the past." The same is true for discrimination and compensation discrimination claims.

Page 3 – REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S BILL OF COSTS

00806179.2

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

The court should also consider the relatively modest amount of costs defendants request here. In *Ochs v. Eugene Emeralds Baseball Club, Inc.*, No. 6:16-cv-01063, 2018 U.S. Dist. LEXIS 88615, at *3-4 (D. Or. Apr. 25, 2018), adopted by 2018 U.S. Dist. LEXIS 88181 (D. Or. May 25, 2018) this court considered the decision of the Northern District of California in *Ayala v. Pac. Mar. Ass'n*, No. C08-0119, 2011 U.S. Dist. LEXIS 143802, at *4 (N.D. Cal. Dec. 14, 2011) that "'[r]elatively small awards [ranging from $2,838 to $8,460] have been found not to bear sufficient potential for chilling to justify denying costs,' but where the costs are larger, *i.e.*, ranging from $16,268 to $485,159, 'the potential chilling effect has been considered substantial enough to justify denying an award of costs.'"

## C. Plaintiff Has Not Demonstrated That This Case Raises Close and Difficult Issues.

The fact that plaintiff asserted ten different legal theories and that the parties provided the court with a well-developed factual record does not mean that this is the kind of close and difficult case that overcomes the presumption in favor of awarding costs. Plaintiff's argument draws from a decision in a very different kind of case, the Ninth Circuit's analysis of the cost issue in *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-49 (9th Cir. 2014). That was a decision made after a six-day jury trial which considered a previously undecided legal issue. *Id.* at 1242. Both parties made motions for judgment as a matter of law, and both had filed unsuccessful motions for summary judgment. *Id.* In contrast, this case was decided on summary judgment and the court granted defendants' motion because the <u>undisputed</u> evidence established that plaintiff's complaints were about four male colleagues who performed significantly different work. Making a contrary showing was a requirement of plaintiff's prima facie case. Additionally, plaintiff failed to present statistical evidence sufficient to support her disparate impact theory, again failing to satisfy the requirements of a prima facie case. Dr. Sadofsky prevailed because plaintiff failed to offer evidence of discriminatory animus (a requirement of her prima facie case) and because "there is no evidence that demonstrates that either defendant Schill or defendant Sadofsky made a decision in violation of clearly established law." *Freyd v. Univ. of Or.*, No. 6:17-cv-00448, 2019 U.S. Dist.

Page 4 – REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S BILL OF COSTS

LEXIS 74099, at *33 (D. Or. May 2, 2019). Plaintiff's contract claim failed because she brought a claim for which she had no standing. These were not the kinds of close issues that the *Escriba* court considered. *Escriba*, 743 F.3d at 1247-49. Plaintiff could have looked to decades of well-developed case law to evaluate her claims. In 1984, for example, the Ninth Circuit's decision in *Spaulding v. Univ. of Wash.*, 740 F.2d 686, 697 (9th Cir. 1984) applied established law to the University of Washington's academic setting and ruled that a pay discrimination plaintiff must demonstrate that she is comparing her work duties based on actual job performance and content, not on job descriptions, titles, or classifications. Starting in 1980 and continuing into 1985, this court was managing and trying a class action, *Penk v. Or. State Bd. of Higher Educ.*, No. 80-436 FR, 1985 U.S. Dist. LEXIS 22624, at *102 (D. Or. Feb. 13, 1985), stating similarly that consideration of actual job content is required to know whether university faculty engage in substantially equal work. Getting to the bottom of how employees actually perform their duties has long been a component of evaluating equal or comparable work. *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409 (9th Cir. 1988), is but one example, teaching that jobs are compared by looking beyond surface similarities and considering qualitatively different skills in their performance. The Ninth Circuit is not alone in having clear and longstanding law applicable to pay discrimination in academic positions. For example, defendants cited *Cullen v. Ind. Univ. Bd. of Trs.*, 338 F.3d 693 (7th Cir. 2003), and *Horner v. Mary Inst.*, 613 F.2d 706 (8th Cir. 1980).

The law governing plaintiff's impact theories, as cited by defendants, has also been well established long before plaintiff asserted her claims. For example, among other authorities, defendants cited *Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406 (9th Cir. 1987), *Garcia v. Spun Steak Co.*, 998 F.2d 1480 (9th Cir. 1993), and *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174 (9th Cir. 2002). Even *Hardie v. NCAA*, 876 F.3d 312, 320 (9th Cir. 2017), which provided clear guidance on the plaintiff's burden of proof to provide an alternate practice in the case of an impact theory, was decided six months after plaintiff filed this lawsuit, in ample time for her to have refined her legal theories before the parties started incurring even more costs.

Page 5 – REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S BILL OF COSTS

Nor can plaintiff find anything novel about the individual claim she brought against defendant Hal Sadofsky. *Lee v. City of L.A.*, 250 F.3d 668, 687 (9th Cir. 2001), cited by defendants, stands for the clear principle that plaintiff was required to prove that Sadofsky chose his actions at least because of its adverse gender-based effect on plaintiff, not merely in spite of it, and public employees have long been protected by a legal standard that takes into consideration their reasonable belief that their conduct complies with the law. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) said that a decade ago.

Plaintiff cannot have been surprised by the state of the law on her breach of contract claim. Defendants relied on black letter contract law from 2002 and 2012 (Def.'s Mot. Summ. J. 41, ECF No. 56), and plaintiff was never able to identify the contract that she was suing upon.

