Jennifer J. Middleton, OSB # 071510
jmiddleton@justicelawyers.com
Caitlin V. Mitchell, OSB # 123964
cmitchell@justicelawyers.com
JOHNSON, JOHNSON, LUCAS & MIDDLETON, PC
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Phone: 541/683-2506
Fax:    541/484-0882

Whitney Stark, OSB # 090350
whitney@albiesstark.com
Albies & Stark, LLC
210 SW Morrison Street, Suite 400
Portland OR 97204-3189
Phone: 503/308-4770
Fax:    503/427-9292

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **JENNIFER JOY FREYD,** <br><br> Plaintiff, <br><br> vs. <br><br> **UNIVERSITY OF OREGON, MICHAEL H. SCHILL and HAL SADOFSKY,** <br><br> Defendants. | Case No. 6:17-CV-00448-MC <br><br> PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT |

## MOTION

Pursuant to Local Rule 7-1, counsel for Plaintiff has conferred with Paula Barron and

Nathan Morales, counsel for Defendants. Counsel for Defendants oppose this motion.

1 – Plaintiff's Motion for Relief from Judgment

Plaintiff moves this Court for relief from judgment based on newly discovered evidence contained in a letter and declaration from Dr. Nicholas Allen, one of Plaintiff's four comparators. Fed. R. Civ. P. 60(b)(2); Decl. of Dr. Nicholas Allen ¶4, Ex 1. As this timely motion is made during the pendency of an appeal, Plaintiff respectfully requests that this Court issue an indicative ruling under Rule 62.1 stating that it would grant the motion if the Court of Appeals remands for that purpose. Fed. R. Civ P. 62.1(a)(3). In the alternative, Plaintiff requests that that the Court defer considering the motion. Fed. R. Civ. P. 62.1(a)(1).

## SUPPORTING MEMORANDUM

### I.  Introduction

Plaintiff seeks relief from judgment on grounds of newly discovered evidence. Fed. R. Civ. P. 60(b)(2) (permitting relief from judgment based on newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial).

### II.  Relevant Facts in Dr. Allen's Letter

Dr. Nicholas Allen sent a letter to Jennifer Reisch at Equal Rights Advocates, an advocacy organization, on July 15, 2019. Plaintiff's counsel became aware of it and commenced communication with Dr. Allen. Decl. of Jennifer Middleton ¶2. Counsel received the attached declaration from Dr. Allen, allowing submission of the letter to this Court, on Saturday, September 8, 2019. *Id.* at ¶3.

Dr. Allen states in his letter that the declaration he previously provided to Defendants, which described his "current role and duties . . . did not fully reflect [his] views" and that, "[a]s [he is] one of the male professors whose compensation relative to Dr. Freyd's is cited in the case as part of the evidence," he "would like the opportunity to clarify" his statement. Decl. of Dr. Nicholas Allen ¶4, Ex 1. Dr. Allen states that "factors that were emphasized in the University's case," such as the particular methodology that a professor utilizes, "have nothing to do with

2 – Plaintiff's Motion for Relief from Judgment

academic merit *per se*," and that "in terms of academic merit Dr. Freyd's achievements are equal to if not greater than my own." Emphasizing the "excellence" that Dr. Freyd has shown in "all areas" and the "extraordinary" social impact of her work, he writes that Dr. Freyd "should expect to earn as much if not more than me in a system where compensation was determined by merit." *Id.*

Dr. Allen further states that the University's system for determining compensation is "vulnerable to biases, including gender biases that discriminate against female faculty." *Id.* In light of recent discussions "related to Dr. Freyd's case and the broader issue of pay discrimination," the "best way to overcome these biases is to have a strong and meaningful *internal* . . . system of addressing cases where the external market driven system has produced pay disparities that do not reflect academic merit." (Emphasis in original.) He continues:

> "Although our University has a system of this type, it is poorly funded and is not capable of meaningfully addressing the challenges created by the biases introduced by the market-based retention offer system. Were a strong internal merit-based compensation system to be adopted at our University, I would expect Dr. Freyd's case to be a preeminent example . . . of one that should be addressed through that mechanism."

*Id.*

When Dr. Allen submitted his prior declaration at the request of the Office of General Counsel, he was "not aware of the extent to which [his] declaration would be used polemically against Prof. Freyd and her case. If [he] had known, [he] would not have provided it." Decl. Allen ¶2.

### III.   Argument

"Newly discovered evidence" for purposes of Rule 60 is evidence that existed when the judgment was entered but was not known to the party seeking relief. Fed. R. Civ. P. 60(b)(2); *Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007). The

3 – Plaintiff's Motion for Relief from Judgment

evidence must be such that earlier production would likely have changed the outcome of the case. *Far Out Productions, Inc. v. Oskar,* 247 F.3d 986, 992–93 (9th Cir. 2001); *Corex Corp. v. United States,* 638 F.2d 119, 122 (9th Cir. 1981) (denying relief based on events that occurred after the trial and where evidence was not "relevant to the ultimate issue in the case"). Rule 60(b) is to be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits" and to "achieve the just determination of every action." *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir. 1983).

### A. Dr. Allen's letter is relevant to the ultimate issues in the case and likely would have changed the outcome.

Dr. Allen's letter is relevant to a number of ultimate issues that were decided on summary judgment. It raises genuine issues of fact regarding whether his work is comparable or substantially equal to Dr. Freyd's work; whether Defendants intentionally discriminated against Dr. Freyd on the basis of sex; and the existence of a viable alternative to Defendants' retention raise policy, among others.

