**Paula A. Barran,** OSB No. 803974
pbarran@barran.com
**Shayda Zaerpoor Le,** OSB No. 121547
sle@barran.com
**Donovan L. Bonner,** OSB No. 181929
dbonner@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
  Attorneys for Defendants
  University of Oregon and Hal Sadofsky

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JENNIFER JOY FREYD, | Case No.: 6:17-cv-448-MC |
| Plaintiff, | |
| v. | **DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** |
| UNIVERSITY OF OREGON, MICHAEL H. SCHILL and HAL SADOFSKY, | |
| Defendants. | |

## I.    INTRODUCTION

Defendants University of Oregon ("University") and Hal Sadofsky file this Response in Opposition to Plaintiff's Motion for Relief from Judgment. On March 21, 2017, plaintiff filed this lawsuit alleging claims under the Equal Pay Act, Title VII, Title IX, U.S. Constitution 14th Amendment, Or. Constitution Equal Rights Amendment, ORS 659A.030, ORS 652.220, and Breach of Contract. (Dkt. 1.) The Court granted defendants' summary judgment on all claims on May 2, 2019. (Dkt. 3.) Plaintiff timely filed an appeal to the Ninth Circuit Court of Appeals on May 15, 2019. (Dkt. 99.)

Page 1 –    DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Now, plaintiff requests relief from this Court's order under Rule 60(b) of the Federal Rules of Civil Procedure by presenting the statement of Dr. Allen, a witness who expresses regret that the Court considered his prior truthful factual testimony. That is not a basis for relief from judgment. Nor does plaintiff present new information, because her arguments continue to mirror the arguments she made on summary judgment. She raises the same theories and arguments today that she presented to the Court when it heard defendants' motion for summary judgment. Impermissibly, she asks for a second bite of the apple. *Prudential Prop. & Cas. Ins. Co. v. Lillard-Roberts*, No. CV-01-1362-ST, 2002 U.S. Dist. LEXIS 20384, at *4-5 (D. Or. June 14, 2002) (such a motion is not to be taken lightly or used as a second chance to correct a party's failure to present its strongest case in the first instance).

Plaintiff does not meet her substantial evidentiary burden for relief from judgment under Rule 60(b), because she does not establish that the evidence she proposes existed at the time of the summary judgment motion, that it could not have been discovered at that time with due diligence, or that it would have changed the outcome at issue. Accordingly, the Court should reject plaintiff's motion.

## II.    DISCUSSION

Plaintiff characterizes her motion as relying on "newly discovered evidence," a letter from Dr. Allen to the Equal Rights Advocates, a group which is seeking to appear as amicus curiae in the appeal. This letter is dated July 15, 2019, which is both subsequent to the Court's order and yet nearly two months before plaintiff filed this motion. Dr. Allen is one of the four male faculty members plaintiff presented as a purported comparator. The declaration he submitted at summary judgment was limited to a factual description of his background, work, position, and day-to-day duties. (Dkt. 59.) His declaration was pertinent because one issue before the Court was whether plaintiff performed the same day-to-day work as Dr. Allen. In Dr. Allen's new declaration, he

Page 2 –   DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S
           RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM
           JUDGMENT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

specifically states that "all the information in [the prior] declaration was factual." (Decl. Allen ¶ 2.) He just thinks, in hindsight, that the Court should not have applied the law to his declaration.

In order to obtain relief from judgment on the basis of newly-discovered evidence, plaintiff must show that the evidence "(1) existed at the time of the summary judgment motion, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones v. Aero/Chem Corp.,* 921 F.2d 875, 878 (9th Cir. 1990) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 211 (9th Cir. 1987)); *Braun-Salinas v. Am. Family Ins. Grp.,* No. 3:13-CV-00264-AC, 2015 US Dist. LEXIS 1914, at *7 (D. Or. Jan. 8, 2015); *W. Helicopter Servs. v. Rogerson Aircraft Corp.,* 777 F. Supp. 1543, 1545 (D. Or. 1991).

Plaintiff does not precisely identify what the new evidence is, whether it is the letter itself, the underlying views expressed in the letter, or Dr. Allen's more general viewpoints about merit and compensation.

