Jennifer J. Middleton, OSB # 071510
jmiddleton@justicelawyers.com
Caitlin V. Mitchell, OSB # 123964
cmitchell@justicelawyers.com
JOHNSON, JOHNSON, LUCAS & MIDDLETON, PC
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Phone: 541/683-2506
Fax:    541/484-0882

Whitney Stark, OSB # 090350
whitney@albiesstark.com
Albies & Stark, LLC
210 SW Morrison Street, Suite 400
Portland OR 97204-3189
Phone: 503/308-4770
Fax:    503/427-9292

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **JENNIFER JOY FREYD,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNIVERSITY OF OREGON, MICHAEL H. SCHILL and HAL SADOFSKY,**<br><br>Defendants. | Case No. 6:17-CV-00448-MC<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT |

This Court should grant Plaintiff's Motion for Relief from Judgment and should deny Defendants' request to strike Plaintiff's new evidence from the record. Defendants assert that Plaintiff's motion fails because "her arguments continue to mirror the arguments she made on summary judgment." Defendants' Response in Opposition to Plaintiff's Motion for Relief from

1 – Reply in Support of Plaintiff's Motion for Relief from Judgment

Judgment at 2 (ECF 110). The purpose of a Motion for Relief under Rule 60(b)(2) is not to present new arguments or theories, however, but to put forth new evidence. Plaintiff has established that the newly-discovered evidence from Dr. Nicholas Allen existed but was not known to her at the time that judgment was entered, and that it was relevant to an ultimate issue in the case. Fed. R. Civ. P. 60(b)(2).

     Defendants are wrong that Plaintiff failed to demonstrate that her newly-discovered evidence existed at the time of entry of judgment. Dr. Allen has been a Psychology Professor at the University of Oregon and a colleague of Dr. Freyd's since 2014. Decl. of Dr. Nicholas Allen at ¶5 (Doc 59). He is employed by the University, has served on the Department's Executive Committee (which conducts faculty reviews for the purpose of determining merit raises), and has negotiated a retention raise himself. *Id*. Ex. A at 3; Decl. of Whitney Stark, Ex. 6 at 12 (ECF 75-1). Thus, contrary to Defendants' assertions, Plaintiff's evidence – which consists of facts, experiences and observations related to Dr. Allen's own work and accomplishments, Dr. Freyd's work and accomplishments, and the University's system for determining compensation – necessarily existed and was known to Dr. Allen before this Court issued its Judgment on May 2, 2019. *See Kettenbach v. Demoulas*, 901 F. Supp. 486, 494 (D. Mass. 1995) (recorded conversation was "newly discovered" evidence because events that recording purported to describe took place before entry of judgment).

     Defendants are also wrong that Plaintiff failed to establish that the evidence could not reasonably have been discovered prior to entry of judgment. Defendants cite cases in which courts found a lack of diligence where an attorney knew a witness' identity and probable testimony prior to trial but failed to request a continuance, *see Washington v. Patlis*, 916 F.2d 1036, 1038-39 (5th Cir 1990), and where an attorney had misplaced evidence that was already in

2 – Reply in Support of Plaintiff's Motion for Relief from Judgment

his possession, *see Royal Air Properties, Inc. v. Smith*, 333 F.2d 568, 572 (9th Cir. 1964). Here, Plaintiff neither had Dr. Allen's letter in her possession, nor did she have knowledge of the observations and information it contained. Furthermore, she had no reason to believe that Dr. Allen, a witness for Defendants who had submitted a statement in support of Defendants' Motion for Summary Judgment, would have provided the information contained in his declaration and letter.

Nor did reasonable diligence require Plaintiff to depose Dr. Allen. Key disputed issues in the case involve Defendants' decision-making regarding salaries in the Department, including its determination of merit. But when it comes to the question of "substantially equal" work or "work of comparable character," even Department Head Dr. Mayr admitted:

> We all do the same work. Fisher and Allen do not have different job descriptions. There is no institutional mechanism that recognizes the difference of running a grant or being a director. . . . In fact, they get the same raises, so they are really treated the same. They get the same raises in the same way. They cannot be seen as different.

Stark Decl., Ex. 40 (ECF 76). In this context, choosing to depose University decisionmakers about salaries, rather than her comparators, was the prudent and diligent decision.

Dr. Allen's statements are nevertheless relevant to ultimate issues in the case, including whether his work is comparable or substantially equal to Dr. Freyd's work; whether Defendants intentionally discriminated against Dr. Freyd on the basis of sex; whether Defendants' retention raise policy is a "factor other than sex" for purposes of the Equal Pay Act and *former* ORS 652.220 (2017); and whether there is a viable alternative to Defendants' retention raise policy. Defendants objected to this type of testimony in other declarations that Plaintiff offered in support of her Opposition to Defendants' Motion for Summary Judgment. Reply Memorandum in Support of Defendants' University of Oregon and Sadofsky's Motion for Summary Judgment

3 – Reply in Support of Plaintiff's Motion for Relief from Judgment

at 5-9 (ECF 79). This Court did not grant those objections, and it should not grant Defendants' current, identical objections.

Finally, this Court should reject Defendants' motion to strike the newly discovered evidence. This Court no longer has jurisdiction over the case; the Ninth Circuit does. It therefore has no authority to strike evidence. Federal Rule of Civil Procedure 62.1(a)(1)-(3) outlines the only options available to the district court in the context of a timely motion for relief during the pendency of a docketed appeal: it may defer considering the motion, deny the motion, or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id*. The Rule does not provide that this Court may make other rulings or strike evidence from the appellate record, as Defendants request. Moreover, under the local rules, motions "may not be combined with any response, reply, or other pleading." Defendants' request – which is a motion to strike – should be denied for that reason as well. L.R. 7-1(b).

Even if this Court were to reach Defendants' evidentiary objections, those objections fail because Dr. Allen's statements are admissible as lay witness opinion testimony. The statements are helpful to determining a fact in issue, are "not based on scientific, technical, or other specialized knowledge," and are "rationally based on [Dr. Allen's] perception[s]" of his own work, Dr. Freyd's work, and the system by which the University determines compensation, which Dr. Allen has directly observed and experienced. Fed. R. Evid. 701 (stating requirements for lay witness opinion testimony); *see U.S. v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005) (percipient witness testimony requires "sufficient contact" with subject of testimony to achieve a "level of familiarity that renders the lay opinion helpful").

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion for Relief from Judgment.

Dated:  October 8, 2019

By:      s/Jennifer J. Middleton
Jennifer J. Middleton, OSB No. 071510
jmiddleton@justicelawyers.com
Caitlin Mitchell, OSB No. 123964
cmitchell@justicelawyers.com
JOHNSON JOHNSON LUCAS & MIDDLETON, PC
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Phone: 541-683-2506
Fax: 541-484-0882

Whitney Stark, OSB No. 090350
whitney@albiesstark.com.com
210 SW Morrison St., Suite 400
Portland, OR  97204
Telephone: (503)384-2070
Fax: (503)894-5022

*Attorneys for Plaintiffs*

5 – Reply in Support of Plaintiff's Motion for Relief from Judgment