IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JENNIFER JOY FREYD,

        Plaintiff,

    v.

UNIVERSITY OF OREGON, MICHAEL
H. SCHILL and HAL SADOFSKY,

        Defendants.

_____

Case. No. 6:17-cv-00448-MC

OPINION AND ORDER

MCSHANE, Judge:

Months after this Court granted Defendants' motions for summary judgment, Plaintiff

moves for relief from judgment under Federal Rule of Civil Procedure 60(b)(2), arguing that a

letter from Dr. Nicholas Allen constitutes newly discovered evidence. Pl.'s Mot. for Relief 2,

ECF No. 107. Defendants oppose the motion, arguing that Plaintiff fails to establish any of the

elements necessary to prevail on a motion for relief from judgment. Def.'s Resp. in Opp'n to

Pl.'s Mot. for Relief 2, ECF No. 110. Because the content of Dr. Allen's letter could have been

discovered and, in any event, would not have changed the disposition of the case, Plaintiff's

Motion for Relief from Judgment is DENIED.

Rule 60(b)(2) allows a court to relieve a party from judgment when presented with "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To prevail on a motion for relief from judgment, Plaintiff must show that the evidence "(1) existed at the time of the summary judgment motion, '(2) could not have been discovered through due diligence, and (3) was "of such magnitude that production of it earlier would have been likely to change the disposition of the case."'" *W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 777 F. Supp. 1543, 1545 (D. Or. 1991) (quoting *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990)).

Plaintiff argues that although Dr. Allen drafted the letter after the Court granted summary judgment, the content of the letter existed before summary judgment. Pl.'s Mot. for Relief 6. Even assuming that is true, Plaintiff cannot establish the second and third elements necessary to prevail on her motion for relief. Plaintiff could have discovered the content of the letter simply by deposing Dr. Allen. Plaintiff specifically selected Dr. Allen as one of her four comparators yet chose to depose only one of the four. Def.'s Resp. in Opp'n to Pl.'s Mot. for Relief 5. It may be true that Plaintiff had no reason to believe Dr. Allen would provide the specific content in his letter. Still, Plaintiff chose not to depose Dr. Allen, despite the core of Plaintiff's pay equity claims being whether she performed work of "comparable character" or "substantially equal" work to her comparators. *See* ORS § 652.220(1); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073–74 (9th Cir. 1999). Further, if—as Plaintiff now argues—Dr. Allen's views expressed in his letter were significant enough to alter the outcome of the case, such that they now warrant

relief from judgment, it seems odd that Plaintiff chose not to depose Dr. Allen.[1] While selecting which individuals to depose is a matter of strategy, it is a stretch to say that Dr. Allen's opinions from his letter could not have been discovered.

More importantly, Plaintiff's motion for relief from judgment fails because the content of Dr. Allen's letter would not have changed the disposition of the case. Dr. Allen "believe[s] that in terms of academic merit Dr. Freyd's achievements are equal to if not greater than [his] own." Decl. of Nicholas B. Allen 2, ECF No. 109-1. He criticizes the compensation system in U.S. higher education, stating that "very large disparities in pay . . . can occur between individuals at the same level of appointment." *Id.* These opinions, however, have no bearing on the legal standard for pay equity claims.

To prevail on her pay equity claims, Plaintiff needed to demonstrate that her male comparators were paid higher wages for comparable or substantially equal work. *See* ORS § 652.220(1); *Stanley*, 178 F.3d at 1073–74. For this analysis, the pertinent information from Dr. Allen included his day-to-day work duties, which Dr. Allen described in a declaration at the summary judgment stage. *See* Decl. of Nicholas B. Allen, ECF No. 59. In his second declaration, Dr. Allen confirmed that "all the information in [his prior] declaration was factual." Decl. of Nicholas B. Allen 2, ECF No. 109. After reviewing Dr. Allen's work duties in comparison to Plaintiff's, this Court held that Plaintiff and Dr. Allen do not perform comparable or substantially equal work sufficient to establish Plaintiff's pay equity claims. *See* Op. & Order 10–13, ECF No. 93. The opinions Dr. Allen expressed in his letter regarding Plaintiff's academic merit and the compensation system in higher education are not relevant to this determination.

---

[1] The Court must stress that Dr. Allen is not simply one random professor at a large university with hundreds of professors. Rather, Dr. Allen is only one of four alleged comparators specifically chosen by Plaintiff.

Plaintiff also argues that Dr. Allen's letter constitutes new evidence on her claim of disparate impact. This Court held that Plaintiff did not provide sufficient statistical evidence to establish that the University's practice of offering retention raises has a disparate impact on women. Op. & Order 17–18. Dr. Allen's belief that "the system for determining compensation at US Universities is vulnerable to bias," Decl. of Nicholas B. Allen 2, is also not sufficient statistical evidence to establish a claim of disparate impact. Further, Dr. Allen acknowledged that "the University of Oregon cannot unilaterally disarm in this system if it wishes to attract and retain strong faculty." *Id.*

This Court maintains now, as it did in the earlier opinion, that Plaintiff "is a remarkable teacher and a well-respected scholar." Op. & Order 3. No party disputes those facts. Clearly, Dr. Allen supports Plaintiff's academic merit and disfavors the current compensation system in U.S. higher education. However, these sentiments are not relevant to the legal analysis of whether Plaintiff suffered pay discrimination based on gender. Dr. Allen's letter does not change the conclusion that Plaintiff and her four male comparators do not perform substantially similar work and, therefore, it would not have changed the disposition of the case as required to prevail on a motion for relief from judgment.