**D. The Court Should Reject Plaintiff's Objections to Transcript Costs.**

Plaintiff argues that three depositions were not cited in the summary judgment proceedings – Dr. Srivastava, Dr. Marcus, and Ms. Shipper. A transcript may be necessarily obtained without having found its way into the summary judgment briefing, however. That is the case here. These were depositions which plaintiff requested and took and she cannot now argue that they were unimportant. Moreover, the fact that Dr. Srivastava and Dr. Marcus were employees of the University does not mean that their questioning and sworn testimony could have been disregarded. The test is not whether a transcript is quoted in a motion, but rather whether that transcript was "necessarily obtained for use in the case." *See Alfex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177-78 (9th Cir. 1990); *Wash. State Dep't of Transp. v. Wash. Nat. Gas Co.*, 59 F.3d 793, 806 (9th Cir. 1995) (holding a court could award deposition costs even though not used at trial). Generally, a prevailing party is entitled to fees for "printed or electronically recorded transcripts," and "copies of any materials" when such items are "necessarily obtained for use in the case." 28 U.S.C. § 1920(1)-(4), though not if the items were "merely useful for discovery." *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963). Depositions may be useful for impeachment even if all witnesses are available for trial. "Here, Mr. Powell argues that the

Page 6 – REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S BILL OF COSTS

deposition transcripts were not necessary because 'all of the deposed witnesses were available for — and testified at — trial.' This argument is unavailing, however, because deposition transcripts may also be important for purposes of impeachment." *Powell v. Adlerhorst Int'l, Inc.*, No. 3:14-cv-01827, 2017 U.S. Dist. LEXIS 57283, at *9 (D. Or. Apr. 12, 2017); *see Pac. Cmty. Res. Ctr. v. City of Glendale*, No. 6:13-cv-01272, 2015 U.S. Dist. LEXIS 57391, at *3-4 (D. Or. Apr. 29, 2015) (awarding transcript costs and citing authorities). "[I]n those instances when courts have prohibited the recovery of deposition costs, the prohibition has customarily been predicated on a finding that the deposition was purely investigative in nature or solely for the convenience of counsel." *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995); *see Strong v. City of Eugene*, No. 6:14-cv-01709-AA, 2016 U.S. Dist. LEXIS 114834, at *2-3 (D. Or. Aug. 18, 2016) (rejecting objection to transcript costs for percipient witnesses).

E. **Plaintiff's Argument, That Defendants Cannot Recover the Cost of Documents Required to Be Produced, Is Misplaced.**

In its cost bill, defendants seek recovery of costs for documents required to be produce in this case. Plaintiff's suggestion, that defendants made copies for convenience, is unsupported. As defendants pointed out, the materials had to be collected and moved into a single database so that defendants' counsel could do the painstaking work of redacting student information in order to comply with federal law. If defendants had not been able to prepare those redactions, the documents could not have been produced in the way they had been collected. Plaintiff's argument, that defendants cannot recover costs needed to process her extensive document requests, should be disregarded. It was plaintiff's request and the way her requests were phrased that resulted in the need to perform this work.

## CONCLUSION

As prevailing parties, defendants are entitled to a presumption of an award of costs. Plaintiff's claims were resolved on summary judgment, and she failed to meet her burdens to show there was a question for trial. Defendants request modest costs, which are not so high as to present

00806179.2

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

a substantial burden to the plaintiff in light of her salary. Further, although there was a reasonable basis to do so, defendants did not seek any attorney fees.

Accordingly, defendants respectfully request that the court approve its bill of costs.

DATED this 10th day of June, 2019.

BARRAN LIEBMAN LLP

By *s/Paula A. Barran*
Paula A. Barran, OSB No. 803974
pbarran@barran.com
Shayda Zaerpoor Le, OSB No. 121547
sle@barran.com
Donovan L. Bonner, OSB No. 181929
dbonner@barran.com
Attorneys for Defendants University of Oregon
and Hal Sadofsky

Page 8 – REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S BILL OF COSTS

00806179.2

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2019, I served the foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S BILL OF COSTS** on the following parties at the following addresses:

| | |
|---|---|
| Jennifer J. Middleton<br>Caitlin V. Mitchell<br>Johnson Johnson Lucas & Middleton, PC<br>975 Oak Street, Suite 1050<br>Eugene, OR 97401-3124<br>jmiddleton@justicelawyers.com<br>cmitchell@justicelawyers.com<br>Attorneys for Plaintiff | Whitney Stark<br>Albies & Stark, LLC<br>210 SW Morrison Street, Suite 400<br>Portland, OR 97204-3189<br>whitney@albiesstark.com<br>Attorneys for Plaintiff |

Stephen F. English
Cody Weston
Nathan R. Morales
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
senglish@perkinscoie.com
cweston@perkinscoie.com
nmorales@perkinscoie.com
Attorneys for Defendant Michael H. Schill

by the following indicated method or methods set forth below:

☒ **Electronic Filing using the Court's ECF System**

☐ **First-class mail, postage prepaid**

☐ **Hand-delivery**

☐ **Overnight courier, delivery prepaid**

☐ **E-mail**

*s/Paula A. Barran*
_____
Paula A. Barran
Shayda Zaerpoor Le
Donovan Bonner

Page 1 – CERTIFICATE OF SERVICE

00806179.2