This Court held that Plaintiff and her comparators perform neither comparable work (for purposes of her claim under ORS 652.220) nor substantially equal work (for purposes of her Equal Pay Act Claim). *Freyd v. Univ. of Oregon,* 384 F. Supp. 3d 1284, 1290-95 (D. Or. 2019). Had Dr. Allen not provided his prior declaration to Defendants, as he now says he would not have, Defendants may not have met their burden on summary judgment with respect to him as a comparator. Now, with this declaration, Dr. Allen creates disputes of fact on the question of substantial equality of work through his statement that the job characteristics upon which the Court relied, such as research methodology, do not meaningfully distinguish one tenured psychology professor from another. *See also* 29 C.F.R. §1620.14(c) ("the performance of jobs on

4 – Plaintiff's Motion for Relief from Judgment

different machines or equipment would not necessarily result in a determination that the work so performed is unequal").

Dr. Allen then compares his work to that of Dr. Freyd for purposes of salary determination, concluding that her achievements are equal to if not greater than his own and that she "should expect to earn as much if not more than [he] in a system where compensation was determined by merit." The fact that Dr. Allen views his work as comparable to Dr. Freyd for purposes of determining relative merit and pay supports a jury determination that the two professors perform "comparable work" for purposes of ORS 652.220. Dr. Allen's statements also show the enormous value that Dr. Freyd has contributed to the University, contrary to the district court's finding that Dr. Freyd's comparators made contributions of greater value.

Dr. Allen's letter also creates disputes of fact regarding Defendants' discriminatory intent, relevant to her claims under Title IX, ORS 659A.030, equal protection, and Title VII. Dr. Allen's statement that Dr. Freyd "should expect to earn as much if not more than [he]" but earns less because the "system for determining compensation" is "vulnerable to . . . gender biases that discriminate against female faculty" supports an inference of intentional discrimination. Together with other evidence supporting Dr. Freyd's prima facie case of disparate treatment and supporting the inference of intentional bias, this additional evidence could have led a jury to find in Dr. Freyd's favor on her disparate treatment claims.

Finally, Dr. Allen's statement provides support for Plaintiff's argument that an available alternative practice would have less disparate impact while meeting Defendants' needs. He suggests a system that is essentially the system that Plaintiff proposed, whereby the University would address cases where retention raises have produced disparities that do not reflect academic

5 – Plaintiff's Motion for Relief from Judgment

merit. This new evidence supports reconsideration of the district court's determination that Dr. Freyd presented no evidence of an alternative method.

### B. The information contained in Dr. Nick Allen's declaration existed at the time of the hearing on the Motion for Summary Judgment.

While Dr. Allen's letter was created after summary judgment, the information it contains regarding Dr. Allen and Dr. Freyd's work, Dr. Freyd's professional accomplishments, the gender biases inherent in the University's current system for determining compensation, and the presence of an available alternative, existed and was known to Dr. Allen long before the entry of this Court's Opinion and Order. *See Kettenbach v. Demoulas*, 901 F. Supp. 486, 494 (D. Mass. 1995) (recorded conversation was "newly discovered" evidence, even though conversation was not recorded until after entry of judgment, because events that the recording purported to describe took place before judgment).

### C. The information could not, with reasonable diligence, have been discovered in time to move for a new trial.

New evidence can be a ground for relief from judgment "only if the moving party has been excusably ignorant of the facts, despite due diligence to learn about them." *Ursini v. Menninger Found.*, 384 F. Supp. 158, 162–63 (E.D. Cal. 1974) (*citing United States v. Bransen*, 142 F.2d 232 (9th Cir. 1944)). Here, Dr. Allen's letter was not in the possession of Dr. Freyd or her attorneys at the time the summary judgment order was entered. Plaintiff could not reasonably have known that Dr. Allen would have provided the information contained in his declaration and letter; in particular, she could not reasonably have known that, had she educated Dr. Allen on how his original declaration would likely be used by Defendants in support of their motion, Dr. Allen would not have provided it. Allen Decl ¶2. If an attorney has no reason to seek a particular piece of evidence, her failure to do so will not be treated as lack of diligence. *See, e.g., Limon v. Double Eagle Marine*, L.L.C., 771 F. Supp. 2d 672, 676-77 (S.D. Tex. 2011) (in a personal

6 – Plaintiff's Motion for Relief from Judgment

injury action brought by passengers against the owner of a barge, it was only after summary judgment that the defendant disclosed information that gave the plaintiffs reason to seek production of the barge's navigation system); *Kettenbach v. Demoulas*, 901 F. Supp. 486, 496 (D. Mass. 1995) (attorney did not fail to exercise due diligence based on strategic decision not to call a particular witness at trial).

## IV.   Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court issue an order stating that it would grant this Motion for Relief from Judgment if the Court of Appeals remands for that purpose. Fed. R. Civ P. 62.1(a)(3). In the alternative, Plaintiff requests that that the Court defer considering the motion. Fed. R. Civ. P. 62.1(a)(1).

Dated: September 10, 2019

By:   /s/Jennifer J. Middleton
Jennifer J. Middleton, OSB No. 071510
jmiddleton@justicelawyers.com
Caitlin Mitchell, OSB No. 123964
cmitchell@justicelawyers.com
JOHNSON JOHNSON LUCAS & MIDDLETON, PC
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Phone: 541-683-2506
Fax: 541-484-0882

Whitney Stark, OSB No. 090350
whitney@albiesstark.com.com
210 SW Morrison St., Suite 400
Portland, OR 97204
Telephone: (503)384-2070
Fax: (503)894-5022

*Attorneys for Plaintiffs*

7 – Plaintiff's Motion for Relief from Judgment