## A.    THERE IS NO EVIDENCE THAT THE INFORMATION AT ISSUE EXISTED AT THE TIME OF THE SUMMARY JUDGMENT MOTION

### 1.  Dr. Allen's Letter Post-Dates the Summary Judgment Motion

As an initial matter, it is undisputed that Dr. Allen's letter was created after summary judgment was granted. His letter is dated July 15, 2019 and defendants' summary judgment motion was granted on May 2, 2019. In order to qualify for Rule 60(b)(2) relief, evidence must be in existence at the time of summary judgment. *Corex Corp. v. United States,* 638 F2d 119, 121 (9th Cir. 1981) ("evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rules"). Therefore, the letter itself which forms the basis for plaintiff's motion for relief does not qualify as newly-acquired evidence.

//

//

//

Page 3 –  DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

### 2. Plaintiff Has Failed to Prove That Dr. Allen's Hypotheses Existed at the Time of the Summary Judgment Motion

If the "newly discovered" evidence at issue instead consists of the views underlying the letter, plaintiff has not provided any information to establish when Dr. Allen developed the opinions expressed in his July 15th letter. Likewise, Dr. Allen does not make any reference to when these opinions were formed. Dr. Allen states, "[g]iven our recent discussions at the University related to Dr. Freyd's case and the broader issue of pay discrimination I have come to the view ..." At best, defendants and the Court are led to conclude that Dr. Allen is now presenting *new* views he has come to hold, subsequent to the Court's order and after reflecting on the potential impact of the truthful declaration he previously provided.

Importantly, Dr. Allen presented factually accurate information to defendants at the time of summary judgment, he reaffirms it was truthful, though apparently now in hindsight he regrets that the Court considered it. To the extent that Dr. Allen may feel that he did not have a full grasp of the legal arguments which would be made in relation to the factual information he provided, that is not unusual; Dr. Allen was a percipient witness. The relevant facts were before the Court, and the opinions set forth in Dr. Allen's new letter focus on after-the-fact hypotheticals that do not affect the carefully considered decision already made by this Court.

### 3. Dr. Allen's General Opinions

If the "newly-discovered" evidence at issue instead consists of Dr. Allen's general personal viewpoints about merit, compensation within U.S. universities, and retention offers within the academic context, those views may have existed before summary judgment but could have been easily ascertained with any measure of diligence, as addressed below.

//

//

//

Page 4 –  DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

**B.**  **DR. ALLEN'S PERSONAL VIEWS COULD HAVE BEEN EASILY EXPLORED DURING DISCOVERY, JUST AS PLAINTIFF EXPLORED THE VIEWS OF OTHER FACULTY WHOSE DEPOSITIONS SHE TOOK.  HER FAILURE TO DEPOSE A KEY COMPARATOR SHOWS THAT SHE DID NOT EXERCISE DUE DILIGENCE**

Evidence is not newly-discovered if it was in the moving party's possession or the moving party could have, with due diligence, discovered and produced the evidence to the court prior to, or at the time of, the hearing. *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985); *United States v. Bransen*, 142 F.2d 232, 235 (9th Cir. 1944) (new evidence can be grounds for a new trial or for relief of judgment only if the moving party has been excusably ignorant of the facts, despite due diligence to learn about them).

Plaintiff argues that Dr. Allen's letter was not in her possession at the time summary judgment was entered and therefore she was unaware of the existence of the information contained therein before or during the time of the summary judgment motion, and asserts that because she did not discover the information contained in Dr. Allen's letter, she was not given the opportunity to educate Dr. Allen on how his declaration would be used in support of defendants' motion. To the extent that plaintiff argues she was unaware, then it was due to a lack of follow-up and due diligence.