Because Plaintiff's Motion for Relief from Judgment is denied, the Court moves now to Defendants' requests for an award of fees and costs of $12,587.57. Bill of Costs, ECF Nos. 96, 100. Defendants University of Oregon and Hal Sadofsky seek $7,440.80 for transcripts necessarily obtained for use in the case, $1,252.82 in copying fees, and $20.00 in docket fees. Bill of Costs, ECF No. 96. Defendant Michael Schill seeks recovery of $3,853.95 for transcripts necessarily obtained for use in the case and $20.00 in docket fees. Bill of Costs, ECF No. 100. Plaintiff opposes the motions. Pl.'s Obj. to Defs.' Bill of Costs, ECF No. 102.

Prevailing parties, like Defendants here, are generally entitled to an award of costs under 28 U.S.C. § 1920. Fed. R. Civ. P. 54(d)(1). There is a "presumption in favor of awarding costs to a prevailing party," subject to the court's discretion. *Ass'n of Mexican-American Educ. v. California*, 231 F.3d 572, 591 (9th Cir. 2000). Plaintiff has not overcome the presumption in favor of awarding costs and awarding costs here would not be inequitable nor would it chill potential plaintiffs from bringing civil rights actions in the future.

First, Plaintiff is not indigent. Her annual salary is not so modest that an award here would result in severe injustice. Second, the relatively small sum requested by Defendants would not chill future civil rights litigation. Plaintiff argues that this case is of substantial public importance, similar to *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236 (9th Cir. 2014), where an employee alleged that her employer violated the Family Medical Leave Act (FMLA). However, Plaintiff's claims do not rise to the same level of technical complexity that was present in *Escriba*, where an understanding of expert testimony, workplace policies, and FMLA regulations were key. *Id.* at 1248. Further, in concluding that the case presented issues of substantial public importance, the court relied on a letter written by an Associate Solicitor for the United States Department of Labor, which explained that cases like *Escriba* "establish the parameters of what constitutes sufficient employee notice," which is "particularly important to the public interest." *Id.*

Unlike the plaintiff's claim in *Escriba*, which defined new parameters of employee notice under the FMLA, here, Plaintiff's claims do not establish new standards or parameters of what may constitute employment discrimination. Rather, this case was evaluated under previously defined standards involved in pay equity claims, all of which have been litigated numerous times before. In addition to the core differences between this case and *Escriba*, Plaintiff has not

provided sufficient evidence that an award of a reasonable amount of costs and fees would be inequitable or create a chilling effect on future civil rights actions. The Ninth Circuit explained that the "financial resources of the plaintiff" and the effect of imposing "high costs on losing civil rights plaintiffs of modest means" are considerations a district court should undertake when deciding whether to award costs. *Stanley*, 178 F.3d at 1079–80. But in doing so,

> [A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. . . . *Stanley* only held that, in the rare occasion where severe injustice will result from an award of costs (such as the injustice that would result from an indigent plaintiff's being forced to pay tens of thousands of dollars of her alleged oppressor's legal costs), a district court abuses its discretion by failing to conclude that the presumption has been rebutted. No such injustice will result from the award of $5,310.55 in this case.

*Save Our Valley v. Sound Transit*, 335 F.3d 932, 945–46 (9th Cir. 2003). Here, Plaintiff has not overcome the presumption in favor of an award of costs because Plaintiff is not indigent and the relatively small sum requested by Defendants would not chill future civil rights litigation.

The Court notes Defendants failed to demonstrate that the deposition transcripts of Dr. Srivastava, Dr. Marcus, and Ms. Shipper were "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2); *Arboireau v. Adidas Salomon AG*, No. CV-01-1050-ST, 2002 WL 31466564, at *5 (D. Or. June 14, 2002) (deposition transcript costs not recoverable where defendants failed to demonstrate that the transcripts were used to support the summary judgment motion). For example, Defendant Schill requested a transcript fee for the deposition of Ms. Shipper, yet did not reference or rely on Ms. Shipper's deposition testimony in any of his pleadings. Defendant Schill is entitled to the deposition fees associated with his own deposition and the deposition of Plaintiff, as they are both named parties to the case and both depositions were heavily relied on in Defendant's pleadings. The Court awards Defendant Schill transcript fees of $3,517.15 and $20.00 for a total of $3,537.15.

Similarly, Defendants University of Oregon and Sadofsky did not reference or rely on the deposition testimony of Dr. Srivastava, Dr. Marcus, or Ms. Shipper in any of their pleadings. Because Defendants failed to demonstrate that these deposition transcripts were "necessarily obtained for use in the case," The Court awards them transcript fees of $1,252.82, $5,872.30, and $20.00 for a total of $7,145.12.

Costs are generally allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). The requested costs for copying fees, docket fees, and deposition transcripts, excluding the transcripts of Dr. Srivastava, Dr. Marcus, and Ms. Shipper, are recoverable by the prevailing party. *See* 28 U.S.C. § 1920(2)-(3). The Court awards Defendant Schill $3,537.15 in costs and Defendants University of Oregon and Sadofsky $7,145.12 in costs.

IT IS SO ORDERED.

DATED this 25th day of October, 2019.


_____/s/ Michael McShane_____
Michael McShane
United State District Judge