Plaintiff could have sought Dr. Allen's opinions about the facts. Plaintiff surely knew of Dr. Allen at the time of summary judgment. He was, after all, one of the male colleague whose compensation fueled her lawsuit. She could have taken his deposition and asked him questions about what he thought about merit and the American system of compensation. She took other faculty members' depositions, but purposefully decided to depose only one of her comparators. There is no evidence that Dr. Allen kept his views hidden from plaintiff. There was ample opportunity for plaintiff to discuss his personal views prior to the Court's judgment. *Wells Fargo Bank, NA v. McCracken,* No. 1:12-cv-00231-PA, 2014 U.S. Dist. LEXIS 81944, at *2 (D. Or. June

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

16, 2014) ("evidence which the moving party could have discovered with due diligence and produced to the court at the time of the hearing is not considered newly discovered evidence").

Plaintiff has not presented any evidence, nor even any statement, indicating her efforts to discover Dr. Allen's opinions before the summary judgment ruling. Plaintiff opted to identify Dr. Allen as one of her four salary comparators. Therefore, to the extent that she now argues that his personal opinions about salary structures are relevant, plaintiff had ample reason to discover his personal opinions very early in the case.

Furthermore, plaintiff was provided with Dr. Allen's declaration in support of defendants' summary judgment motion on November 16, 2018, and was therefore aware of the factual information he provided and which she could discuss with him. (Dkt. 59.) Plaintiff certainly had ample opportunity to consult with Dr. Allen about the way his declaration might be used in support of defendants' motion. *Washington v. Patlis*, 916 F.2d 1036, 1038-39 (5th Cir. 1990) (when plaintiff knew of witness's identity and probable testimony before trial, but did not move for continuance to locate witness, party had "failed to demonstrate due diligence" under Rule 60(b)(2)); *see also Royal Air Properties, Inc. v. Smith,* 333 F.2d 568, 572 (9th Cir. 1964) (holding new trial sought on ground of newly discovered evidence, in the form of a letter which defendant found in his files after second trial, was properly denied for lack of showing of diligence). Instead, plaintiff waited until 17 months after filing, long after the Court ruled on the motion, and after she filed a notice of appeal, and only then raised the question of Dr. Allen's views. Therefore, the information forming the basis of plaintiff's motion could have been discovered through due diligence.

In addition, plaintiff in fact obtained declarations from other faculty members in support of her positions at summary judgment, and those declarations included their views about plaintiff's academic merit, their personal beliefs that she ought to be paid more, and their criticisms of the broader system of academic compensation within which the University of Oregon operates. (Dkts.

Page 6 –   DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM
JUDGMENT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

69 (Dr. Holly Arrow), 70 (Dr. Dare Baldwin), 73 (Dr. Sara Hodges), and 74 (Dr. Louis Moses)). Dr. Allen's views are no different from those of any of the other faculty who supported plaintiff, and this Court has already considered those views.

## C.    THE INFORMATION AT ISSUE WOULD NOT HAVE CHANGED THE OUTCOME AND IS NOT MATERIAL

Relief from judgment is not appropriate unless the newly-discovered evidence is of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003). Even if the information underlying Dr. Allen's letter qualified as new evidence and had been pursued with diligence, neither Dr. Allen's letter nor the opportunity to inform Dr. Allen on how his declaration would be "used" would affect the ultimate outcome of plaintiff's claims.

The contents of Dr. Allen's letter do not raise genuine issues of fact. His work and day-to-day job duties are not comparable or substantially equal to plaintiff's work, nothing in his letter proves or substantiates the claim that defendants intentionally discriminated against plaintiff on the basis of sex, and he provides no evidence of a viable alternative to defendants' retention raise policy.

### 1.    Dr. Allen's Prior Declaration Was Factual in Nature

Dr. Allen's prior declaration provided neutral and factual information, which he specifically maintains was accurate, and defendants made legal arguments in part on the basis of that factual information. (Decl. Allen ¶ 2.) Dr. Allen's personal views on how defendants used the factual information he provided in support of arguments based on legal precedent, or on how the Court analyzed its ultimate impact, are immaterial.

Plaintiff's statutory claims required that she first establish that she was comparing the same jobs, proving that her day-to-day duties were substantially similar or substantially comparable to those of her four proposed comparators. Defendants' motion raised the important question whether plaintiff had met her burden to demonstrate that she could legally compare her day-to-day duties

Page 7 –    DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S
             RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM
             JUDGMENT

and responsibilities to her male colleagues, and whether the Court would accept her theory that all faculty do the same job. This Court used the factual information provided to conclude that Dr. Allen did not perform the same job as plaintiff. His views on compensation and comparable merit are not relevant to that determination, nor would they have impacted the outcome, regardless of when presented.

Plaintiff attempts to use Dr. Allen's new letter to present the same arguments she made in her response in opposition to defendants' summary judgment motion–that all Psychology full professors have the same job duties in maintaining accomplishments in research, teaching, and service. This idea is not new to plaintiff, and "newly discovered evidence relied upon for the Rule 60(b) motion cannot be merely cumulative, rather it must be evidence that actually changes the analysis of the claims presented." *Johnson v. Wiley*, Civil Action No. RWT-05-1865, 2006 US Dist. LEXIS 77562, at *7 (D. Md. June 20, 2006). Plaintiff similarly raised the same arguments during oral argument for the motion for summary judgment. (*See* Tr. of Oral Arg. 37-42). The Court was not deprived of hearing these views, even in the absence of Dr. Allen's new letter.

This Court held that it "would require the broadest of brush strokes to suggest that the work done by each of the professors is simply teaching; the work and the value of that work varies greatly from professor to professor." *Freyd v. Univ. of Oregon,* 384 F. Supp. 3d 1284, 1289 (D. Or. 2019). This Court determined, based on information about the duties of plaintiff's comparators which remains factually accurate, that the jobs were not comparable.

> **2. Dr. Allen's Declaration Was Not Essential to Defendants Meeting Their Burden of Proof. Defendants Provided Information From Multiple Sources and Would Have Met Their Burden on Summary Judgment, and Plaintiff Previously Presented Information of the Same Nature**

Defendants would have met their burden on summary judgment regarding Dr. Allen as a comparator, even if Dr. Allen would not have presented any testimony if he had known how the Court would consider it. (Decl. Allen ¶ 2.)

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Defendants provided information about Dr. Allen's job duties from multiple sources. Dr. Hal Sadofsky provided comprehensive information, including factual statements and specific examples, about Dr. Allen's tenure at the University. (Dkt. 64.) Dr. Phil Fisher's declaration discussed Dr. Allen's transition into the Director of Clinical Training position and the considerable effort and time required to oversee the accreditation responsibility. (Dkt. 62.) Dr. Gordon Hall stated in his declaration that Dr. Allen does work which is "substantially dissimilar from that of other faculty within the department who do not work with as many grants as he does." (Dkt. 61.) David Conover, Vice President for Research and Innovation at the University, outlined specific proposals Dr. Allen completed and was awarded. (Dkt. 58.) Additionally, Dr. Allen's role was detailed within deposition testimony by Dean of the College of Arts and Sciences, Dr. Andrew Marcus (Marcus Tr. 174-178), Department Chair of the Psychology Department, Dr. Ulrich Mayr (Ulrich Tr. Vol. 1, 68-77; Vol. 2, 154, 181-197, 301-305), and Dr. Sadofsky (Sadofsky Tr. 86-87, 95-96). Furthermore, in her response in opposition to defendants' motion for summary judgment, plaintiff herself referenced the duties of Dr. Allen and her other comparators. (Dkt. 68.)

Therefore, although Dr. Allen's prior declaration was factual, and evidence of the same nature about his duties and work responsibilities were provided by numerous other sources. Absent Dr. Allen's prior declaration, defendants would have sufficiently detailed the differentiation in his job duties and would have met their burden at summary judgment.

In addition, plaintiff already had, and took, the opportunity to present information very similar in nature from other colleagues in her extensive response. Similar views were previously articulated by her other colleagues who expressed favorable views about plaintiff's academic merit and spoke of their disappointment that she was not paid more. These views were provided in multiple declarations. (Dkts. 69 (Dr. Holly Arrow), 70 (Dr. Dare Baldwin), 73 (Dr. Sara Hodges), and 74 (Dr. Louis Moses)). The Court considered those views and nevertheless granted summary

Page 9 –  DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

judgment. If Dr. Allen had been an additional declarant saying the same thing, the motion would still have been granted because he speaks now to an immaterial issue.

### 3. There Is No Dispute of Fact Under Title VII, ORS 659A.030, Title IX, and Oregon Equal Rights Amendment

Plaintiff claims that Dr. Allen's new letter creates a dispute of fact under Title VII, ORS 659A.030, Title IX, and the Oregon Equal Rights Amendment. Dr. Allen states that "the system for determining compensation at US Universities is vulnerable to biases, including gender biases that discriminate against female faculty." Plaintiff tries to use Dr. Allen's letter to establish an "inference of intentional bias." Plaintiff went to great efforts to present these same arguments to the Court at summary judgment. She argued extensively that the system is vulnerable to bias. All of this argument was previously presented, it was unsuccessful, and adding Dr. Allen as an additional voice about the same topics does not change the outcome of the Court's careful analysis.

Furthermore, Dr. Allen's new statement represents his views on U.S. universities as a whole. Even it if were true that the University of Oregon's current system is vulnerable to gender biases, being susceptible to bias in the abstract does not mean that this plaintiff is paid inappropriately, and does not amount to intentional discrimination, all of which was briefed and argued extensively at summary judgment.

### 4. Plaintiff Failed to Demonstrate an Acceptable Alternative Practice on Her Impact Claim at Summary Judgment; Dr. Allen's New Declaration Does Not Accomplish That Either

Lastly, plaintiff uses Dr. Allen's letter to re-introduce the same theoretical alternative practice she already presented in her opposition to defendants' motion for summary judgment. Dr. Allen's letter does not propose anything different from the arguments plaintiff already made to the Court, offering only a "system of addressing cases where the external market driven system has produced pay disparities that do not reflect academic merit." (Decl. Allen Ex. 1, p. 3.) Plaintiff herself states that he "suggests a system that is essentially the system that Plaintiff proposed." Plaintiff's system was fully briefed and Dr. Allen's letter does not offer anything different. This

Page 10 – DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Court already addressed plaintiff's alternative and since it is "essentially the system" Dr. Allen proposes, it cannot be used as a basis for relief from judgment. This Court determined that plaintiff:

> does not provide any specific suggestions for how to create a system in which professors would be compensated solely on the basis of their time in rank that would address retention issues, and she does not present evidence that there is an alternate employment practice that would ameliorate the difference in male and female full professor salaries in the Psychology Department while effectuating the University's legitimate business need to negotiate with professors who have received competing offers.

*Freyd,* 384 F. Supp. 3d at 1298.

In the exact same way, Dr. Allen's letter presents no specific suggestions or criteria for implementation. It mirrors the overly general proposal originally presented by plaintiff. Consistent with prior arguments in defendants' reply to plaintiff's opposition to the motion for summary judgment, the plaintiff has to offer a proposal that has been tested and is "'equally effective' as the defendant's chosen policy." (Dkt. 79); *Hardie v. NCAA,* 876 F.3d 312. 323 (9th Cir. 2017). Neither plaintiff nor Dr. Allen put forth an alternative practice that would effectuate the University's legitimate business goal of retaining top talent in its Psychology Department. Moreover, Dr. Allen's new declaration specifically states that the "University ... cannot unilaterally disarm in this system if it wishes to attract and retain strong faculty."

Accordingly, the information forming the basis of plaintiff's motion is not "of such magnitude that production of it earlier would have been likely to change the disposition of the case."

## D.    EVIDENTIARY OBJECTIONS

The new declaration which plaintiff presents is not admissible. Dr. Allen's assertions lack personal knowledge or foundation, are hearsay, inadmissible opinion, speculation, and are conclusory.

//

//

Page 11 – DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S
        RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM
        JUDGMENT

1.  **The Declaration and Letter Do Not Present Facts.  They Are Used to "Explain in More Detail" Dr. Allen's Personal Views**

The views presented are inadmissible opinion evidence, conclusory, and speculation.  Fed. R. Evid. 602; Fed. R. Evid. 701.  Dr. Allen's statements are not supported by any source or citations and his opinions and subsequent conclusions are inadmissible. Dr. Allen reaffirms that his original declaration presented to the Court on summary judgment was factual and truthful. His new declaration and its accompanying letter are argument, and are not the factual testimony of a percipient witness.

2.  **Academic Merit**

Dr. Allen's statements about academic merit and his views on the correct methodology to assess merit lack foundation and are speculative and inadmissible opinion. Fed. R. Evid. 602; Fed. R. Evid. 701. Dr. Allen provides no citation or source in stating that "some factors that were emphasized in the University's case have nothing to do with academic merit per se." (Decl. Allen Ex. 1, p. 1.) Further, he provided his "own view" of what the best method is for determining merit. (Decl. Allen Ex. 1, p. 1.) Declarations composed of opinion evidence do not satisfy Rule 56 and must be disregarded. Therefore, the statements are inadmissible.

3.  **Plaintiff's Achievements and Compensation**

The statements by Dr. Allen evaluating plaintiff's accomplishments and earning capacity similarly lack foundation, are inadmissible opinions of a lay witness, and conclusory. Fed. R. Evid. 602; Fed. R. Evid. 701. Dr. Allen's statements are not supported by any source or citations and his views and ensuing conclusions are inadmissible. Speculation about what plaintiff "should expect to earn" is inadmissible. (Decl. Allen Ex. 1, p. 2.)

4.  **Compensation System in the United States**

Dr. Allen's statements about the structure of compensation in the U.S. academic system lacks foundation and is based on speculation. Fed. R. Evid. 602; Fed. R. Evid. 701. The attempt to reaffirm his prior factual statements and nevertheless explain his hope that the Court would have

Page 12 – DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

considered the information differently is argument. Dr. Allen was not asked to testify about his thoughts on the case or how the evidence should be viewed; that is the Court's role. Dr. Allen was asked to provide truthful and factual information about his role, which he reaffirms that he did.

**5. Defendants Move to Strike Dr. Allen's Declaration and Letter From the Record**

Defendants move to strike Dr. Allen's declaration and letter filed by plaintiff. The letter is inadmissible and should not be considered by this Court or the Ninth Circuit Court of Appeals.

## III.    CONCLUSION

For the foregoing reasons, the University and Hal Sadofsky respectfully request this Court deny plaintiff's request for relief from judgment and strike the Allen Declaration.

DATED this 24th day of September, 2019.

BARRAN LIEBMAN LLP

*s/Paula A. Barran*

By _____

Paula A. Barran, OSB No. 803974
pbarran@barran.com
Shayda Zaerpoor Le, OSB No. 121547
sle@barran.com
Donovan L. Bonner, OSB No. 181929
dbonner@barran.com
Attorneys for Defendants University of Oregon and Hal Sadofsky

Page 13 – DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM
JUDGMENT

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September, 2019, I served the foregoing **DEFENDANTS UNIVERSITY OF OREGON AND HAL SADOFSKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** on the following parties at the following addresses:

Jennifer J. Middleton
Caitlin V. Mitchell
Johnson Johnson Lucas & Middleton, PC
975 Oak Street, Suite 1050
Eugene, OR  97401-3124
jmiddleton@justicelawyers.com
cmitchell@justicelawyers.com
Attorneys for Plaintiff

Whitney Stark
Albies & Stark, LLC
210 SW Morrison Street, Suite 400
Portland, OR  97204-3189
whitney@albiesstark.com
Attorneys for Plaintiff

Stephen F. English
Cody Weston
Nathan R. Morales
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
senglish@perkinscoie.com
cweston@perkinscoie.com
nmorales@perkinscoie.com
Attorneys for Defendant Michael H. Schill

by the following indicated method or methods set forth below:

☒    **Electronic Filing using the Court's ECF System**

☐    **First-class mail, postage prepaid**

☐    **Hand-delivery**

☐    **Overnight courier, delivery prepaid**

☐    **E-mail**

*s/Paula A. Barran*
_____
Paula A. Barran
Shayda Zaerpoor Le
Donovan Bonner

Page 1 – CERTIFICATE OF SERVICE

00806179.2